1  EZEKWESILI ILOPUTAIFE
   NNEKA ILOPUTAIFE
2  1421 FAIRCLIFF STREET
   BEAUMONT, CA 92223
3  (951) 324-3634
   ezetaife@outlook.com
4
   PLAINTIFFS IN PRO PER
5

FILED

2021 AUG 26  PM 12: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

FEE PAID

6              UNITED STATES DISTRICT COURT OF

7              CENTRAL DISTRICT OF CALIFORNIA

8

EDCV21 - 01452 - JWH(AGR)

| | |
|---|---|
| 9  EZEKWESILI ILOPUTAIFE and NNEKA ILOPUTAIFE, <br><br> 10   Plaintiffs, <br><br> 11   vs. <br><br> 12  CITY OF BEAUMONT, a public entity; CHRISTINA <br> 13  TAYLOR, SCOTT R. FAZEKAS, MICHAEL <br> ALMANDINGER, KELLY MCCARTHY, individually; <br> 14  and DOES 1 through 20, inclusive, <br><br> 15   Defendants | Case No.:_____ <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES: <br> 1. CIVIL RIGHTS VIOLATION - <br>    28 U.S.C. Sections 2201 - 2202 <br>    42 U.S.C. Section 1983; <br>    18 U.S.C. 241 - 242 <br> 2. UNRUH CIVIL RIGHTS ACT - <br>    Sections 52 - 52.1 <br> 3. BREACH OF DUTY, INTENTIONAL TORT, NEGLIGENCE; <br><br> JURY TRIAL DEMAND |

16

17                    **INTRODUCTION**

18      This is an action for injunctive relief, declaratory relief, and monetary and punitive

19  damages against the CITY OF BEAUMONT, Officials CHRISTINA TAYLOR, SCOTT R.

20  FAZEKAS, MICHAEL ALMANDINGER, KELLY MCCARTHY, Individually and in their

21  official capacities and DOES 1 through 20 for violations of Plaintiffs' constitutional rights,

22

23  results from the CITY OF BEAUMONT officials indiscriminate abuse of authority.

24      Such Defendants' practices of indiscriminate abuse of city ordinances and authority

25  violate these Plaintiffs' rights that are secured by the Fourteenth Amendment to the United States

26  Constitution and entitles Plaintiff to recover damages under Federal Civil Rights Act (42 U.S.C.

27  Section 1983).

28  **PG. 1**  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

The crux of this complaint results from application of the CITY OF BEAUMONT's policies, practices, and customs concerning indiscriminate code violation citation with unwarranted fines, harassment, and undue claim against the real property known as 1421 FAIRCLIFF STREET, BEAUMONT, CA 92223 (hereinafter described as "SUBJECT PROPERTY") which is also known as APN #421-730-082-9, with a legal description as follows: Lot 33, of Tract No. 31521-2, in the City of Beaumont, County of Riverside, State of California, as shown on a map recorded in Book 398, Pages 1 through 8 inclusive of maps, on file in the office of the office of the county of said county.

At all times herein mentioned, Plaintiffs EZEKWESILI ILOPUTAIFE and NNEKA ILOPUTAIFE were and are citizens of the United States of America, residents of the CITY OF BEAUMONT, County of Riverside, State of California, with joint interest in the SUBJECT PROPERTY primarily owned by NNEKA which constitutes the basis of this instant action.

## JURISDICTION

This action is brought pursuant to 28 U.S.C. § 2201 – § 2202 and 42 U.S.C. §1983 and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331; §2201; §2202, and the statutory and constitutional provisions. Under 28 USC § 1367(a) the Court has supplemental jurisdiction over the state claims alleged herein.

## PARTIES

1.      Plaintiff Mr. EZEKWESILI I. ILOPUTAIFE (hereinafter, "EZE") at all material times here was a citizen of the United States of America and a legally married resident of the State of California who was subjected to oppression and intimidation as is prohibited under Title

**PG. 2** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

18, U.S.C., §241 and Title 18, U.S.C., §242 while in violation of his Fourteenth Amendment Rights.

2.      Plaintiff MRS. NNEKA I. ILOPUTAIFE (hereinafter, "NNEKA") at all material times here was a citizen of the United States of America and a resident of the State of California and legal owner of the SUBJECT PROPERTY while legally married to EZE. NNEKA was subjected to oppression and intimidation as is prohibited under Title 18, U.S.C., §241 and Title 18, U.S.C., §242 while in violation of her Fourteenth Amendment Rights.

3.      Defendant KELLY MCCARTHY (hereinafter, "Ms. MCCARTHY"), is and at all material times referred to here, was Code Enforcement Officer with the CITY OF BEAUMONT (the "CITY" or "BEAUMONT") and Beaumont Community Development Department. She is sued in both her individual and official capacity.

4.      Defendant MICHAEL ALMANDINGER (hereinafter, "Mr. ALMANDINGER") is and at all material times referred to here, Building Inspector with the CITY and Beaumont Community Development Department. He is sued in both his individual and official capacity.

5.      Defendant SCOTT R. FAZEKAS (hereinafter, "Mr. FAZEKAS") is and at all material times referred to here, Building Official with the CITY and Beaumont Community Development Department. He is sued in both his individual and official capacity.

6.      Defendant CHRISTINA TAYLOR (hereinafter, "Ms. TAYLOR"), is and at all material times referred to here, was Community Development Director for the CITY and Beaumont Community Development Department. She is sued in both her individual and official capacity.

7.      At all material times mentioned here each of the Defendants Ms. MCCARTHY, Mr. ALMANDINGER, Mr. FAZEKAS, Ms. TAYLOR and DOES 1-20 was acting under the

**PG. 3**  COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, the CITY OF BEAUMONT and/or the Beaumont Community Development Department.

8.     Defendant BEAUMONT is, and at all material times referred to here was a division of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of types of wrongs complained of here, which wrongs damaged EZE and NNEKA. Plaintiffs' allegations against BEAUMONT are based on acts and omissions of the CITY and the Beaumont Community Development Department and on acts and omissions of persons who are BEAUMONT employees, and on the CITY's breach of its duty to protect EZE and NNEKA from the wrongful conduct of these persons and employees.

9.     DOE Defendants 1 through 20 also maintained or permitted official policy or custom of causing or permitting the occurrence of the types of wrongs complained of here, which wrongs damaged EZE and NNEKA.

### FACTUAL BRIEF

10.     This is a civil rights action for injunctive relief, declaratory relief and for damages against the CITY OF BEAUMONT and the Beaumont Community Development Department and Defendants CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER, KELLY MCCARTHY on account of their practice of unrestrained and autocratic use of authority in their indiscriminate and unwarranted citations against the SUBJECT PROPERTY interests of NNEKA and EZE. The practice includes Ms. TAYLOR acting in concert with Mr. FAZEKAS, Mr. ALMANDINGER, and DOE 11 in their official capacities, approve Building Addition Plan with Permit; insistently direct and approve the construction; arbitrarily repudiate

**PG. 4** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

same approved construction a year later, and then issued unwarranted citations with fines and Debt Collection Fees amounting $76,060.00. Ms. TAYLOR denied Plaintiffs rights to procedural and substantive due process while the City employed the services of debt collectors to terrify NNEKA to the point that her marriage to EZE and the family general wellbeing was tormented by the persistent barrage of daily intimidating debt collection letters for daily sums of $1,300.00.

11.     Ms. TAYLOR eventually organized a prejudiced administrative hearing panel who did her entire biding by incorporating a falsified STAFF REPORT in their DECISION after an obviously biased virtual hearing. The CITY further charged NNEKA and EZE the sum of $1,945.98 for their right to appeal and insisted on the payment before granting Plaintiffs right to appeal to the CITY COUNCIL. The five-member CITY COUNCIL arbitrarily affirmed the administrative hearing panel's DECISION at the face of glaring irregularities and prejudice. Consequently, actions of every one of the Defendants under these circumstances was despicable, unlawful, malicious, oppressive and with a deliberate indifference to Plaintiffs' rights, justifying the imposition of punitive damages against all individual Defendants.

12.     The adopted CITY COUNCIL Resolution No. 2021-42, CITY OF BEAUMONT condones the actions or custom or practice causing or permitting the occurrence of types of wrongs complained of here, which wrongs damaged EZE and NNEKA and will further devastate the Plaintiffs' family without a quick intervention of the Court.

### FACTUAL ANALYSIS

13.     On or about December 26, 2016, Defendant Mr. FAZEKAS and DOE 1-10 approved a set of building plan for structural addition of 2,780 square feet to the SUBJECT

**PG. 5** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

PROPERTY. Whereas, on May 1, 2017, Building Permit No. BP2017-00691 ("the PERMIT") was issued to EZE by the CITY. **(Exhibit "A")**

14.    From inception of construction, Defendant Mr. ALMANDINGER continued a habit he exhibited in a previous project which is inspecting and verbally approving progression of project without checking-off the signature and date lines on JOB CARD. **(Exhibit "B")**

15.    At an advanced stage of construction, EZE noticed that the Edison high-tension electric wire line is dangerously close to the open second-story terrace. On or about July 19, 2018, EZE intimated Mr. ALMANDINGER of his fear of radiation and suggested putting a cover to minimize possible radiation effect from the high-tension wires. Mr. ALMANDINGER advised EZE that he will have to provide approved plan or get a variance from Ms. TAYLOR.

16.    On or about August 15, 2018, Mr. ALMANDINGER brought DOE 11 to verify the construction of approved engineered Detail 29 plan as he, Mr. ALMANDINGER had imposed on EZE in disregard of a discrepancy with the approved architectural rendering which he explained was not engineered **(Exhibit "C")**.  DOE 11 also helped Mr. ALMANDINGER in the framing and shea-wall nailing inspections. By then, EZE had added a deck over the patio as discussed with Mr. ALMANDINGER earlier. Mr. ALMANDINGER and DOE 11 finished their inspections and approved the work on two sections to advance to the next stage. They further advised EZE to get patio deck approved plan or get a variance. Otherwise, EZE will have to remove the patio deck.

17.    Considering the pending issue with the patio deck and the inspector's unorthodox habit with the JOB CARD, EZE insisted for a written instruction from Mr. ALMANDINGER and DOE 11. Mr. ALMANDINGER and DOE 11 cosigned their noted instruction on the back of the JOB CARD. **(Exhibit "D")**

**PG. 6**  COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

**18.**     For over a year, EZE sought the attention of Defendant Ms. TAYLOR (the CITY Community Development Director) to present his concern and request for variance of which Mr. ALMANDINGER said to EZE that Ms. TAYLOR already had a hint. EZE was ignored by Ms. TAYLOR until EZE had to go through the city mayor to arrange for a meeting around August 16, 2019. The request for a variance was being denied at the meeting when EZE then requested for a physical observation of his concern on site by high-level City Official delegation visit, peradventure that could cause them to reconsider before a final decision. That is because the CITY should have known of the potential danger before approving the building plan.

**19.**     On September 4, 2019, defendants Mr. FAZEKAS, Mr. ALMANDINGER, and DOE 11 visited the project site which also is plaintiffs' family home. Mr. FAZEKAS walked through the home project without discussing the issue with Plaintiff EZE who also was doing the construction. When EZE, as the builder asked Mr. FAZEKAS to discuss why the CITY was invited to the site; Mr. FAZEKAS refused and said that his "boss" will discuss with EZE after he, Mr. FAZEKAS submits his report.

**20.**     Instead, on September 10, 2019, EZE received a letter from Mr. FAZEKAS citing three areas of the project he concluded needs to be addressed. He negligently included an area already inspected and approved by Mr. ALMANDINGER and DOE 11 since August 15, 2018.

**21.**     On September 11, 2019, EZE replied to Mr. FAZEKAS' letter in which EZE tried to clarify the topics and requested for an on-site discussion of the topics in question. Mr. FAZEKAS ignored EZE's reply to his letter and every good-faith effort by EZE while the CITY refused an open review of the CITY own inspection reports. **(Exhibit "E1 and E2")**

**22.**     Plaintiffs allege that Defendant TAYLOR assigned FAZEKAS to respond to the SUBJECT PROPERTY because of possible liability issues arising from the building plan

**PG. 7**  COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

approved by Mr. FAZEKAS as an independent contractor to the CITY without proper

consideration of the high-tension wires in proximity to the SUBJECT PROPERTY. Mr.

FAZEKAS thereby attempts a coverup by repudiating already approved construction and

requested a plan resubmittal from Plaintiffs with opportunity for Mr. FAZEKAS and City to

correct the mistake made on setback and avoid granting the variance the Plaintiffs were seeking

and dodge liability that may arise from such blunder.

     **23.**    On or about September 16, 2019, EZE finished the correction on the stair rise/run

that was called for on Mr. FAZEKAS' September 4, 2019, letter and called the CITY for

inspection. Without a LEGAL NOTICE to STOP WORK The CITY negligently ignored that

inspection call and several more calls for inspection made by EZE. After unnecessary delay, EZE

continued the construction to avoid destructive effects of weather elements.

     **24.**    On or about March 18, 2020, EZE received a letter from the CITY signed by

building official, Pedro Rico ("Mr. Rico") advising EZE that the permit issued for the SUBJECT

PROPERTY has expired. The letter further advised EZE to notify the Building Department

immediately to resolve the issue. EZE called Mr. Rico several times with no headway. On April

17, 2020, EZE replied to the CITY letter accordingly. This was happening at the height of the

epidemic, and the CITY offices were closed to the public. **(Exhibit "F1" and "F2")**

     **25.**    On or about March 19, 2020, Defendant Ms. MCCARTHY posted a "Courtesy

Notice" consisting of nine bogus issues that never existed at the SUBJECT PROPERTY. Fearing

a brooding plot and recognizing Ms. MCCARTHY's modus operandi by experience, Plaintiff

EZE immediately contacted the CITY for explanation. Mr. Jack Huntsman ("Mr. Huntsman")

from the CITY Code Enforcement Department responded at the SUBJECT PROPERTY and

found no issues. Mr. Huntsman took pictures with the consent of EZE and left. As a result of that

**PG. 8**  COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

visit by Mr. Huntsman, the reinspection notice in the Courtesy Notice for "around March 27, 2020", never happened. The Courtesy Notice was based on 4 Code Enforcement pictures with date/time stamps of 03/11/2020, 09:07 & 09:08 of the Plaintiffs' home **(Exhibit "G1" and G2")**

26.    Defendant Ms. MCCARTHY posted Citation No. C6000186 for $100.00 fine, on July 30, 2020, Citation No. N6000250 zero fine on December 29, 2020, and January 7, 2021, and Citation No. C6000257 for $200.00 fine in that order at the SUBJECT PROPERTY. Plaintiff NNEKA requested timely administrative review of all the Citations without a single response from the CITY. Instead, the citations progressed to a daily Citation of $1,000.00. All the Citations were based on same set of photographs with date stamps of 03/11/2020 that was submitted in evidence by Ms. TAYLOR for the PANEL Hearing. **(Exhibit "H1" and "H2")**

27.    At all material times mentioned here, there was no cessation of work at the SUBJECT PROPERTY. The PERMIT was legally valid per CITY regulation cite by CITY official Mr. Pedro Rico in his March 18, 2020, letter to EZE. The CITY PERMIT did not provide timeline for the project. Therefore, the Plaintiffs also allege that Defendants CITY negligently and maliciously ignored every and all calls for inspection services made by Plaintiff EZE.

28.    On or about March 17, 2021, Plaintiff NNEKA started receiving threatening debt collection letters from INNOVATIVE COLLECTION SERVICES for the CITY Citations without any due process. The threatening letters identified the CITY as their client. The first debt collection letter was for $260.00 while the subsequent daily collection letters was for $1,300.00. The daily threatening letters did not stop despite several dispute responses by NNEKA which included notice of cease and desist and undue harassment. **(Exhibit "J1" and "J2")**

29.    On February 26, 2021, Defendant Ms. MCCARTHY issued a LAEGAL NOTICE to STOP WORK IMMEDIATELY at the SUBJECT PROPERTY, while the CITY continued to

**PG. 9** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

deny the Plaintiffs procedural due process which is guaranteed by the Fourteenth Amendment. There was never a LEGAL NOTICE to STOP WORK issued by the CITY before February 26, 2021. Defendants Ms. TAYLOR and Mr. FAZEKAS ignored Plaintiff EZE's numerous requests for a review of Mr. FAZEKAS letter of September 10, 2019. Therefore, the City was obligated when called upon for inspection, to inspect works done. More especially obligated to inspect works done in areas not specified in Mr. FAZEKAS letter. City refusal or failure to perform such inspections amounts to dereliction of duty.

30.     On February 26, 2021, Plaintiff EZE sent an Urgent Request for Hearing ("URGENT HEARING") to the CITY Manager. On March 3, 2019, EZE made status inquiry call to the CITY Manager's office. EZE was informed that the request letter was forwarded to Ms. TAYLOR for process. On March 7, 2021, after a long unfruitful wait, EZE forwarded the URGENT HEARING request to Ms. TAYLOR and the CITY Deputy Clerk Ms. Nicole Wheelwright ("NICOLE"). Ms. TAYLOR still ignored that URGENT HEARING request and even refused to discuss it. **(Exhibit "K1" and "K2")**

31.     On April 5, 2021, EZE sent a second Request for Hearing addressed to the CITY Planning Commission and sent copies each to the CITY Clerk Mr. Steven Mehlman, NICOLE, and the five Beaumont Planning Commissioners. **(Exhibit "L")**

32.     On April 14, 2021, Ms. TAYLOR scheduled a virtual hearing before a three-person hearing panel for April 22, 2021, at 9am. The CITY has a nine-member Administrative Hearing Board. Ms. TAYLOR was so particular of her choice of the Three-Person Panel ("the PANEL"). Much so that she postponed the hearing at the very last minute to May 6, 2021. That was 14 days to allow for a member of her choice-panel to get well. She postponed the hearing despite six other CITY appointed candidates on standby and without prior knowledge of the

**PG. 10** COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

Plaintiffs.  Ms.  TAYLOR insisted on a virtual hearing and would not consider in-person hearing even while State of California already opened-up for business. **(Exhibit "M")**

33.    The hearing PANEL literally incorporated a CITY false "Staff Report" without any corroborating evidence in their DECISION of May 25, 2021, without the least consideration for Plaintiffs' crucial testimony. The PANEL head person was so biased that she could be observed on video interacting with Ms. TAYLOR during the hearing with their audio cut-off only from the Plaintiffs. Afterwards, the panel head said "***You've gotta keep 'em all straight, that's for sure***" in reference to the Plaintiffs who are African-Americans. **(Exhibit "N")**

34.    On June 7, 2021, Plaintiffs NNEKA and EZE filed Notice of Appeal to CITY COUNCIL ("COUNCIL") with the CITY Clerk's office. On July 1, 2021, NICOLE emailed an invoice for $1,945.98 to Plaintiffs and wrote "Once payment is received, I can send an official notice of appeal hearing to you". On July 2, 2021, Plaintiff EZE made cash payment to the CITY after NICOLE refused to process the appeal without payment. **(Exhibit "O1" and "O2")**

35.    On July 6, 2021, Plaintiffs received emailed Notice of Appeal Hearing for July 20, 2021, from NICOLE with specific procedural instructions as follows: "Written comments will be accepted via email and will be read aloud during the corresponding item of the meeting. Public comments shall not exceed three (3) minutes unless otherwise authorized by City Council. Comments can be submitted anytime prior to the meeting as well as during the meeting up until the end of the corresponding item. Please submit your comments to: nicolew@beaumontca.gov".

36.    On July 16, 2021, Plaintiffs NNEKA and EZE submitted their Testimony in form of legal pleading to NICOLE accordingly. On July 19, 2021, NICOLE sent the CITY Staff responses to EZE by email, writing as follows: "The attached responses from staff were sent to City Council. I was asked to include you as a recipient as well". **(Exhibit "P1"; "P2" and "P3")**

**PG. 11** COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

**37.**    On July 20, 2021, at 6:00 p.m., the Appeal Hearing was held at the CITY COUNCIL Chambers. Plaintiffs were taken unawares by the whole procedure as none of the already submitted evidence was made available and Plaintiffs were not prepared to deliver more than three (3) minutes statements. Meanwhile, the CITY Staff, Ms. TAYLOR came prepared and read the exact made-up CITY Staff Report that was incorporated in the PANEL DECISION. She distributed the SUBJECT PROPERTY Title to everyone in the audience and announced that the CITY has attached a Lien on the SUBJECT PROPERTY. None of the already submitted evidence for the Appeal Hearing was considered while the Plaintiffs were subjected to serious intimidation tactics by the CITY COUNCIL with the CITY Attorney present. **(Exhibit "Q")**

**38.**    Whereas, the CITY had attorney present, the Plaintiffs had none. On August 3, 2021, COUNCIL adopted the DECISION which basically is an elaborated version of the made-up CITY Staff Report. THE COUNCIL further included fines consisting of Citation Fines and Debt Collection Fees of $76,060.00, Attorney Fees of $10,707.60, and CITY Staff Costs of $17,116.05; for a total of $103,883.65 **(Exhibit "R")**. Nothing about the paid $1,945.98. All amounting to corrupt, unjust, and excessive fines in defiance of the Eight Amendment.

**39.**    Plaintiffs further allege administrative malpractice and corruption on the part of Defendants to have denied Plaintiffs of their rights to Administrative Review while continued to issue Citations against the SUBJECT PROPERTY for the same alleged violations they are being denied Due Process, and further assess Fines and Debt Collection Fees, Attorney Fees, and CITY Staff Costs and demand payment for the period for which Defendants denied Plaintiffs of their secured rights and collected $1,945.85 from Plaintiffs for their right to be heard on appeal.

**40.**    Defendant Ms. MCCARTHY has an established pattern of issuing unwarranted citations against Plaintiffs' interests, and she is privy to all BEAUMONT citations ever issued

**PG. 12** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

against Plaintiff EZE's interests in the over 21 years EZE has lived in the City of Beaumont.

Plaintiff EZE has never been found culpable in any one of BEAUMONT Citations. There has

been a CITY initiated out-of-court settlement in one instance and the CITY had retracted all the

other Citations for lack of evidence.

41.　　Plaintiffs also contends and thereupon allege that Defendants FAZEKAS and

DOES 1 – 10 as experienced building professionals with ample opportunity for a proper plan-

check; did negligently and or maliciously approved the building-plan for the addition to the

SUBJECT PROPERTY despite the discrepancy between the approved architectural rendering

and the engineered Detail 29 in page SD2; and are negligent of required set-back in proximity to

the Southern California high-tension wires against possible radioactivity danger.

42.　　Plaintiffs are informed and believe and thereupon allege that Defendant

ALMANDINGER negligently directed and insisted that EZE strictly abide by the approved

Detail 29 engineered plan in the construction, after which Defendant ALMANDINGER joined

with DOE 11 to approve two out of three sections of the construction on August 15, 2018.

43.　　Plaintiffs are informed and believe and thereupon allege that Defendants

TAYLOR, FAZEKAS, ALMANDINGER, MCCARTHY, and DOE 11 conspired to repudiate

the CITY far too long approved work while denying Plaintiffs procedural due process and equal

protection in refusing to grant Plaintiffs' request for a variance to protect their family against

possible danger from radioactivity. The Defendants has further executed a conspiracy aimed at

depriving Plaintiffs' right to their most precious property as is secured by the Fourteenth

Amendment of the Constitution of the United State of America.

44.　　Plaintiffs are informed and believe and thereupon allege that Defendants

TAYLOR, FAZEKAS, ALMANDINGER, MCCARTHY, and DOES 1 – 20 has conspired, and

**PG. 13** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

continues to conspire to hide and distort the true facts concerning the issues of this complaint. This conspiracy is furthered by Defendants TAYLOR, FAZEKAS, ALMANDINGER, MCCARTHY, and DOES 1 – 20 in preparing false and misleading reports, as well as providing false and misleading statements concerning the true nature of their interactions with Plaintiffs.

45.    Defendants CITY, TAYLOR, FAZEKAS, ALMANDINGER, MCCARTHY and DOES 1 – 10 are personally and collectively responsible for the promulgation and continuation of illegal policies, practices, and customs pursuant to which Plaintiffs are being subjected despite a well-established CITY employee pattern of malfeasance against Plaintiff EZE.

46.    As a result of being subjected to the malfeasance and cruelty complained of here, Plaintiffs suffered physical, mental, and emotional distress, the loss of enjoyment of life, and a violation of due process of law and state and federal statutory and constitutional rights all in an amount to be determined according to proof at trial. In addition, Plaintiffs are entitled to recover at a minimum of $4,000 as specified in California Civil Code § 52 and § 52.1(b).

**FIRST CAUSE OF ACTION**
DECLARATORY RELIEF
(As Against All Defendants)

47.    Plaintiffs re-allege and hereby incorporate here the preceding paragraphs of this complaint, to the extent, as if fully set forth.

48.    Consequently, an actual conflict has arisen and now exists between Plaintiff and Defendants and each one of them concerning the following matters relative to their respective rights and duties in that:

a.    Plaintiffs contends that the SUBJECT PROPERTY building plan was approved and duly permitted after a meticulous professional plan check by the CITY and the construction of the

**PG. 14**  COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

area in conflict was done according to and by the insistent directive and approval of CITY

building inspectors which therefore makes the CITY liable for any consequential damages.

**b.**     The BASES for DECISION by the PANEL is unfounded and Council Resolution No.

2021-42 affirming such DECISION is biased and infringes on Plaintiffs' rights to property

enjoyment and is based on apparent false premises framed by Defendants; meant to coverup

Defendants' arbitrary and abusive conduct that shocks the conscience.

**c.**     The SUBJECT PROPERTY is not and has never been a public nuisance. Instead, it has

been a highly impressive property, as is obvious from all photographs the Defendants has ever

produced all through the process. This has been a ploy to get back at Plaintiffs for daring and

always successful in fighting for their constitutionally protected rights against biased Defendants.

These attached photographs depict the present appearance of the SUBJECT PROPERTY since

the CITY issued a LEGAL STOP WORK ORDER on February 26, 2021. **(Exhibit "T")**.

**d.**     These Defendants' lack adherence to the provisions of the Fourteenth Amendment of the

Constitution of United States of America and are engaged in oppression and intimidation as is

prohibited under Title 18, U.S.C., §241 and §242 while in reckless abuse of BEAUMONT

Municipal Code sections 8.32.060 and 8.32.070 aimed at depriving Defendants right to property.

**SECOND CAUSE OF ACTION**
(Violation of Fourteenth Amendment to the U. S. Constitution on behalf of
Plaintiffs against all Defendants)

**49.**     Plaintiffs re-allege and hereby incorporate here the preceding paragraphs of this

complaint, to the extent, as if fully set forth.

**50.**     Defendants' policies, practices, and customs regarding the pattern of malfeasance

complained of here violates Plaintiffs' rights, under the Fourteenth Amendment rights to

**PG. 15** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

procedural due process and equal protection of the laws; and directly and proximately damaged

Plaintiffs as alleged here, all in an amount to be determined according to proof at trial. Moreover,

Plaintiffs are entitled to recover damages for these constitutional violations pursuant to 42 U.S.C.

Section 1983 all in an amount to be determined according to proof at trial.

### THIRD CAUSE OF ACTION
(California State Unruh Civil Rights Act, Civil Code § 52 and § 52.1, Case on behalf of
Plaintiffs against all Defendants)

**51.**     Plaintiffs re-allege and hereby incorporate here the preceding paragraphs of this

complaint, to the extent relevant, as if fully set forth.

**52.**     Defendants' policies, practices, and customs regarding the arbitrary abusive

conduct that interferes with the Plaintiffs' rights to enjoy life, acquire, possess, and protect

property, and pursuing and obtaining happiness as secured by Article I, Section 1 of the

California Constitution and directly and proximately damaged Plaintiff, as alleged here in an

amount to be determined according to proof at trial. Moreover, Plaintiffs are entitled to recover a

minimum of $4,000 for each violation pursuant to California Civil Code § 52.1 and § 52, in

addition to other damages.

### FOURTH CAUSE OF ACTION
(Violation of Title 18, U.S.C., § 241, § 242, Civil Code § 52 and § 52.1, Case on behalf
of Plaintiffs against all Defendants)

**53.**     Plaintiffs re-allege and hereby incorporate here the preceding

paragraphs of this complaint, to the extent relevant, as if fully set forth.

**54.**     Defendants' policies, practices, and customs regarding arbitrary engagement in

reckless abuse of BEAUMONT Municipal Ordinances, including Code sections 8.32.060,

**PG. 16** COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

8.32.070, and by engaging Debt Collection Agency to harass, oppress, and intimidate Plaintiffs in violation of Title 18 U.S.C., §241 and Title 18, U.S.C., §242 are conducts that shocks the conscience which directly and proximately damaged Plaintiffs in an amount to be determined according to proof at trial. In addition, Plaintiffs are entitled to recover a minimum damage of $4,000 each pursuant to California Civil Code §§ 52.1 and 52, in addition to other damages.

## FIFTH CAUSE OF ACTION
(Breach of Duty, Intentional Tort, Negligence on behalf of Plaintiffs against all Defendants)

**55.**     Plaintiffs re-allege and hereby incorporate here the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

**56.**     Defendants Ms. TAYLOR, Mr. ALMANDINGER, Mr. FAZEKAS, Ms. MCCARTHY, and DOES 1-20 were acting under the color of law, as officials of the CITY and in their personal professional capacities in the arbitrary and intentional repudiation of already approved construction which they Permitted and directed. Defendants acted with malice in disavowing their actions a year and much advanced construction stages later, and are negligent in refusing to continue to perform their duty to inspect construction. Instead, the Defendants resorted to fabricate violations and fine Plaintiffs **$76,060.00** and send debt collectors after the Plaintiffs. Defendants further compiled a false report and assessed staff costs of **$17,116.05** and attorneys' fees of **$10,707.60** for a total sum of **$103,883.65**, after having required a payment of **$1,945.98** from Plaintiffs for their rights to appeal to the CITY COUNCIL.

**57.**     As a legal result of the violations of statutes and civil rights, Plaintiffs suffered and continues to suffer severe emotional trauma due to the collective autocratic exploits of the Defendants, Plaintiffs has suffered and continue to suffer severe emotional trauma.

**PG. 17** COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

**1.**      For declaratory and injunctive relief declaring illegal Defendants' policies, practices, and customs of reckless abuse of Beaumont Municipal Ordinances such as the abusive enforcement of Code sections 8.32.060 and 8.32.070 used to oppress, intimidate, and harass by the employment of debt collection agency without procedural due process; and enjoin preliminarily and permanently, BEAUMONT Resolution No. 2021-42 which is based on apparent false premises framed by Defendants and meant to oppress Plaintiffs and to coverup Defendants' arbitrary and abusive conduct that shocks the conscience;

**2.**      For compensatory, general, and special damages for Plaintiffs, as against all Defendants in an amount to be determined according to proof at trial;

**3.**      For exemplary damages as against each of the individual Defendants in an amount sufficient to deter and make an example of all Defendants, in an amount to be determined according to proof at trial;

**4.**      In addition to compensatory and statutory damages as allowed by law, at least $4,000 for each plaintiff pursuant to California Civil Code § 52.1 and § 52 for each violation thereof;

**5.**      Attorneys' fees and costs under 42. U.S.C. § 1988, California Civil Code § 52(b)(3), California Civil Code §52.1(h), California Code of Civil Procedure § 1021.5 and; and

**6.**      The cost of this suit and such other relief as the court finds just and proper.

///

///

///

//

**PG. 18**  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES

Dated this 26th of August 2021.

Ezekwesili Iloputaife,
in pro per and for Nneka Iloputaife

## VERIFICATION

CASE NO. _____

I, Ezekwesili Iloputaife, declare and say:

I am the Plaintiff in this action. I have personal knowledge of the facts thereof set forth. If called as a witness, I could and would testify competently thereto. I am familiar with the records and files described in and the subject of this Complaint, and know the facts set forth in the Complaint to be true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2021, at Beaumont, California.

Ezekwesili Iloputaife                          Nneka Iloputaife

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated this 26th of August 2021.

Ezekwesili Iloputaife,
in pro per and for Nneka Iloputaife

**PG. 19**  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES