FILED

1    EZEKWESILI ILOPUTAIFE
     NNEKA ILOPUTAIFE
2    1421 FAIRCLIFF STREET
     BEAUMONT, CA 92223               2021 AUG 26  PM 12: 37
3    (951) 324-3634
     ezetaife@outlook.com            CLERK U.S. DISTRICT COURT
4                                    CENTRAL DIST. OF CALIF.
     PLAINTIFFS IN PRO PER                  RIVERSIDE
5                                    BY:
                   UNITED STATES DISTRICT COURT OF
6
                   CENTRAL DISTRICT OF CALIFORNIA
7

8              EDCV 21 - 01452 - JWH(AGR)

9    EZEKWESILI ILOPUTAIFE and NNEKA        Case No.: _____
10   ILOPUTAIFE,
                   Plaintiffs,
11
                   vs.
12                                          EXHIBITS A - T
     CITY OF BEAUMONT, a public entity; CHRISTINA
13   TAYLOR, SCOTT R. FAZEKAS, MICHAEL
14   ALMANDINGER, KELLY MCCARTHY, individually;
     and DOES 1 through 20, inclusive,
15                 Defendants
16

17

18

19

20

21

22

23

24

25

26

27

28   EXHIBITS

# Exhibit "A"

INDEX
A-1 PROJECT DATA SITE PLAN, FRAMING PLANS, AXONOMETRIC VIEWS
A-2 FLOOR PLANS
A-3 BUILDING ELEVATIONS AND SECTIONS
A-4 DETAILS, MECHANICAL, ELECTRICAL AND PLUMBING
A-5 INTERIOR ELEVATIONS, KEYNOTES AND GENERAL NOTES; ADDENDA
GS-1
GS-2
S1.0
S2.0
S3.0
SD.01
SD.02
SD.03
SSW1
SSW2
T24-1
T24-2
VICINITY MAP
NOT TO SCALE
KEY PLAN
NOT TO SCALE
PROJECT DATA
TOTAL ADDITION UNDER T.I. EXCLUDING TERRACES (1283 S.F.) 2780 S.F.
LOWER FLOOR ADDITION EXCLUDING TERRACE (538 S.F.) 1390 S.F.
UPPER FLOOR ADDITION EXCLUDING TERRACE (745 S.F.) 1390 S.F.
GENERAL
LEGAL JURISDICTION CITY OF BEAUMONT, CA
BUILDING CODES 2013 CALIFORNIA BUILDING CODE 2013 CALIFORNIA RESIDENTIAL CODE
OCCUPANCY R-3
TYPES OF CONST V-B
AREA UNDER R-3 4038 S.F.
TAIF KINGSLEY ARCHITECTURE
RESIDENTIAL SINGLE FAMILY HOME
HOME IMPROVEMENT TWO STORY ADDITION
1421 FAIRCLIFF STREET
FOR: EZEKWESILI & NNEKA ILOPUTAIFE
INDEX
PROJECT DATA
SITE PLAN
FRAMING PLANS
A-1
BUILDING DEPARTMENT
CITY OF BEAUMONT
PERMIT NO BP2017-00691
APPROVED
SUBJECT TO THE FOLLOWING CONDITIONS
THIS SET OF PLANS AND SPECIFICATIONS MUST BE KEPT ON THE JOB AT ALL TIMES AND IS UNLAWFUL TO MAKE ANY CHANGES OR ALTERATIONS ON SAME WITHOUT WRITTEN PERMISSION FROM THE BUILDING DEPARTMENT OF THE CITY OF BEAUMONT.
THE STAMPING OF THIS PLAN AND SPECIFICATIONS AND THE ISSUING OF A BUILDING PERMIT SHALL NOT BE HELD TO BE AN APPROVAL OF THE VIOLATION OF ANY PROVISION OF ANY CITY ORDINANCE OR STATE LAW.
DATE 5/1/17 BY
BUILDING DEPT
FOUNDATION PLAN
08
2ND FLOOR FRAMING PLAN
07
ROOF FRAMING PLAN
06
AXONOMETRIC NE
03
AXONOMETRIC SW
01
FAIRCLIFF ST
SITE/ROOF FLOOR PLAN
16

AXONOMETRIC NE

N.T.S.

03

BUILDING DEPARTMENT        PERMIT NO
CITY OF BEAUMONT    BP2217-
**APPROVED**    0069
SUBJECT TO THE FOLLOWING CONDITIONS

THIS SET OF PLANS AND SPECIFICATIONS MUST
BE KEPT ON THE JOB AT ALL TIMES AND IS UN-
LAWFUL TO MAKE ANY CHANGES OR ALTERATIONS
ON SAME WITHOUT WRITTEN PERMISSION FROM THE
BUILDING DEPARTMENT OF THE CITY OF BEAUMONT.
THE STAMPING OF THIS PLAN AND SPECIFICA-
TIONS AND THE ISSUING OF A BUILDING PERMIT
SHALL NOT BE HELD TO BE AN APPROVAL OF THE
VIOLATION OF ANY PROVISION OF ANY CITY ORD-
INANCE OR STATE LAW.
DATE 5/11/17    BY

* SPACE KIT. OUTLETS @ 24" O.C.
* PROVIDE GFI'S AT BATHROOMS/
  KITCHEN
* ALL OUTLETS TO BE AFCI,
  U.N.O.

APPROVED
FOR PERMIT ISSUANCE
TAJEKAS & ASSOCIATES
DATE 12/14/16

These plans have been reviewed for adherence to the
applicable codes and ordinance. Authorization is
hereby granted to issue a building permit pending
approval by all applicable City agencies.

The issuance or granting of a permit based on
approval of these plans shall not be construed to
permit or approve any violation of the applicable
codes or ordinances. No permit presuming to give
authority to violate or cancel the provisions of said
codes shall be valid.

AXONOMETRIC SW

N.T.S.

01

# Exhibit "B"

# JOB CARD

This inspection card shall be placed
in a conspicuous place on the job
**CITY OF BEAUMONT**
DIVISION OF BUILDING AND SAFETY
FOR INSPECTIONS CALL
(951) 572-3224
Fax (951) 769-9678

Owner _Ezekwesil_    Date _4/26/16_
ISSUED

Location _1421 Faircliff_

Use of Structure _Two Tier Retaining Wall_

Permit No. _BP2016-00514_   Lot _____

| INSPECTIONS | INSPECTOR | DATE |
|---|---|---|
| Hydrants | | |

Footing inspection will not be made until hydrants are installed and operating.
All work must be left open for inspection. Inspector must sign all spaces pertaining to this job.

NOTE: The uniform building code provides for a special charge for reinspections when the work is not ready for initial inspection.

| INSPECTIONS | INSPECTOR | DATE |
|---|---|---|
| Set Backs | | |
| Forms & Footings | MB | 6-18-16 |
| Steel or Mesh | MB | 6-10-16 |
| Ground Plumbing | | |
| Slab Grade | | |
| B.B.Grout | MB | 6-21-16 |
| UFR Ground | | |

Do not pour concrete until above has been signed.
Concrete tickets must be left for inspection on all pours.

| | | |
|---|---|---|
| Toilet Facility | | |
| Septic/Sewer | | |
| Roof Deck/Trusses | | |
| Framing | | |
| Fire Sprinklers | | |
| Rough Plumbing | | |
| Rough Electrical | | |
| Plenums/Ducts | | |
| Shear Nailing | | |
| Hold Downs | | |

Do not cover work until above has been signed.

| | | |
|---|---|---|
| Wall Insulation | | |
| Ceiling Insulation | | |

Do not cover insulation until above has been signed.

| | | |
|---|---|---|
| Exterior Lath | | |
| Drywall | | |
| Fireplace | | |
| Gas Line / Test | | |
| Permanent Electrical | | |
| Service | | |
| Swimming Pool/Spa | | |
| Steel | | |

# JOB CARD

This inspection card shall be placed
in a conspicuous place on the job
**CITY OF BEAUMONT**
DIVISION OF BUILDING AND SAFETY
FOR INSPECTIONS CALL
(951) 572-3224
Fax (951) 769-9678

Owner _Ilaputaife_    Date _5/1/17_
ISSUED

Location _1421 Faircliff St_

Use of Structure _Addition 2780 #_

Permit No. _BP201700691_   Lot _____

| INSPECTIONS | INSPECTOR | DATE |
|---|---|---|
| Hydrants | | |

Footing inspection will not be made until hydrants are installed and operating.
All work must be left open for inspection. Inspector must sign all spaces pertaining to this job.

NOTE: The uniform building code provides for a special charge for reinspections when the work is not ready for initial inspection.

| INSPECTIONS | INSPECTOR | DATE |
|---|---|---|
| Set Backs | | |
| Forms & Footings | | |
| Steel or Mesh | HM | 7-21-17 |
| Ground Plumbing | | 6-8-17 |
| Slab Grade | | 7-21-17 |
| B.B.Grout | | |
| UFR Ground | | |

Do not pour concrete until above has been signed.
Concrete tickets must be left for inspection on all pours.

| | | |
|---|---|---|
| Toilet Facility | | |
| Septic/Sewer | | |
| Roof Deck/Trusses | | |
| Framing | | |
| Fire Sprinklers | | |
| Rough Plumbing | | |
| Rough Electrical | | |
| Plenums/Ducts | | |
| Shear Nailing | | |
| Hold Downs | | |

Do not cover work until above has been signed.

| | | |
|---|---|---|
| Wall Insulation | | |
| Ceiling Insulation | | |

Do not cover insulation until above has been signed.

| | | |
|---|---|---|
| Exterior Lath | | |
| Drywall | | |
| Fireplace | | |
| Gas Line / Test | | |
| Permanent Electrical | | |
| Service | | |
| Swimming Pool/Spa | | |
| Steel | | |
| Plumbing | | |

# Exhibit "C"



**City of Beaumont Building Department**
550 E. 6th Street
Phone: (951) 769-8529
Inspection Line: (951) 572-3224
Fax: (951) 769-9678

**FIELD CORRECTION NOTICE**

LOCATION _1421 Faircliff_ PERMIT NO. _BP2017-00691_

ISSUED TO _owner/contractor_
PERMIT HOLDER AND/OR ALL RESPONSIBLE PARTIES.

NOTICE DELIVERED TO_____

The following orders are hereby issued for their correction: _____

- install all hardware per plan details.
- provide calcs for structural integrity of treated lumber used for beams + posts
- Detail 26 calls for 2x16 flat for rafter bearing
- Detail 29 - provide hardware per plan
- Partial inspection! Owner/contractor has been notified to scrutinize details and install hardware + framing as per plan!

- call for reinspection after all details have been complied with to avoid reinspection fees.
- Provide plans (approved) for patio deck-

PLEASE CALL FOR AN INSPECTION @ (951) 572-3224  WHEN CORRECTIONS HAVE BEEN COMPLIETED.
ACCEPTANCE AND APPROVAL BY AN INSPECTOR OF THIS DEPARTMENT IS REQUIRED.

ALL CORRECTIONS MUST BE MADE ON OR BEFORE _____

DATE _7/19/18_       BY _____
                              INSPECTOR



24
23
22
21
30
29
S.N. = SILL/SOLE PLATE NAILING SEE SHEAR WALL SCHED
E.N. = EDGE NAILING
B.N. = BOUNDARY NAILING
SHEAR WALL PER PLANS

# Exhibit "D"

8-15-18

Roof deck OK on
approved portion _only_!
OK to load approved sections
don't load patio roof!
provide approved plans for
patio roof!

Roof is installed.
6/17/19



# PERMIT INSPECTION HISTORY REPORT (BP2017-00691)
# FOR CITY OF BEAUMONT

| Permit Type: | Building (Residential) | Application Date: | 06/23/2014 | Owner: | ILOPUTAIFE EZEKWESILI IHUEFO |
|---|---|---|---|---|---|
| Work Class: | Addition | Issue Date: | 05/01/2017 | Parcel | 421-730-028 |
| Status: | Expired | Expiration Date: | 02/11/2019 | Address: | 1421 FAIRCLIFF BEAUMONT, CA 92223 |
| | | IVR Number: | 635135 | | |

| Scheduled Date | Actual Start Date | Inspection Type | Inspection No. | Inspection Status | Primary Inspector | Reinspection Required? | Complete |
|---|---|---|---|---|---|---|---|
| 07/16/2018 | 07/16/2018 | Roof Deck | ISTR-003212-2018 | Re-inspection required | Mike Almandinger | Yes | Complete |
| | | Checklist Item | | COMMENTS | | Approved | |
| | | General Comments | | | | | No |
| 07/19/2018 | 07/19/2018 | Roof Deck | ISTR-003285-2018 | Re-inspection required | Mike Almandinger | Yes | Complete |
| | | Reinspection of ISTR-003212-2018 | | | | | |
| | | Checklist Item | | COMMENTS | | Approved | |
| | | General Comments | | | | | No |
| 08/07/2018 | 08/07/2018 | Roof Deck | ISTR-003711-2018 | Re-inspection required | Mike Almandinger | Yes | Complete |
| | | Reinspection of ISTR-003285-2018 | | | | | |
| | | Checklist Item | | COMMENTS | | Approved | |
| | | General Comments | | | | | No |
| 08/13/2018 | 08/13/2018 | Roof Deck | ISTR-003825-2018 | Re-inspection required | Mike Almandinger | Yes | Complete |
| | | Reinspection of ISTR-003711-2018 | | | | | |
| | | Checklist Item | | COMMENTS | | Approved | |
| | | General Comments | | No answer. Rang bell three times. Mike A twice . Mike B once. Left card and let know to call for another inspection. | | | No | |
| 08/15/2018 | 08/15/2018 | Roof Deck | ISTR-003881-2018 | Partial Pass | Mike Almandinger | Yes | Incomplete |
| | | Reinspection of ISTR-003825-2018 | | | | | |
| | | Checklist Item | | COMMENTS | | Approved | |
| | | General Comments | | No answer. Rang bell three times. Mike A twice . Mike B once. Left card and let know to call for another inspection. | | | Yes | |

# Exhibit "E1 and E2"



**CITY OF BEAUMONT**
550 E. 6th Street, Beaumont, CA 92223
Phone (951) 769-8520 Fax (951) 769-8526
www.Beaumont-Ca.gov

September 10, 2019

Mr. Iloputaife Ezekwesili Ihuefo
1421 Faircliff
Beaumont CA, 92223

**Subject: 1421 Faircliff, Site Visit**

Dear Mr. Iloputaife Ezekwesili Ihuefo:

Thank you for meeting with us at your project on 9/4/19. Your project provides a substantial increase in area which I'm sure you will enjoy.

There are a few things worth noting in order for you to proceed with your project considering the direction and scope of work already performed. The areas in which you have undertaken work which are not covered by the approved plans will require City approval before proceeding with construction or inspection of those areas.

- The front has a 2nd story dormer pop-out which has been enlarged into an enclosed room. This area has lateral design issues with improper seismic bracing as currently constructed. Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations.

- The rear deck has been covered by a solid 2nd story roof of over 400 sf which is not on the approved plans. Lateral structural support for this area is lacking which should be addressed with structural calculations. Also, the roof joists may be overspanned unless the grade lumber used is select structural. The tie-in from the patio roof to the house is not visible and the out-of-plane (pull away) connection should be detailed in the revised plans and verified.

- The stair rise/run doesn't comply with Code since the steps were noticeably inconsistent when walking them. This is simply worth noting so they can be corrected at framing stage rather than at a later date.

In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.

I hope this gives you clear direction that will allow you to move forward with your desired additions to your home. If you have any questions, I can be reached at (951) 769-8529.

Sincerely,

Scott R. Fazekas, AIA, NCARB, CBO, LEED AP, CASp
Building Official
City of Beaumont

*Incorporated November 18, 1912*

**"E2"**

**From:** Eze Taife <ezetaife@outlook.com>
**Sent:** Wednesday, September 11, 2019 6:53 PM
**To:** sfairvine@aol.com
**Cc:** Christina Taylor <Ctaylor@beaumontca.gov>
**Subject:** 1421 Faircliff Street

Dear Mr. Fazekas:

Thank you for your letter dated September 10, 2019 and thank you for the visit to my home project.

While I commend your visit as my City Building Official, it is disappointing that you failed to discuss any of the issues raised in your letter while on site, and you were hardly patient to listen to me, who actually requested the visit in the first place to know why. I wonder if you know how condescending that felt. It is something I am learning to leave with, considering that Ms. Christina Taylor who you referred to as your boss, neglects me to a fault that I had to go through the Mayor to get this slight attention.

However, I humbly request on-site discussion of the issues raised in your letter. One of which I most certainly can assure you, you are mistaking about because it has already been signed-off by City Inspectors who thought like you until they inspected it from a deferent angle. And the on-site deliberation of the remedy I seek, I am sure is not out of place because such action has twice been taken to resolve similar matters in the past. Once by this present able City Manager and the other under Ms. Rebecca Deming, by the City Council on appeal regarding other property I owned. (961, 963, 965 Beaumont Avenue).

Cordially,

Eze Iloputaife

**From:** Christina Taylor <Ctaylor@beaumontca.gov>
**Sent:** Thursday, September 12, 2019 5:58 PM
**To:** Eze Taife <ezetaife@outlook.com>; sfairvine@aol.com <sfairvine@aol.com>; Kristine Day <kday@beaumontca.gov>
**Subject:** RE: 1421 Faircliff Street

Mr. Taife,

As stated in the letter, referenced in your email to Mr. Fazekas and I on 9-11-19, the City has provided a path to approval of the plans for your project.

*In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.*

If you choose not to proceed with the above provided avenue for approval, you may modify the unpermitted construction to be reflective of the plans that were approved. Until either the plans are modified or the unpermitted construction is addressed, the Building and Safety Department has nothing further to review or inspect.

If you have any questions or need any additional information, please feel free to contact me directly.

CHRISTINA TAYLOR
*Community Development Director*

City of Beaumont
550 E. 6th Street, Beaumont, Ca 92223
Desk (951) 572-3212 | Fax (951) 769-8526
BeaumontCa.gov
Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

Gmail - Fw: 1421 Faircliff Street

*In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.*

If you choose not to proceed with the above provided avenue for approval, you may modify the unpermitted construction to be reflective of the plans that were approved. Until either the plans are modified, or the unpermitted construction is addressed, the Building and Safety Department has nothing further to review or inspect.

If you have any questions or need any additional information, please feel free to contact me directly.

CHRISTINA TAYLOR
*Community Development Director*

City of Beaumont
550 E. 6th Street, Beaumont, Ca 92223
Desk (951) 572-3212 | Fax (951) 769-8526
BeaumontCa.gov
Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

**From:** Eze Taife <ezetaife@outlook.com>
**Sent:** Wednesday, September 11, 2019 6:53 PM
**To:** sfairvine@aol.com
**Cc:** Christina Taylor <Ctaylor@beaumontca.gov>
**Subject:** 1421 Faircliff Street

Dear Mr. Fazekas:

Thank you for your letter dated September 10, 2019 and thank you for the visit to my home project.

While I commend your visit as my City Building Official, it is disappointing that you failed to discuss any of the issues raised in your letter while on site, and you were hardly patient to listen to me, who actually requested the visit in the first place to know why. I wonder if you know how condescending that felt. It is something I am learning to leave with, considering that Ms. Christina Taylor who you referred to as your boss, neglects me to a fault that I had to go through the Mayor to get this slight attention.

However, I humbly request on-site discussion of the issues raised in your letter. One of which I most certainly can assure you, you are mistaking about because it has already been signed-off by City Inspectors who thought like you until they inspected it from a deferent angle. And the on-site deliberation of the remedy I seek, I am sure is not out of place because such action has twice been taken to resolve similar matters in the past. Once by this present able City Manager and the other under Ms. Rebecca Deming, by the City Council on appeal regarding other property I owned. (961, 963, 965 Beaumont Avenue).

Cordially,

 Gmail

Eze Taife <ezetaife@gmail.com>

## Fw: 1421 Faircliff Street
2 messages

**Eze Taife** <ezetaife@outlook.com>
To: Eze Taife <ezetaife@gmail.com>

Tue, Jan 26, 2021 at 7:17 PM

From: Eze Taife <ezetaife@outlook.com>
Sent: Friday, September 13, 2019 7:14 AM
To: Christina Taylor <Ctaylor@beaumontca.gov>
Cc: Kristine Day <kday@beaumontca.gov>
Subject: Re: 1421 Faircliff Street

Dear Ms. Christina Taylor:

To start with, my name is Mr. Ezekwesili Iloputaife. So, please address me properly. Secondly, I am a good-standing resident of this City of Beaumont which happens to be your employer therefore I am entitled to your service and deserve some respect. I have had enough of your disrespect. Whatever your problem is, I will appreciate you keep me out of it and do your job. Four deferent times you have kept me waiting indefinitely for your response and now you don't even have the common decency to address me properly.

I am not a contractor or city client but a good-standing resident who has requested a  Code Variance and needs the cooperation of my city to improve my home safely.

Other than spite, there is no reason why the issues here could not be discussed on-site for a better understanding on both sides. Mr. Fazekas eventually visited my site after my several pleading with you which you ignored in negligence; and without even pointing out or discussing his observations, he left only to write me, detailing things some of which I totally disagree with; considering the City already signed off on them.

If you refuse to do your work without malice, I appeal to the City Council, Otherwise, you will leave me with no other choice but to continue and finish my home project which may escalate the matter.

Cordially,

Ezekwesili Iloputaife

From: Christina Taylor <Ctaylor@beaumontca.gov>
Sent: Thursday, September 12, 2019 5:58 PM
To: Eze Taife <ezetaife@outlook.com>; sfairvine@aol.com <sfairvine@aol.com>; Kristine Day <kday@beaumontca.gov>
Subject: RE: 1421 Faircliff Street

Mr. Taife,

As stated in the letter, referenced in your email to Mr. Fazekas and I on 9-11-19, the City has provided a path to approval of the plans for your project.

# Exhibit "F1" and "F2"



3/18/2020

Iloputaife Ezekwesili Ihuefo
1421 Faircliff
Beaumont CA, 92223

Re: Permit No: BP2017-00691/Permit Type: Addition
Property Location: 1421 Faircliff

Dear Homeowner:

In a recent review of our permit files, it has come to our attention that the permit issued for the above noted property has expired.

If it is your intention to complete or continue the permit work, please notify the Building Department immediately so that we may resolve this issue in a timely manner. **If we do not hear from you within thirty (30) days of this notice, we will assume you do not intend to validate your permit and it will be considered void.** A new building permit with payment of all new fees will be required before any work may resume on this project.

As a reminder, a permit becomes void if work is not commenced within 180 days of issuance. Cessation of work for 180 days shall also cause a permit to become void.

We regret any inconveniences this may have caused you, but we will be glad to answer any questions you have regarding this matter. Please contact the Building Department at (951) 769-8529.

NOTE: When calling in for an inspection, please note that it is an EXPIRED permit.

Respectfully,

Pedro Rico
Building and Safety
City of Beaumont

"F2"

Ezekwesili I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

4/17/2020

Dear Mr. Pedro Rico/To Who it May Concern
Building and Safety/Planning
City of Beaumont, CA 92223

Re: Permit No: BP2017-00691/Permit Type: Addition
Property Location: 1421 Faircliff Street.

Dear Sir,

My family has been in need of additional living home space which prompted our idea of an addition to what we already have since we couldn't afford a bigger house and we could save by doing the construction myself. I had my brother, Nevada Licensed Architect (Taif Kingsley Iloputaife) do the architectural drawing which the City rightly required us to employ the services of a California Licensed Structural Engineer for the plan approval process.

The City eventually approved the plan we sought without consideration of the radiation hazard posed by the California Edison high-tension electric line behind our property. The City Planning and Safety departments should have known of high-tension safe distance proximity to dwelling based on the City permit relationship with Edison. Notwithstanding, went ahead and approved our open upper-deck terrace building plan without proper consideration of its close proximity to the high-tension wires.

Now, the City is insisting I go through expensive Engineering and Permit process over again which I can't afford after I managed financially to do my best to abate the hazard by adding a cover to the terrace which I would rather have open. I have explained all this to the City Management even appealed to the City Council to no avail. Meanwhile, the City has refused my request for further inspection of works done on living arears not affected by the terrace.

I have humbly requested variance on this issue or finance of the required plan modification from the City which was both denied. Meanwhile, my family is going through unprecedented exposure to weather hazards at this critical time due to uncompleted arears of our home because the City would rather have my family exposed to High-tension Radiation.

May I indulge the City to please consider my family at this critical time and minimize unnecessary damages.

Cordially,

Ezekwesili I. Iloputaife

# Exhibit "G1" and "G2"



**CITY OF BEAUMONT**

550 E. 6th Street, Beaumont, CA 92223
Phone (951) 769-8520 Fax (951) 769-8526
www.Beaumont-Ca.gov

# Courtesy Notice

March 19, 2020

Iloputaife, Nneka I.
1421 Faircliff Street
Beaumont, CA 92223

Dear Property Owner,

During a recent visit to your property located at 1421 Faircliff Street, the following issues were observed, which have been left uncorrected constitute a violation of the Beaumont Municipal Code as follows:

**8.20.020 Nuisance vehicles;** The accumulation and storage of abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof on private or public property, not including highways, is found to create a condition tending to reduce the value of private property, to promote blight and deterioration, to invite plundering, to create fire hazards, to constitute an attractive nuisance creating a hazard to health and safety of minors, to create a harborage for rodents and insects and to be injurious to the health, safety and general welfare. Therefore, the presence of an abandoned, wrecked, dismantled or inoperative vehicle or part thereof, on private or public property not including highways, except as expressly hereinafter permitted is declared to constitute a public nuisance which may be abated as such in accordance with the provisions of this Chapter.

**8.32.030 Refuse & Waste;** *"Refuse and waste matter"* is defined for the purpose of this Chapter as unused or discarded matter or material having no substantial market value, and which consists of such matter and material as rubbish, refuse, debris, and matter of any kind, including, but not limited to, rubble, asphalt, concrete, plaster, tile, rocks, bricks, soil, building

*Incorporated November 18, 1912*

materials, crates, cartons, containers, boxes, machinery or parts thereof, scrap metal and other pieces of metal, ferrous or nonferrous, furniture or parts thereof, trimmings from plants or trees, cans, bottles and barrels. Refuse and waste matter as defined which by reason of its location and character is unsightly and interferes with the reasonable enjoyment of property by neighbors, detrimentally affects property values in the surrounding neighborhood or community, or which would materially hamper or interfere with the prevention or suppression of fire upon the premises is declared a public nuisance.

**8.32.050 - Sewage on ground;** It is declared a nuisance to permit any part of the contents of any privy, vault, cesspool, septic tank, water closet, urinal, pipe, sewer line, or any sewage, slop water or **any other filthy water, matter or substance**, to flow or discharge upon the ground or upon the surface of any premises, or in any public street or other public place.

**8.32.060 - Building Code violations;** All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance.

**8.32.070 - Zoning ordinance violations;** Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance. Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, and are declared a public nuisance.

**8.32.110 Insect and Vermin;** Any premises, including, but not limited to, any building, vacant lot, setback, yard, vehicle, or place, maintained in such a manner as to permit the breeding or harboring therein or thereon of flies, bedbugs, cockroaches, black widow spiders, lice, fleas, termites or any other insects or vermin is declared a public nuisance.

**8.32.180 Premises Maintenance;** Maintenance of premises in such a condition so as to cause significant diminution in use, enjoyment, or value of adjacent premises; or in such a condition so as to be detrimental to the public health, safety, or general welfare; or in such a condition so out of harmony or conformity with the maintenance standard of adjacent premises as to cause substantial diminution of the enjoyment, use or property values of such adjacent premises is declared a public nuisance.

**17.06.100F, Parking on yard prohibited;** Rear yards shall not be used for off-street parking of vehicles.

**8.32.210 - Salvage materials;** Any lumber, junk, trash, debris, refuse, waste matter or other salvage materials visible from a public right-of-way or adjoining premises is declared a public nuisance.

Issue:  Numerous vehicles, possible inoperable vehicles and vehicle parts being stored in the rear yard.  This is a harbor and breading place for rodents and insects.   Fluids leaking onto the yard from this number of vehicles is hazardous.   Unfinished addition needs to be finished or removed.

Correction:  Remove vehicles, inoperable vehicles and vehicle parts being stored in the rear yard.   Unfinished addition needs to be finished or removed.

Please address these issues immediately.  Failure to correct violations may subject the property to additional administrative actions and/or court fees.  Reinspection on or around March 27th, 2020.

If you have any additional questions or need further assistance, please feel free to contact us at 951-572-3190 ext. 589.

Sincerely,
Kelly McCarthy
Community Enhancement Officer

**"G2"**








# Exhibit "H1" and "H2"



## Administrative Citation
### Code Enforcement

**CITATION: C6000186**
Date: 07/30/2020   Time:12:15 PM Thu

Location of Violation:
1421 FAIRCLIFF ST
APN#:

Violator:

DL#:
DOB:   Age:

| Sex | Hair | Eyes | Height | Weight | Race |
|-----|------|------|--------|--------|------|

Responsible Party:
NNEKA I ILOPUTAIFE
1421 FAIRCLIFF STREET
BEAUMONT CA 92223

Business Name:

| Violations | Fine | Correct By |
|------------|------|-----------|
| 8.32.060 BUILDING CODE VIOLATIONS | $100.00 | 08/10/2020 |
| 8.32.070 ZONING ORDINANCE VIOLATIONS | 60.00 | 08/10/2020 |

You must correct this violation by the date above.
You may request an extension of this period
(see below). If correction is not completed within
correction period, you may be subject to additional
citations for each day the violation exists.

To correct Violation(s) you must:
CONTACT BUILDING AND SAFETY.  YOU WILL NEED A NEW SU
BMITTAL FOR YOUR ADDITION
UNFINISHED CONSTRUCTION

Violation Notice by:
PERSONAL SERVICE:N  PROPERTY POSTED:Y MAILED:Y

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS
OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS
TRUE AND CORRECT. EXECUTED ON DATE SHOWN ABOVE.

Officer: KELLY MCCARTHY ID Number: 862

VIOLATOR: Without admitting guilt, I
acknowledge having received the citation.
Beaumont Police Department: 951-769-8500



## Administrative Citation
## Code Enforcement

### CITATION: C6000275
Date: 01/19/2021   Time:03:31 PM Tue

**Location of Violation:**
1421 FAIRCLIFF ST
APN#:

**Violator:**


DL#:
DOB:   Age:

Sex Hair   Eyes   Height  Weight     Race
_____

**Responsible Party:**
NNEKA I ILOPUTAIFE
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223

**Business Name:**
_____

| Violations | Fine | Correct By |
|---|---|---|
| 8.32.060 | $500.00 | 01/19/2021 15:32 |
| BUILDING CODE VIOLATIONS | | |
| 8.32.070 | $500.00 | 01/19/2021 15:32 |
| ZONING ORDINANCE VIOLATIONS | | |

You must correct this violation by the date above.
You may request an extension of this period
(see below). If correction is not completed within
correction period, you may be subject to additional
citations for each day the violation exists.

**To correct Violation(s) you must:**
OBTAIN CURRENT PERMITS FROM BUILDING AND SAFETY OR O
BTAIN DEMO PERMIT TO REMOVE SECOND STORY
AS RULES HAVE CHANGED SINCE YOU STARTED YOUR EDITION
 YOU WILL NEED TO OBTAIN APPROVAL FROM BEAUMONT  PLA
NNING DEPT.


**Violation Notice by:**
PERSONAL SERVICE:N  PROPERTY POSTED:Y MAILED:Y

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS
OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS
TRUE AND CORRECT. EXECUTED ON DATE SHOWN ABOVE.

Officer: KELLY MCCARTHY ID Number: 802

**VIOLATOR: Without admitting guilt, I
acknowledge having received the citation.**
Beaumont Police Department: 951-769-8500

| Citation Number | Issued Date | Violation | Name | Location | AmountDue |
|---|---|---|---|---|---|
| C6000186 | 7/30/2020 12:15 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $100.00 |
| N6000250 | 12/29/2020 13:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | |
| C6000257 | 1/7/2021 13:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $260.00 |
| C6000275 | 1/19/2021 15:31 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000277 | 1/20/2021 14:57 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000284 | 1/25/2021 14:35 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000285 | 1/26/2021 12:37 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000290 | 1/29/2021 12:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000295 | 2/1/2021 15:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000296 | 2/2/2021 12:15 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000300 | 2/3/2021 13:07 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000302 | 2/4/2021 12:50 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000303 | 2/5/2021 9:32 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000306 | 2/8/2021 13:56 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000309 | 2/9/2021 12:29 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000313 | 2/10/2021 9:38 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000315 | 2/11/2021 13:11 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000318 | 2/12/2021 12:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000323 | 2/17/2021 8:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000327 | 2/18/2021 11:30 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000334 | 2/19/2021 14:18 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000339 | 2/22/2021 14:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000340 | 2/23/2021 8:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000348 | 2/24/2021 12:30 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000352 | 2/25/2021 7:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000359 | 2/26/2021 14:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000362 | 3/1/2021 15:26 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000365 | 3/2/2021 15:21 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000368 | 3/3/2021 15:14 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000371 | 3/4/2021 15:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000374 | 3/5/2021 13:20 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000377 | 3/8/2021 15:43 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000380 | 3/9/2021 15:41 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000384 | 3/10/2021 15:03 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000387 | 3/11/2021 13:49 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000390 | 3/12/2021 14:04 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000393 | 3/15/2021 14:57 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000396 | 3/16/2021 15:50 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000399 | 3/17/2021 14:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000402 | 3/18/2021 15:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000403 | 3/19/2021 11:05 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6100328 | 3/22/2021 15:46 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000406 | 3/23/2021 14:12 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6100329 | 3/24/2021 14:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000410 | 3/26/2021 7:48 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000415 | 3/29/2021 13:58 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000419 | 3/30/2021 15:19 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000422 | 4/1/2021 14:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000425 | 4/2/2021 8:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000434 | 4/5/2021 15:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000438 | 4/6/2021 12:29 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000440 | 4/7/2021 10:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000445 | 4/8/2021 15:49 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000446 | 4/9/2021 14:20 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000449 | 4/12/2021 15:57 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000451 | 4/13/2021 15:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000453 | 4/14/2021 15:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000455 | 4/15/2021 13:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000457 | 4/16/2021 14:37 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000460 | 4/19/2021 15:05 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000461 | 4/20/2021 11:46 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |

$62,260.00

# "H2"

**The reason(s) I am contesting this citation is/are (attach additional pages as necessary):**

I've been in discussion with the city over this issue and have been expecting a response to my last correspondence to the City dated 04/17/2020. See attachments. I have made several follow-up calls to Mr. Pedro Rico who informed me to expect a response from his supervisor who he said was looking into the issue. On Monday July 20, I left Mr. Pedro a voice massage informing him that I will go ahead with the siding of the unaffected arear of my house already inspected and approved while I continue to wait for the City response.

I am surprised to see this citation posted on my property today while the issue at hand is pending. I believe there is no justification for this citation. I therefore consider it undue harassment.

Ezekwesili Iloputaife                    07/30/2020

 Gmail                                          **Eze Taife <ezetaife@gmail.com>**

---

# Administrative Review Request Confirmation - Cite #C6000277- Lic #
1 message

**BEAUADMN-Online Appeals** <donotreply@pticket.com>                Thu, Jan 21, 2021 at 11:36 AM
To: ezetaife@gmail.com

Parking citation administrative review confirmation.

========= PERSONAL INFORMATION =========

Date/Time  : 1/21/2021 11:36:04 AM

Last Name :     ILOPUTAIFE
First Name :     NNEKA
Home Address : 1421 FAIRCLIFF STREET
                         BEAUMONT CA 92223
                         US
Phone :         951-846-9631 ext:

E-Mail:          ezetaife@gmail.com

========= CITATION INFORMATION =========

Citation/Ticket Number: C6000277
License/Vin:   CA
Issue date : 01/20/2021 14:57:00
Permit      : BP2001700691

Reason for contesting:
We submitted an INITIAL REVIEW TO CONTEST AN ABMINISTRATIVE CITATION this very Citation which should under
review since October 2020. We have not received a response. Instead, we keep receiving series of of same Citation even
after I called in and talked to the Citation Officer, KELLY MCCARTHY.  Meanwhile we are still waiting on the City Building
Department response on the issue in question. See Upload

If you wish to submit additional evidence to support your claim,
please indicate method (U.S. mail or fax).  All evidence must be
submitted within 3 days of this appeal.  For additional evidence to be
considered you must submit a copy of the confirmation.

===========================================================================

Reference Date: 1/21/2021 11:36:04 AM

Thank you for taking the time to fill out a review form.  Your appeal
is now under review and the fine is placed on hold until a decision is
entered.  At this time, you will not be required to pay the fine.

You should expect to receive a response within 30 days from the above date.
If you do not receive a response within 30 days from the above date, please call
800-525-8553  to request the status of your appeal.  Please have the citation
number and reference date (above) available when you call.  You may also
check the status of your appeal at https://www.pticket.com/BEAUADMN.

If you change your address during this time frame, please call us so that we
can update your records and send our response to the appropriate address.
You will be responsible for additional penalties if the address is not
current or correct.

PLEASE NOTE CONTESTING THE CITATION DOES NOT CLEAR YOUR RECORD.  YOU ARE

 **Gmail**

Eze Taife <ezetaife@gmail.com>

## Administrative Review Request Confirmation - Cite #C6000284- Lic #
1 message

**BEAUADMN-Online Appeals** <donotreply@pticket.com>　　　　Tue, Jan 26, 2021 at 12:27 PM
To: Ezetaife@gmail.com

Parking citation administrative review confirmation.

========= PERSONAL INFORMATION =========

Date/Time　: 1/26/2021 12:27:03 PM

Last Name :　ILOPUTAIFE
First Name :　NNEKA
Home Address : 1421 FAIRCLIFF STREET
　　　　　　　　BEAUMONT CA 92223
　　　　　　　　US
Phone :　　　714-235-5444 ext:

E-Mail:　　　Ezetaife@gmail.com

========= CITATION INFORMATION =========

Citation/Ticket Number: C6000284
License/Vin:　CA
Issue date : 01/25/2021 14:35:00
Permit　　　: BP2017-00691

Reason for contesting:
We already twice requested for Initial Review on this Citation. The constant bombardment of same citation pending
review amounts to unwarranted harassment. I will appreciate a due process of which I am entitled. Please refer to
Citation No. C6000277.

If you wish to submit additional evidence to support your claim,
please indicate method (U.S. mail or fax). All evidence must be
submitted within 3 days of this appeal. For additional evidence to be
considered you must submit a copy of the confirmation.

=======================================================================

Reference Date: 1/26/2021 12:27:03 PM

Thank you for taking the time to fill out a review form. Your appeal
is now under review and the fine is placed on hold until a decision is
entered. At this time, you will not be required to pay the fine.

You should expect to receive a response within 30 days from the above date.
If you do not receive a response within 30 days from the above date, please call
800-525-8553 to request the status of your appeal. Please have the citation
number and reference date (above) available when you call. You may also
check the status of your appeal at https://www.pticket.com/BEAUADMN.

If you change your address during this time frame, please call us so that we
can update your records and send our response to the appropriate address.
You will be responsible for additional penalties if the address is not
current or correct.

PLEASE NOTE CONTESTING THE CITATION DOES NOT CLEAR YOUR RECORD. YOU ARE
RESPONSIBLE FOR FOLLOWING UP ON YOUR APPEAL. To avoid penalties please

 **Gmail**

Eze Taife <ezetaife@gmail.com>

## Administrative Review Request Confirmation - Cite #C6000303- Lic #

1 message

**BEAUADMN-Online Appeals** <donotreply@pticket.com>                     Mon, Feb 15, 2021 at 9:09 AM
To: Ezetaife@gmail.com

Parking citation administrative review confirmation.

========= PERSONAL INFORMATION =========

Date/Time  : 2/15/2021 9:09:53 AM

Last Name :    ILOPUTAIFE
First Name :    NNEKA
Home Address : 1421 FAIRCLIFF STREET
                       BEAUMONT CA 92223
                       US
Phone :        714-235-5444 ext:

E-Mail:         Ezetaife@gmail.com

========= CITATION INFORMATION =========

Citation/Ticket Number: C6000303
License/Vin:   CA
Issue date : 02/05/2021 09:32:00
Permit     : BP2017-00691

Reason for contesting:
These excessive citations are unnecessary considering that we have made several contacts with the city Enforcement
officials Supervisor who has simply ignored us. It is our contention that the structural construction aspect of the permitted
project has long been completed, inspected and certified by the city project inspector with exception of the patio cover.
The City have declined several inspection requests on the progress made. The City has also ignored our request for on-
site discussion of concerns raised for our proper understanding of the issues. The once the city official visited the site
after relentless pressure, they refused to discuss the issues of concern. Only to write a letter to which we lack
understanding of their concerns considering the above stated contention. (See City inspectors remarks on back of Permit)

If you wish to submit additional evidence to support your claim,
please indicate method (U.S. mail or fax). All evidence must be
submitted within 3 days of this appeal. For additional evidence to be
considered you must submit a copy of the confirmation.

=====================================================================

Reference Date: 2/15/2021 9:09:53 AM

Thank you for taking the time to fill out a review form. Your appeal
is now under review and the fine is placed on hold until a decision is
entered. At this time, you will not be required to pay the fine.

You should expect to receive a response within 30 days from the above date.
If you do not receive a response within 30 days from the above date, please call
800-525-8553 to request the status of your appeal. Please have the citation
number and reference number (above) available when you call. You may also
check the status of your appeal at https://www.pticket.com/BEAUADMN.

If you change your address during this time frame, please call us so that we
can update your records and send our response to the appropriate address.
You will be responsible for additional penalties if the address is not

# Exhibit "J1" and "J2"

| Citation Number | Issued Date | Violation | Name | Location | AmountDue |
|---|---|---|---|---|---|
| C6000186 | 7/30/2020 12:15 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $100.00 |
| N6000250 | 12/29/2020 13:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | |
| C6000257 | 1/7/2021 13:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $260.00 |
| C6000275 | 1/19/2021 15:31 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000277 | 1/20/2021 14:57 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000284 | 1/25/2021 14:35 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000285 | 1/26/2021 12:37 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000290 | 1/29/2021 12:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000295 | 2/1/2021 15:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000296 | 2/2/2021 12:15 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000300 | 2/3/2021 13:07 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000302 | 2/4/2021 12:50 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000303 | 2/5/2021 9:32 | 8.32.060 BUILDING CODE VIOLATIONS | ILOPUTAIFE NNEKA I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000306 | 2/8/2021 13:56 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000309 | 2/9/2021 12:29 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000313 | 2/10/2021 9:38 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000315 | 2/11/2021 13:11 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000318 | 2/12/2021 12:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000323 | 2/17/2021 8:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,300.00 |
| C6000327 | 2/18/2021 11:30 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000334 | 2/19/2021 14:18 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000339 | 2/22/2021 14:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000340 | 2/23/2021 8:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000348 | 2/24/2021 12:30 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000352 | 2/25/2021 7:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000359 | 2/26/2021 14:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000362 | 3/1/2021 15:26 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000365 | 3/2/2021 15:21 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000368 | 3/3/2021 15:14 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000371 | 3/4/2021 15:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000374 | 3/5/2021 13:20 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000377 | 3/8/2021 15:43 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000380 | 3/9/2021 15:41 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000384 | 3/10/2021 15:03 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000387 | 3/11/2021 13:49 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000390 | 3/12/2021 14:04 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000393 | 3/15/2021 14:57 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000396 | 3/16/2021 15:50 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000399 | 3/17/2021 14:32 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000402 | 3/18/2021 15:28 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000403 | 3/19/2021 11:05 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6100328 | 3/22/2021 15:46 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000406 | 3/23/2021 14:12 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6100329 | 3/24/2021 14:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000410 | 3/26/2021 7:48 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000415 | 3/29/2021 13:58 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000419 | 3/30/2021 15:19 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000422 | 4/1/2021 14:10 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000425 | 4/2/2021 8:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000434 | 4/5/2021 15:42 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000438 | 4/6/2021 12:29 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000440 | 4/7/2021 10:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000445 | 4/8/2021 15:49 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000446 | 4/9/2021 14:20 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000449 | 4/12/2021 15:57 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000451 | 4/13/2021 15:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000453 | 4/14/2021 15:47 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000455 | 4/15/2021 13:44 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000457 | 4/16/2021 14:37 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000460 | 4/19/2021 15:05 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |
| C6000461 | 4/20/2021 11:46 | 8.32.060 BUILDING CODE VIOLATIONS | Iloputaife Nneka I | 1421 FAIRCLIFF ST | $1,000.00 |

$62,260.00

P O BOX 467
TUSTIN CA 92781-0467



*INNOVATIVE COLLECTION SERVICES*



| ACCOUNT TYPE | ISSUE DATE | ACCOUNT NUMBER |
|---|---|---|
| ADMIN CITATION | 02/10/2021 | C6000313 |

| NOTICE DATE | DEBT AMOUNT | COLLECTION FEE | TOTAL DUE |
|---|---|---|---|
| 04/14/2021 | $1,000.00 | $300.00 | $1,300.00 |

**Client:** BEAUMONT ADMIN CITATIONS

**IMPORTANT:**

To stop this from becoming a mark on your credit please take care of this promptly!

Innovative Collection Services is a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

TU40413A ***   7000000696 00.0003.0164 696/1
MIXED AADC 926

ԹիկիԼԻԹկիԼԹիվԹիՄԵլԵլիԹիԾ

ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514

**FOR MORE INFORMATION:**
  **www.pticket.com/beaumontadmin** or (800) 211-6053
  (enter the first 8 characters of the account number)

## NOTICE

Your past due account has been assigned to us for collection. We would appreciate a prompt response to this demand to eliminate further collection action.

Due to the delinquency of this citation, you no longer have the right to claim the citation was issued in error. Prior notification regarding this debt has been mailed to you with no response.

Payment must be made within 10 days to avoid further collection efforts. When payment has been made in full, this account will be closed.

Please send the amount due immediately, making your check or money order payable directly to our client. We have pre-addressed the lower portion of this letter for your convenience.

**See Consumer Rights information on reverse side.**

## PAYMENT INSTRUCTIONS

TO PAY BY CREDIT CARD:
• Pay online: **www.pticket.com/beaumontadmin**
• Scan the QR Code to pay online ======>
• There is a $4.00 or 3% processing fee per citation



TO PAY BY MAIL:
1. Send check or money order. NO CASH. (US funds only)
2. Print account number on your payment
3. To insure proper credit, return the bottom portion of this notice with your payment
4. Make payable to:   **BEAUMONT ADMIN CITATIONS**



Please return this portion with your payment -- Use the enclosed envelope. This will ensure prompt, accurate handling upon receipt.   S1

| ACCOUNT NUMBER | NOTICE DATE |
|---|---|
| C6000313 | 04/14/2021 |

If you have already paid this debt, send a copy of the front and back of your cancelled check or money order proving your payment. We will close this account only with verifiable proof of payment.

AMOUNT DUE NOW

$1,300.00

ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514



**INNOVATIVE COLLECTION SERVICES**
BEAUMONT ADMIN CITATIONS
P O BOX 3500
TUSTIN CA 92781-3500

ԼիՄՄլՄիԼՄիՄՄՄիլՄՄՄՄՄիՄՄԼՄ

[1/1]

P O BOX 467
TUSTIN CA 92781-0467



**INNOVATIVE COLLECTION SERVICES**

| ACCOUNT TYPE | ISSUE DATE | ACCOUNT NUMBER |
|---|---|---|
| ADMIN CITATION | 02/09/2021 | C6000309 |

| NOTICE DATE | DEBT AMOUNT | COLLECTION FEE | TOTAL DUE |
|---|---|---|---|
| 04/14/2021 | $1,000.00 | $300.00 | $1,300.00 |

**Client:** BEAUMONT ADMIN CITATIONS

TU40413A ***   7000000695 00.0003.0163 695/1
MIXED AADC 926



ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514

**IMPORTANT:**

To stop this from becoming a mark on your credit please take care of this promptly!

Innovative Collection Services is a collection agency.  This is an attempt to
collect a debt.  Any information obtained will be used for that purpose.

FOR MORE INFORMATION:
  **www.pticket.com/beaumontadmin**  or (800) 211-6053
  (enter the first 8 characters of the account number)

## NOTICE

Your past due account has been assigned to us for collection.  We would appreciate a prompt response to this demand to
eliminate further collection action.

Due to the delinquency of this citation, you no longer have the right to claim the citation was issued in error.  Prior
notification regarding this debt has been mailed to you with no response.

Payment must be made within 10 days to avoid further collection efforts.  When payment has been made in full, this account
will be closed.

Please send the amount due immediately, making your check or money order payable directly to our client.  We have
pre-addressed the lower portion of this letter for your convenience.

See Consumer Rights information on reverse side.

## PAYMENT INSTRUCTIONS

TO PAY BY CREDIT CARD:
* Pay online: **www.pticket.com/beaumontadmin**
* Scan the QR Code to pay online ======>
* There is a $4.00 or 3% processing fee per citation



TO PAY BY MAIL:
1. Send check or money order.  NO CASH. (US funds only)
2. Print account number on your payment
3. To insure proper credit, return the bottom portion of this notice with your payment
4. **Make payable to:    BEAUMONT ADMIN CITATIONS**



Please return this portion with your payment -- Use the enclosed envelope. This will ensure prompt, accurate handling upon receipt.    S1

| ACCOUNT NUMBER | NOTICE DATE |
|---|---|
| C6000309 | 04/14/2021 |

If you have already paid this debt, send a copy of the front and back of
your cancelled check or money order proving your payment.  We will
close this account only with verifiable proof of payment.

**AMOUNT DUE NOW**

$1,300.00

ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514



**INNOVATIVE COLLECTION SERVICES**
BEAUMONT ADMIN CITATIONS
P O BOX 3500
TUSTIN CA 92781-3500

[1/1]

P O BOX 467
TUSTIN CA 92781-0467



**INNOVATIVE COLLECTION SERVICES**

| ACCOUNT TYPE | ISSUE DATE | ACCOUNT NUMBER |
|---|---|---|
| ADMIN CITATION | 02/08/2021 | C6000306 |

| NOTICE DATE | DEBT AMOUNT | COLLECTION FEE | TOTAL DUE |
|---|---|---|---|
| 04/14/2021 | $1,000.00 | $300.00 | $1,300.00 |

**Client:** BEAUMONT ADMIN CITATIONS

TU40413A ***   7000000694 00.0003.0162 694/1
MIXED AADC 926



ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514

**IMPORTANT:**

To stop this from becoming a mark on your credit please take care of this promptly!

Innovative Collection Services is a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

FOR MORE INFORMATION:
**www.pticket.com/beaumontadmin**  or (800) 211-6053
(enter the first 8 characters of the account number)

---

**NOTICE**

Your past due account has been assigned to us for collection.  We would appreciate a prompt response to this demand to eliminate further collection action.

Due to the delinquency of this citation, you no longer have the right to claim the citation was issued in error.  Prior notification regarding this debt has been mailed to you with no response.

Payment must be made within 10 days to avoid further collection efforts.  When payment has been made in full, this account will be closed.

Please send the amount due immediately, making your check or money order payable directly to our client.  We have pre-addressed the lower portion of this letter for your convenience.

**See Consumer Rights information** on reverse side.

---

**PAYMENT INSTRUCTIONS**

TO PAY BY CREDIT CARD:
• Pay online: **www.pticket.com/beaumontadmin**
• Scan the QR Code to pay online ======>
• There is a $4.00 or 3% processing fee per citation



TO PAY BY MAIL:
1. Send check or money order.  NO CASH. (US funds only)
2. Print account number on your payment
3. To insure proper credit, return the bottom portion of this notice with your payment
4. Make payable to:    **BEAUMONT ADMIN CITATIONS**



---

Please return this portion with your payment -- Use the enclosed envelope. This will ensure prompt, accurate handling upon receipt.     S1

| ACCOUNT NUMBER | NOTICE DATE |
|---|---|
| C6000306 | 04/14/2021 |

If you have already paid this debt, send a copy of the front and back of your cancelled check or money order proving your payment.  We will close this account only with verifiable proof of payment.

**AMOUNT DUE NOW**

**$1,300.00**

ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514



**INNOVATIVE COLLECTION SERVICES**
BEAUMONT ADMIN CITATIONS
P O BOX 3500
TUSTIN CA 92781-3500

[1/1]

P O BOX 467
TUSTIN CA 92781-0467



## INNOVATIVE COLLECTION SERVICES

| ACCOUNT TYPE | ISSUE DATE | ACCOUNT NUMBER |
|---|---|---|
| ADMIN CITATION | 02/04/2021 | C6000302 |

| NOTICE DATE | DEBT AMOUNT | COLLECTION FEE | TOTAL DUE |
|---|---|---|---|
| 04/14/2021 | $1,000.00 | $300.00 | $1,300.00 |

**Client:** BEAUMONT ADMIN CITATIONS

**IMPORTANT:**

To stop this from becoming a mark on your credit please take care of this promptly.

Innovative Collection Services is a collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

TU40413A ***   7000000693 00.0003.0161 693/1
MIXED AADC 926

ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514

**FOR MORE INFORMATION:**
www.pticket.com/beaumontadmin  or (800) 211-6053
(enter the first 8 characters of the account number)

---

### NOTICE

Your past due account has been assigned to us for collection.  We would appreciate a prompt response to this demand to eliminate further collection action.

Due to the delinquency of this citation, you no longer have the right to claim the citation was issued in error.  Prior notification regarding this debt has been mailed to you with no response.

Payment must be made within 10 days to avoid further collection efforts.  When payment has been made in full, this account will be closed.

Please send the amount due immediately, making your check or money order payable directly to our client.  We have pre-addressed the lower portion of this letter for your convenience.

See Consumer Rights information on reverse side.

---

### PAYMENT INSTRUCTIONS

**TO PAY BY CREDIT CARD:**
- Pay online:  **www.pticket.com/beaumontadmin**
- Scan the QR Code to pay online ======>
- There is a $4.00 or 3% processing fee per citation



**TO PAY BY MAIL:**
1. Send check or money order.  NO CASH. (US funds only)
2. Print account number on your payment
3. To insure proper credit, return the bottom portion of this notice with your payment
4. **Make payable to:    BEAUMONT ADMIN CITATIONS**

Please return this portion with your payment -- Use the enclosed envelope. This will ensure prompt, accurate handling upon receipt.      S1

| ACCOUNT NUMBER | NOTICE DATE |
|---|---|
| C6000302 | 04/14/2021 |

If you have already paid this debt, send a copy of the front and back of your cancelled check or money order proving your payment.  We will close this account only with verifiable proof of payment.



**AMOUNT DUE NOW**

**$1,300.00**



ILOPUTAIFE NNEKA I
1421 FAIRCLIFF  STREET
BEAUMONT CA 92223-7514

**INNOVATIVE COLLECTION SERVICES**
BEAUMONT ADMIN CITATIONS
P O BOX 3500
TUSTIN CA 92781-3500

[1/1]

# "J2"

Nneka I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

March 23, 2021

Innovative Collection Services
Beaumont Admin Citations
P O BOX 3500
Tustin CA 92781-3500

Re: Account No. C6000257

To Whom it May Concern,

## DEBT COLLECTION DISPUTE

I unequivocally dispute this debt because the City of Beaumont has chosen to ignore my ongoing challenge of this ambiguous Citation which at the very least, was and is repeatedly being issued in error. In fact, my family and I consider such action as undue harassment which must stop.

Attached to this dispute letter is my family's most recent communication to the City of Beaumont Administrative Staff and was copied to the City Council.

Sincerely,

Nneka Iloputaife

Nneka I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

April 5, 2021

Innovative Collection Services
Beaumont Admin Citations
P O BOX 3500
Tustin CA 92781-3500

Re: Account No. C6000275

To Whom it May Concern,

### DEBT COLLECTION DISPUTE

I unequivocally dispute this debt because the City of Beaumont has chosen to ignore my ongoing challenge of this ambiguous Citation which at the very least, was and is repeatedly being issued in error. In fact, my family and I consider such action as undue harassment which must stop.

Attached to this dispute letter is my family's most recent communication to the City of Beaumont for an Administrative Commission Hearing on this issue.

Sincerely,

Nneka Iloputaife

Nneka I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

April 5, 2021

Innovative Collection Services
Beaumont Admin Citations
P O BOX 3500
Tustin CA 92781-3500

Re: Account No. C6000285

To Whom it May Concern,

### DEBT COLLECTION DISPUTE

I unequivocally dispute this debt because the City of Beaumont has chosen to ignore my ongoing challenge of this ambiguous Citation which at the very least, was and is repeatedly being issued in error. In fact, my family and I consider such action as undue harassment which must stop.

Attached to this dispute letter is my family's most recent communication to the City of Beaumont for an Administrative Commission Hearing on this issue.

Sincerely,

Nneka Iloputaife

# Exhibit "K1" and "K2"

Ezekwesili I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

2/26/2021

The City Manager
City of Beaumont
550 E. 6th Street
Beaumont, CA 92223

Subject: Permit No. BP2017-00691/Permit Type: Addition /Property Location: 1421 Faircliff Street

Dear Sir,

I have a pending issue with the Building Department regarding aspect of my project for which I seek considerable solution that was ones brought to your attention. City Inspectors meanwhile refused inspection of progress on unaffected areas despite my several calls for inspection.

After futile attempts contacting Building Department, I had to go through the Mayor to get attention for a site visit by city officials on 9/4/19 at which the lead official (Mr. Scott Fazekas) refused to discuss the issues with me. He refused to answer my questions, insisting that his boss will get back with me. Instead, Mr. Fazekas wrote me a letter dated 9/10/2019 in which he emphasized issues with particular areas that need to be addressed. I replied his letter seeking clarification on one area I believe he was mistaking which frankly, would have been resolved on site if he had discussed it. So far, I have not received the clarification I seek and Building Officials has refused further inspection of my project on unaffected areas while refusing to even talk to me or reply my correspondences.

I received a letter dated 3/18/2020 from Mr. Pedro Rico in which he advised I clarify my intention regarding my permit within 30 days of his letter. I called him and informed him of pending inspection of work done on unaffected areas of my project. He advised I reply his letter which I did on 4/17/2020. When I did not get a response, I called him several other times only for him to say he I should wait for a response from Ms. Taylor. Meanwhile, Ms. Taylor won't answer nor return my calls. Instead, she instructed Ms. Kelly McCarthy to issue citation daily on my home for expired permit. Despite the fact that City officials refused to conduct progress inspections within the permitted time period. I have requested several reviews of the citations which has so far been ignored.

Because my family has been suffering from brutal weather conditions due to exposed areas of my home, I went ahead to start stucco plastering of the unaffected living area of my home to minimize the suffering. Unfortunately, the City came midway and issued a Legal STOP WORK IMMEDIATELY Notice without considerations of our predicament.

I humbly request for an urgent hearing on this matter considering the circumstances.

Cordially,

Ezekwesili Iloputaife

Via Email & USPS

 **Gmail**

Eze Taife <ezetaife@gmail.com>

## Urgent Request For Hearing

**Eze Taife** <ezetaife@gmail.com>                                    Fri, Feb 26, 2021 at 7:43 PM
To: tparton@beaumontca.gov

Dear Sir,
Please see the attached file for my official request for an urgent hearing. I am sending this copy by email due to the
urgency. Thank you for your consideration.
Cordially yours,
Ezekwesili Iloputaife

---

📄 **The City Manager Signed Letter.pdf**
354K

"K2"

Gmail - Urgent Request For Hearing

 Gmail

Eze Taife <ezetaife@gmail.com>

## Urgent Request For Hearing

**Eze Taife** <ezetaife@gmail.com>                                                    Fri, May 7, 2021 at 7:14 AM
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

The City Manager's office assured me that this letter was forwarded to Ms. Taylor for processing though she denies it.

---------- Forwarded message ---------
From: **Eze Taife** <ezetaife@gmail.com>
Date: Fri, Feb 26, 2021 at 7:43 PM
Subject: Urgent Request For Hearing
To: <tparton@beaumontca.gov>

Dear Sir,
Please see the attached file for my official request for an urgent hearing. I am sending this copy by email due to the urgency. Thank you for your consideration.
Cordially yours,
Ezekwesili Iloputaife

**The City Manager Signed Letter.pdf**
354K

 **Gmail**

Eze Taife <ezetaife@gmail.com>

---

## Urgent Request For Hearing

**Eze Taife** <ezetaife@gmail.com>                                         Fri, May 7, 2021 at 7:30 AM
To: Christina Taylor <ctaylor@beaumontca.gov>

---------- Forwarded message ---------
From: **Eze Taife** <ezetaife@gmail.com>
Date: Fri, May 7, 2021, 7:14 AM
Subject: Fwd: Urgent Request For Hearing
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

The City Manager's office assured me that this letter was forwarded to Ms. Taylor for processing though she denies it.

---------- Forwarded message ---------
From: **Eze Taife** <ezetaife@gmail.com>
Date: Fri, Feb 26, 2021 at 7:43 PM
Subject: Urgent Request For Hearing
To: <tparton@beaumontca.gov>

Dear Sir,
Please see the attached file for my official request for an urgent hearing. I am sending this copy by email due to the urgency. Thank you for your consideration.
Cordially yours,
Ezekwesili Iloputaife

---

📄 **The City Manager Signed Letter.pdf**
354K

# Exhibit "L"

Ezekwesili I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

April 5, 2021

Planning Commission
City of Beaumont
550 E. 6th Street
Beaumont, CA 92223

Re: Permit No. BP2017-00691/Permit Type: Addition /Property Location: 1421 Faircliff Street.

Dear Honorable Commissioner,

## APPLICATION FOR ADMINISTRATIVE HEARING

My name is Ezekwesili Iloputaife. I have been a resident of the City of Beaumont since January 2000.

On May 1, 2017, my wife, Nneka and I obtained the above referenced construction permit for a sizable addition to our family house. At a stage during construction, I noticed that the Edison high-tension electric wire line is dangerously close to the open second-story terrace. So, I constructed a roof deck to abate possible radiation effects from the high-tension wires.

During my roof deck inspection on August 15, 2018, I was informed by the two City Inspectors who performed the inspection that I will need an approved plan or get a variance for the roof over the terrace before I could load that area. Otherwise, I will have to remove it.

For over a year, I sought the attention of the City Community Development Director to present my concern. I was ignored until I had to go through the City Council, particularly the Mayor to arrange for a meeting on August 16, 2019 at which my request for a variance was denied. I then requested for a physical observation of my concern on site by a high-level City Official delegation peradventure that could cause them to reconsider.

Instead, the City sent an entirely new person, Mr. Fazekas accompanied by the two original Inspectors on September 4, 2019 to my home project. Mr. Fazekas walked through my home without discussing any issues with me. When I, as the owner and builder asked Mr. Fazekas to discuss why I invited the City to my home project, he said that his "boss" will discuss with me after he submits his report.

I later received a letter dated September 10, 2019 from Mr. Fazekas detailing issues with areas of my project he believes and concluded need to be addressed. He included an area far-gone and since approved by the two inspectors present with him at the site. Instead, he chose to disregard me. For all purposes, that area should have been discussed and probably resolved on site.

I replied to Mr. Fazekas' letter on September 11, 2019, in which I tried my best to explain the issues and request for on-site discussion of the issues in question. The City has so far refused to grant my request nor consider an open review of the City own inspection reports.

Now, quoting from the second paragraph of the above referenced city letter of September 10, 2019; **"The areas in which you have undertaken work which are not covered by the approved plans will require city approval before proceeding with construction or inspection of those areas"**. That letter specified 3 areas of concern which has been addressed:

> • The first area of concern was far-gone **approved** on August 15, 2018, by the two City Inspectors who were present with Mr. Fazekas on September 4, 2019. That issue would have been resolved on site if Mr. Fazekas had mentioned it to me at their presence. However, the inspection reports of August 15, 2018 and June 17, 2019 should clarify this issue.

> • No further work was done on the second issue per City Inspector's note on my Inspection Card. I eventually removed the unpermitted patio roof deck on March 2, 2021. A day after my telephone agreement with the City Community Development Director, Ms. Taylor.

> • The third issue was corrected soon after I received that letter dated September 10, 2019 from Mr. Fazekas. I called for the inspection of that and for review of the first issue but was ignored by the City.

At no time during this project was I issued a GENERAL STOP WORK NOTICE before February 26, 2021. Therefore, the City was obligated when called upon for inspection, to inspect corrected work done and other works done in areas not specified in the City letter. City refusal or failure to perform such inspections amounts to dereliction of duty.

My Permit remains valid if I do not stop work for 180 days per City rules which states that "Cessation of work for 180 days shall void a Permit". Since I called for inspection several times within the time frame, it is contemptuous of City rule to hold me responsible for City inspections or failures thereof.

The City of Beaumont has been harassing my family with daily unqualified Administrative Citations of $1,000 since January 20, 2021. The City has threatened me by issuing me an ultimatum while pushing action that could render my family homeless amidst a pandemic by sending a debt collection agency after my family.

The City eventually issued a Stop Work Order on February 26, 2021 after I decided to protect my home and family from the elements of weather which has been adversely affecting my home for as long it has been exposed.

My family is dealing with all this, while other Local, State and Federal Governments are exploring ways to support their citizens. I was informed it is because I "won't play ball".

I request for administrative hearing with hope that my City of Beaumont will see reason to review the inspection records in the open. I am certain an open review of the issues will do for a fair resolution. Since I removed the unapproved section of my work; I do not need a revised plan to finish my work because all structural work is done and approved.

Sincerely,

Ezekwesili Iloputaife

 Gmail                                              Eze Taife <ezetaife@gmail.com>

## APPLICATION FOR ADMINISTRATIVE HEARING

**Eze Taife** <ezetaife@gmail.com>                                    Mon, Apr 5, 2021 at 8:25 PM
To: smehlman@beaumontca.gov, Nicole Wheelwright <NWheelwright@beaumontca.gov>, pstmartin@beaumontca.gov,
nsmith@beaumontca.gov, acolindres@beaumontca.gov, pstephens@beaumontca.gov, jblack@beaumontca.gov

Ezekwesili I. Iloputaife
1421 Faircliff Street
Beaumont, CA 92223

April 5, 2021

Planning Commission
City of Beaumont
550 E. 6th Street
Beaumont, CA 92223

Re: Permit No. BP2017-00691/Permit Type: Addition /Property Location: 1421 Faircliff Street.

Dear Honorable Commissioner,

### APPLICATION FOR ADMINISTRATIVE HEARING

My name is Ezekwesili Iloputaife. I have been a resident of the City of Beaumont since January 2000.

On May 1, 2017, my wife, Nneka and I obtained the above referenced construction permit for a sizable
addition to our family house. At a stage during construction, I noticed that the Edison high-tension electric
wire line is dangerously close to the open second-story terrace. So, I constructed a roof deck to abate
possible radiation effects from the high-tension wires.

During my roof deck inspection on August 15, 2018, I was informed by the two City Inspectors who
performed the inspection that I will need an approved plan or get a variance for the roof over the terrace
before I could load that area. Otherwise, I will have to remove it.

For over a year, I sought the attention of the City Community Development Director to present my concern.
I was ignored until I had to go through the City Council, particularly the Mayor to arrange for a meeting on
August 16, 2019 at which my request for a variance was denied. I then requested for a physical observation
of my concern on site by a high-level City Official delegation peradventure that could cause them to
reconsider.

Instead, the City sent an entirely new person, Mr. Fazekas accompanied by the two original Inspectors on
September 4, 2019 to my home project. Mr. Fazekas walked through my home without discussing any
issues with me. When I, as the owner and builder asked Mr. Fazekas to discuss why I invited the City to my
home project, he said that his "boss" will discuss with me after he submits his report.

I later received a letter dated September 10, 2019 from Mr. Fazekas detailing issues with areas of my project
he believes and concluded need to be addressed. He included an area far-gone and since approved by the
two inspectors present with him at the site. Instead, I chose to disregard me. For all purposes, that area
should have been discussed and probably resolved on site.

I replied to Mr. Fazekas' letter on September 11, 2019, in which I tried my best to explain the issues and
request for on-site discussion of the issues in question. The City has so far refused to grant my request nor
consider an open review of the City own inspection reports.

Now, quoting from the second paragraph of the above referenced city letter of September 10, 2019; **"The
areas in which you have undertaken work which are not covered by the approved plans will require city
approval before proceeding with construction or inspection of those areas"**. That letter specified 3 areas
of concern which has been addressed:

Case 5:21-cv-01452-JWH-AGR   Document 3   Filed 08/26/21   Page 63 of 135   Page ID #:83

- The first area of concern was far-gone **approved** on August 15, 2018, by the two City Inspectors who were present with Mr. Fazekas on September 4, 2019. That issue would have been resolved on site if Mr. Fazekas had mentioned it to me at their presence. However, the inspection reports of August 15, 2018 and June 17, 2019 should clarify this issue.

- No further work was done on the second issue per City Inspector's note on my Inspection Card. I eventually removed the unpermitted patio roof deck on March 2, 2021. A day after my telephone agreement with the City Community Development Director, Ms. Taylor.

- The third issue was corrected soon after I received that letter dated September 10, 2019 from Mr. Fazekas. I called for the inspection of that and for review of the first issue but was ignored by the City.

At no time during this project was I issued a GENERAL STOP WORK NOTICE before February 26, 2021. Therefore, the City was obligated when called upon for inspection, to inspect corrected work done and other works done in areas not specified in the City letter. City refusal or failure to perform such inspections amounts to dereliction of duty.

My Permit remains valid if I do not stop work for 180 days per City rules which states that "Cessation of work for 180 days shall void a Permit". Since I called for inspection several times within the time frame, it is contemptuous of City rule to hold me responsible for City inspections or failures thereof.

The City of Beaumont has been harassing my family with daily unqualified Administrative Citations of $1,000 since January 20, 2021. The City has threatened me by issuing me an ultimatum while pushing action that could render my family homeless amidst a pandemic by sending a debt collection agency after my family.

The City eventually issued a Stop Work Order on February 26, 2021 after I decided to protect my home and family from the elements of weather which has been adversely affecting my home for as long it has been exposed.

My family is dealing with all this, while other Local, State and Federal Governments are exploring ways to support their citizens. I was informed it is because I "won't play ball".

I request for administrative hearing with hope that my City of Beaumont will see reason to review the inspection records in the open. I am certain an open review of the issues will do for a fair resolution. Since I removed the unapproved section of my work; I do not need a revised plan to finish my work because all structural work is done and approved.

Sincerely,

Ezekwesili Iloputaife

Please see attached for official PDF copy.

---

📄 **APPLICATION FOR ADMINISTRATIVE HEARING.pdf**
129K

# Exhibit "M"

**Christina Taylor** <Ctaylor@beaumontca.gov>        Wed, Apr 14, 2021 at 10:26 AM
To: Eze Taife <ezetaife@gmail.com>

Good morning Mr. Iloputaife,

Your requested hearing has been scheduled for Thursday, April 22 at 9am. The hearing will be held virtually and I will send out the meeting link as soon as it is ready.

Thank you.

CHRISTINA TAYLOR

*Community Development Director*

City of Beaumont

550 E. 6th Street, Beaumont, Ca 92223

Desk (951) 572-3212

BeaumontCa.gov

Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

**Eze Taife** <ezetaife@gmail.com>                                              Wed, Apr 14, 2021 at 11:37 AM
To: Christina Taylor <Ctaylor@beaumontca.gov>

Good morning Ms. Taylor,

Thanks for the update though I expected a much earlier date.

However, I do have various exhibits that are highly crucial for this hearing that need be reviewed in this hearing some of which should be available in City records. Therefore, I will require adequate opportunity to present such evidence considering the technical challenges online Zoom presentation would pose for me.

Otherwise, in-person hearing with adequate precautions will be preferably necessary for a fair hearing.

Thanks for your consideration.

Sincerely,

Ezekwesili Iloputaife.

On Wed, Apr 14, 2021, 11:59 AM Christina Taylor <Ctaylor@beaumontca.gov> wrote:

If you can email me the information I will provide it to the panel. I can also share the information electronically on the screen during the meeting. If you can not email the information, please drop them off at customer service and I will prepare them for electronic viewing.

CHRISTINA TAYLOR

*Community Development Director*

City of Beaumont

550 E. 6th Street, Beaumont, Ca 92223

Desk (951) 572-3212

BeaumontCa.gov

Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

**Eze Taife** <ezetaife@gmail.com>                                                          Thu, Apr 15, 2021 at 10:27 AM
To: Christina Taylor <Ctaylor@beaumontca.gov>

Good morning Ms Taylor,
It obviously won't be a fair hearing if I have to be subjected to having you present my case evidence. Alternatively, you can activate 'Multiple Participant share' on Zoom to enable me to adequately present my evidence.
The fact we all know the limitations of virtual meetings makes me wonder why insisting on that mode for Administrative Hearing when the City will have no problem facilitating a safe in-person meeting.
I will be sending you a list of documents I intend to present all of which you can retrieve from the City records. I will also send you progress photographs that support my case. My related text message-scroll with the Mayor is what I don't know how to forward to you.
I also wish to bring to your notice my intention to publish an invitation to the hearing on Nextdoor-App and possible media coverage.
Cordially,

Ezekwesili Iloputaife

**Christina Taylor** <Ctaylor@beaumontca.gov>                                      Wed, Apr 21, 2021 at 4:40 PM
To: Eze Taife <ezetaife@gmail.com>, Eze Taife <ezetaife@outlook.com>

Good afternoon Mr. Iloputaife,

I apologize for the late notice but the hearing scheduled for tomorrow must be rescheduled. One of
the panelist has fallen ill and I am unable to find a replacement on such short notice. The hearing
has been rescheduled for May 6, 2021 at 9am. I apologize for the inconvenience.

CHRISTINA TAYLOR

*Community Development Director*

City of Beaumont

550 E. 6th Street, Beaumont, Ca 92223

Desk (951) 572-3212

BeaumontCa.gov

Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

---

**Eze Taife** <ezetaife@gmail.com>                                                Wed, Apr 21, 2021 at 5:33 PM
To: Christina Taylor <Ctaylor@beaumontca.gov>

Good afternoon Ms. Taylor,
Sad to hear about this development. I wish the sick person a speedy recovery. I hope it's nothing serious at this critical
time.
I would think that the fair thing to do this late in the schedule should be to keep the original date and introduce the
development tomorrow at the meeting and reschedule it then with the consent of all.
I informed you very well in advance of my invitees to the meeting. I also have serious financial interests at stake that will
continue to be affected by so many inconsiderate decisions by the City.
I don't know of any human who enjoys being treated as if they don't matter. Like they don't have any say in issues of
concern to them. I just hope it's not by design because I feel systematic oppression.
Cordially,

Ezekwesili Iloputaife
[Quoted text hidden]



image001.png
24K

---

**Christina Taylor** <Ctaylor@beaumontca.gov>
To: Eze Taife <ezetaife@gmail.com>
       Wed, Apr 21, 2021 at 6:12 PM

I assure you the rescheduling was to ensure you have a fair hearing. I would not want one panel member to miss out on receiving the full body of information you will share.

CHRISTINA TAYLOR
Community Development Director
City of Beaumont
550 E. 6th Street, Beaumont, Ca 92223
Desk (951) 572-3212 | Fax (951) 769-8526
BeaumontCa.gov
Facebook | Twitter | Instagram | YouTube

#ACITYELEVATED

**From:** Eze Taife <ezetaife@gmail.com>
**Sent:** Wednesday, April 21, 2021 5:33:05 PM
**To:** Christina Taylor <Ctaylor@beaumontca.gov>
**Subject:** Re: Reschedule of Admin Hearing Tomorrow

[Quoted text hidden]

---

**Eze Taife** <ezetaife@gmail.com>
To: Christina Taylor <Ctaylor@beaumontca.gov>
       Thu, Apr 22, 2021 at 8:25 AM

Dear Ms. Taylor,
Good morning.
In two days I'll be 60yrs. I've made this beloved country mine for almost half of that. I bought my first home and moved to Beaumont in January 2000 from Orange county.
Since then, I've been to court once with the City of Beaumont which was settled by the City. I had another near-court experience which was resolved by the City Ms. Rebecca Deming before it could get to court. Now this identical matter as the last. All three cases have one common denominator; Ms.McCarthy in subtlety.
Here, I can hardly get anyone to listen to me, talkless considering anything I've to say. I was even ignored in my home at my own invitation for a specific reason. Would not even reason with me on obvious City approval. Making sure I know I don't matter and shouldn't be heard from.
You don't even care that the City's own pictures evidence of March 11, 2020 contradicts everything on the "Courtesy Notice" referenced in the City hearing submittal.
You are denying two obvious inspections and voiding my Permit without the slightest consideration in a pandemic.
I'm not sure how you could convince yourself of fairplay talkless me while you deny me every imaginable due process.
You just unilaterally postponed my hearing without prior consultation with me. Because I didn't matter. I just wonder if you can wear my shoes for a minute.
Sincerely,

Ezekwesili Iloputaife
[Quoted text hidden]

---

# Exhibit "N"

Administrative Hearing Video clip of Ms. TALOR interacting privately with PANEL head immediately after her testimony:
https://m.facebook.com/story.php?story_fbid=4640272489334241&id=100000546082013&sfnsn=mo

Watch the two ladies on the top row attentively. You will observe the center-top lady just finished her testimony to every attendee's hearing, then her mic went off while she continued talking with the lady to her right. It is important to observe their facial expressions during that period.

Both women continued interacting with their audio/microphones cutoff from the black couple at the middle row until they were called to order. In attempt to explain her behavior, the PANEL head to Ms. TAYLOR's right inadvertently said: "***You've gotta keep 'em all straight, that's for sure***"

Now the question becomes; who are 'THEM' that needed to be kept straight? And why?

# Exhibit "O1" and "O2"

 Gmail

**Eze Taife <ezetaife@gmail.com>**

---

## Notice of Appeal 1421 Faircliff Street Beaumont, CA

**Eze Taife** <ezetaife@gmail.com>                                    Mon, Jun 7, 2021 at 4:20 PM
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

Thanks Nicole for your prompt response this morning.
Please find my Notice of Appeal attached herewith Application For Administrative Hearing Appeal. Please let me know
ASAP if these meet the requirement for the notice.
Thank you,

Ezekwesili Iloputaife

---

**2 attachments**

**Notice of Appeal to Beaumont City Council.pdf**
1113K

**APPLICATION FOR ADMINISTRATIVE HEARING APPEAL .pdf**
2221K

 **Gmail**

Eze Taife <ezetaife@gmail.com>

---

## Notice of Appeal 1421 Faircliff Street Beaumont, CA

**Eze Taife** <ezetaife@gmail.com>
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

Mon, Jun 7, 2021 at 4:38 PM

I'm sorry, please. This is a corrected copy of the Notice of Appeal.
Thanks.
[Quoted text hidden]

---

📄 **Notice of Appeal to Beaumont City Council.pdf**
1106K

 **Gmail**

Eze Taife <ezetaife@gmail.com>

## Notice of Appeal 1421 Faircliff Street Beaumont, CA

**Nicole Wheelwright** <NWheelwright@beaumontca.gov>
To: Eze Taife <ezetaife@gmail.com>

Tue, Jun 8, 2021 at 9:20 AM

Mr. Iloputaife,

After review of the appeal you submitted, we believe that Nneka would need to sign the appeal as well. Especially if her name is on the title of the house. Once that is corrected, please resubmit the appeal.

Thank you,

NICOLE WHEELWRIGHT

*Deputy City Clerk*

City of Beaumont

550 E. 6th Street, Beaumont, Ca 92223

Desk (951) 572-3196 |

BeaumontCa.gov

Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

[Quoted text hidden]

 Gmail

**Eze Taife <ezetaife@gmail.com>**

## Notice of Appeal 1421 Faircliff Street Beaumont, CA

**Eze Taife** <ezetaife@gmail.com>                                         Tue, Jun 8, 2021 at 4:11 PM
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

Good Afternoon Nicole,
Thanks for your diligence. Please find the attached corrections. I hope these work.

Ezekwesili Iloputaife

On Mon, Jun 7, 2021 at 4:20 PM Eze Taife <ezetaife@gmail.com> wrote:
[Quoted text hidden]

---

**2 attachments**

📄 **Notice of Appeal to Beaumont City Council.pdf**
   1341K

📄 **APPLICATION FOR ADMINISTRATIVE HEARING APPEAL .pdf**
   2303K

**"O2"**

 Gmail

Eze Taife <ezetaife@gmail.com>

## Appeal to City Council

**Nicole Wheelwright** <NWheelwright@beaumontca.gov>                    Thu, Jul 1, 2021 at 1:53 PM
To: Eze Taife <ezetaife@gmail.com>

Mr. and Mrs. Iloputaife,

Please see the attached invoice to process the Appeal to City Council. I have also attached the supporting fee schedule.
Once payment is received, I can send an official notice of appeal hearing to you.

Thank you,

NICOLE WHEELWRIGHT

*Deputy City Clerk*

City of Beaumont

550 E. 6th Street, Beaumont, Ca 92223

Desk (951) 572-3196 |

BeaumontCa.gov

Facebook | Twitter | Instagram | YouTube



#ACITYELEVATED

**2 attachments**

 **2021-032 Ezekwesili and Nneka Iloputtaife - Appeal City Council.pdf**
90K

Gmail - Appeal to City Council

📄 **Development-Fee-Schedule-Planning-Public-Works-Building--Fire  page 1.pdf**
  168K



# City of Beaumont
# Invoice

| | | |
|---|---|---|
| **Invoice #** | 2021-032 | **Mail to:** |
| | | City of Beaumont |
| **Account Number:** | 100-0000-4820-0000 | Attn:  Finance Department |
| **Date:** | 7/1/2021 | 550 E 6th Street |
| | | Beaumont, CA  92223 |

| | |
|---|---|
| **Phone:** | (951) 572-3236 |
| **Fax:** | (951) 769-8526 |
| **Email** | finance@beaumontca.gov |

**Bill to:**

Ezekwesili and Nneka Iloputtaife
1421 Faircliff Street
Beaumont, Ca 92223

| **Description of charges:** | **Time Period:** | **Charges:** |
|---|---|---|
| Application to Appeal to City Council per adopted fee schedule | 6/7/2021 | $1,945.98 |

| | | |
|---|---|---|
| | **Total Due:** | **$1,945.98** |

## \*\*Payment Due Within 30 Days\*\*

*Please include a copy of this invoice with your payment or notate invoice # on check*

```
@550 E 6TH ST
BEAUMONT, CA 92223
(951) 769-8520
-----------------------------------
DATE : 7/2/2021  12:01 PM
OPER : DDI
TKBY : DDI
TERM : 17
REC# : R01171154
===================================

101.0000 ACCT REC. / INVOICES    1945.98
2021-032 Ezekwesili and Nneka
Iloputtaif

Paid By:2021-032 Ezekwesili and Nneka
Il
1-Cash 2000.00
-----------------------------
              APPLIED     1945.98
              TENDERED    2000.00

              CHANGE        54.02
```



July 6, 2021

## NOTICE OF HEARING TO APPEAL TO CITY COUNCIL

To all persons having any interest in the premises having assessor's parcel number **428-100-028** and known and described as **1421 Faircliff Street** in the City of Beaumont:

Notice is hereby given that an appeal hearing has been set for the next regular City Council meeting of **July 20, 2021, at 6:00 p.m., in Council Chambers located at Beaumont Civic Center, 550 E Sixth Street, Beaumont, Ca 92223.**

Participation and attendance options are as follows:

1. Written comments will be accepted via email and will be read aloud during the corresponding item of the meeting. Public comments shall not exceed three (3) minutes unless otherwise authorized by City Council. Comments can be submitted anytime prior to the meeting as well as during the meeting up until the end of the corresponding item. Please submit your comments to: **nicolew@beaumontca.gov**

2. Phone-in comments will be accepted by joining a conference line prior to the corresponding item of the meeting. Public comments shall not exceed three (3) minutes unless otherwise authorized by City Council. Please use the following phone number to join the call **(951) 922 - 4845.**

3. In person comments subject to the adherence of the applicable health orders and social distancing requirements.

Nicole Wheelwright
Deputy City Clerk

# Exhibit "P1", "P2" and "P3"

 Gmail

Eze Taife <ezetaife@gmail.com>

---

## Appeal to City Council Pleading

**Eze Taife** <ezetaife@gmail.com>                                              Wed, Jul 14, 2021 at 9:09 AM
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

Good morning Nicole,
Please find our Pleading for our Appeal to the City Council attached below.
Cordially,
Ezekwesili Iloputaife

---

 **Appeal to Beaumont City Council Pleading.pdf**
2540K

EZEKWESILI ILOPUTAIFE
NNEKA ILOPUTAIFE
1421 FAIRCLIFF STREET
BEAUMONT, CA 92223
(714) 235-5444
ezetaife@gmail.com

Tuesday, July 16, 2021

# BEAUMONT CITY COUNCIL
## CITY OF BEAUMONT, CALIFORNIA

IN RE PROPERTY OF:
EZEKWESILI I. ILOPUTAIFE
NNEKA ILOPUTAIFE

1421 FAIRCLIFF STREET
BEAUMONT, CA 92223
APN 428-100-028

**APPEAL** TO BEAUMONT CITY COUNCIL from the "**DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE**" PER BMC Section 8.32.495-APPEAL TO THE CITY COUNCIL

July 20, 2021, at 6:00 p.m.
In Council Chambers located at Beaumont Civic Center
550 E Sixth Street, Beaumont, CA 92223

This is appeal is brought by Mr. Ezekwesili Iloputaife and Mrs. Nneka Iloputaife

(Owners/Appellants) from the "Decision of The Hearing Panel and Order to Abate Public

Nuisance" herein after referred to as "the decision" dated May 25, 2021, regarding property

located at 1421 Faircliff Street, Beaumont, CA 92223 (APN 428-100-028)

## DROUNDS FOR APPEAL

1. **The validity of the decision is in question based on the false premise on**

   **which the decision was reached.**

   A review of the actual hearing video will show only three individual witness

appearances was self-entered (Ms. Christina Taylor for the City of Beaumont & Mrs. Nneka

Iloputaife with Ezekwesili Iloputaife for Owners). Other than Ms. Christina Taylor announcing

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO
ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

the names as recorded in paragraph III. (PERSONS IN ATTENDANCE) section number 2 (For the City) there was no self/personal appearances for those names on the decision record. The video shows only seven screens with eight individuals in attendance. The decision falsified actual attendance, ignored critical evidence, and suppressed all relevant witness testimonies with crucial facts that are central to the crux of this matter. Yet, had no problem adopting uncorroborated city report designed to misguide any jury.

## 2. Prejudice

As clearly stated in item II (INTRODUCTION AND BACKGROUND) "in June 2014, the property applied for a permit for said structural addition." The City of Beaumont approved the plan for said project on December 26, 2016 and issued building permit number BP2017-00691 on May 1, 2017.  Further down same paragraph, reads: "An inspection was scheduled for August 15, 2018, but was not conducted due to no one answering at the residence."

Contrary to that assertion, there is evidence of inspection conducted on August 15, 2018, which shows acceptance and approval of the aspect of the construction in question. That evidence has been suppressed so far, and the relevant witnesses were absent at the hearing by design despite specific and timely call for their appearance at hearing by owners. Those critical evidence were anticipated to be unfavorable conclusive testimonies. therefore, the city suppressed that evidence and the hearing panel ignored all of that in the decision. That depicts prejudice.

The second paragraph which also has existing contradictory evidence that was ignored in the decision ends up explaining how the hearing panel conceived the "Basis for Decision," item V which states: *The seven-year period of the City working to remedy the*

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

*violations with the owner(s) has given sufficient time to the property owners to bring the property to code.*" Therefore, insinuating that the owners were in violation ever since June 2014 for daring to apply for building permit. Which explains the "seven-year period, despite their submission that the city official first alleged deviation from applicable city approved plan and sought corrective measures in writing on September 10, 2019.  Also, the decision failed to acknowledge existing evidence showing that the owner replied to same letter on September 11, 2019, seeking clarification based on applicable approved plan and the subsequent approved inspection record.

While noting that City "Building Official" who in fact turn out to be a city contractor, visited the property at Mr. Iloputaife's request. The decision did not discuss the actual reason for that requested visit because of the likely risk of exposure of inconvenient facts to which the Beaumont City Mayor could testify to some extent. Aspects of which is memorized in text messages tendered in evidence. The fact is that the owners requested that visit for city officials to get firsthand evaluation of the potential risk of radiation from Edison high tension wires in proximity to Owner's backyard second-story terrace for the city management's consideration of the variation the Owners sought from the city at the time for patio cover.

The owners spent about a whole year of persistence and eventual involvement of the city mayor just to be heard by city officials. That resulted to the visitation request by owners. It was at that supposed visit that the city contractor, Mr. Fazekas imagined a deviation from the approved plan without consulting that section approved-plan detail. The contractor further ignored the methodical inspection note of July 19, 2018, by the official inspector who approved the exact construction in conjunction with a second city official on August 15,2018. In fact, the original city inspector demanded and warned in writing, that Owners scrutinize details and

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

1   construct the section per approved-plan detail 29 "to avoid reinspection fees". Makes one wonder

2   if city officials orchestrated this whole saga from the start. So, it appears if going by City

3   Officials' contention.

4

5          The problem here, is that the owners dared to apply for building permit for such

6   an edifice and dare to persist on getting a variance to mitigate a perceived danger. However,

7   despite the perceived radiation danger, the Owners has since removed that unpermitted aspect of

8   the construction that was meant to mitigate danger for which they sought variance.

9

10         Conclusive evidence in the approved plan depicting details of the construction

11  aspect in question and the city approved inspection record is being suppressed so far by the city.

12  Also, the two city inspectors who directed and approved that aspect of the construction after

13  thorough inspection has been deliberately kept away from testifying on record so far. The

14  hearing panel ignored such critical evidence while the panel head could be heard after she had

15  briefly cutoff her audio from the Owners as captured on the hearing video, say of the Owners

16  who happen to be blacks: **"You've gotta keep 'em all straight, that's for sure."**

17

18         As regards the building permit, the City of Beaumont ordinance provides that

19  cessation of work for 180 days shall cause a permit to become void. The City's last official

20  inspection of the project was on August 5, 2019. Thereafter, the city refused and ignored

21  subsequent calls for inspection by owner including inspection for correction of stair riser/run

22  which city official cited in the September 10, 2019, letter.

23

24         The city's failure to honor its obligation of legitimate calls for inspection on

25  existing valid permit cannot be charged against Owners. Owners never stopped work and the

26  permit for said project was never revoked, suspended, and was never issued a Stop Work Order

27  until February 26, 2021. The city has been derelict in its duty to these Owners by ignoring their

28  APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO
ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

PAGE 4

calls for inspection. The decision refers to City letter of March 18, 2020, stating permit BP2017-00691 was expired, while it suppressed the challenge-response to that same letter dated April 17, 2020. The reply which depicts the facts of this issue was written after several failed attempted telephone negotiations with city official, Mr. Pedro Rico.

## COMPOSITION OF THE HEARING PANEL

After two separate official applications for administrative hearing, first one marked "urgent" was addressed to the City Manager on February 26, 2021. Concerned about the consequences delay and after several futile status enquiry, a second application was addressed to the Planning Commission through the city clerk's office on April 5, 2021. City official, Ms. Taylor finally on April 14, 2021, scheduled a hearing for April 22 at 9am.

Ms. Taylor was so particular of her choice of the three-person panel that she postponed the hearing at the very last minute to May 6, 2021. That was over two weeks to allow for a member of her choice-panel to get well. She postponed the hearing without prior knowledge of the Owners and despite several other city officially appointed candidates on standby.

Her choice-panel eventually did the city staff orchestrated bidding to the extent that the panel incorporated most parts of the city's misguided and unsubstantiated report in the decision. The city staff literally denied these Owners of due process. "Justice delayed is justice denied."

In obvious bias against the Owners, the decision amended the title in item II (INTRODUCTION AND BACKGROUND) and then went ahead to incorporate the city staff's uncorroborated report word to word without any discuss of Owners' testimony nor several other

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

most relevant evidence. These Owners who are entitled to an impartial jury believe that their Fourteenth Amendment rights has been under extensive assault.

The Owners has as recent as July 6, 2021, written to the city, requesting official assessment of detail 29 on Sheet SD 02 of the applicable Approved Plan dated December 26, 2016, in conjunction with the construction inspection approval record of June 17, 2019, by city inspectors. These are conclusive evidence dealing with the crux of this entire matter which the City Council could review to equitably render a verdict. The Owners also requested from city officials, a corroboration of the alleged public nuisance so they can abate it. So far, it has only been alleged without any proven corroboration.

The fact remains that the subject property is among the most admired property in that vicinity to which even total strangers stop bye to commend the owners while it is yet unfinished. One would think that the city management would be proud of such development and encourage it rather than frustrate such wonderful effort by these Owners.

As is permitted in BMC Section 8.32.370, the Owners humbly invite the Hearing Panel With confidence to visit the property for onsite review of applicable evidence to help inform their resolve. That; the Owners believe will be a fair means to come to a well-informed resolution rather than depend on uncorroborated city staff report that was orchestrated for deception.

## ARBITRARY VIOLATION OF OWNERS CIVIL RIGHTS

In continual breach of the Owners' civil rights which includes the Eight Amendment against excessive fines, and contrary to city ordinance, BMC Section 8.32.495-APPEAL TO THE CITY COUNCIL which states as follows:

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

- A.

  Whenever any person is aggrieved by any final order of the Hearing Officer issued pursuant to this Chapter, such person may appeal to the City Council the issuance of said order by filing a written notice of appeal there from no later than 15 calendar days from the date of decision. A written notice of appeal shall be filed with the City Clerk and shall state the objections of the person filing the notice and shall state the interest in the property of the person filing the notice.

- B.

  The City Clerk shall set the matter for hearing at the next regular City Council meeting at least 14 calendar days after the date of the mailing of the Notice of Hearing on the appeal. The City Clerk shall give notice of the time and place of the hearing before the City Council to all interested parties in the same manner as set forth in Sections 8.32.310 through 8.32.330.

- C.

  The hearing before the City Council shall be conducted in a manner consistent with the provisions of Sections 8.32.360 and 8.32.370. After the hearing, the City Council may, by written decision, affirm, reverse, or modify, in whole or in part, any final decision or order of the Hearing Officer which is appealed from. The written decision shall be issued within fourteen (14) calendar days of the close of the hearing. Failure of the owner or other persons having any interest in the affected premises to appear at or be represented at the hearing shall in no way affect the validity thereof.

- D.

  The City Clerk shall serve the written resolution representing the decision of the City Council on the appeal on all interested parties in the same manner as set forth in Sections 8.32.310 through 8.32.330. The written resolution served shall contain a notice that judicial review, if desired, must be sought within 30 days after the date of posting on the subject premises a notice of the passage of the resolution declaring the nuisance to exist to contest the validity of any proceedings leading up to and including the adoption of the resolution; otherwise, all objections shall be deemed to have been waived.

  The city staff insisted that the Owners pay a fee of $1,945.98 before they can receive an official notice of appeal hearing. The invoice that was issued to the owners for such payment included the warning: "**Payment Due Within 30 Days**." Without any such fee

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

requirement in the applicable ordinance, coupled with some other unsettling interactions with Beaumont city officials aimed at frustrating the Owners' every effort, the Owners humanly feel oppressed, and fear organized extortion by city officials. While ignoring several timely Online Administrative Review requests, Beaumont city officials has persistently harassed these Owners with daily citations incurring $1,000 daily fines since January 2021 and has sent debt collectors after these Owners for $1,300 daily collection without due process of the law.

As regards these Owners' right to property, city officials crafted unqualified citations to which they have vehemently suppressed, ignored, and or refused review stack of contradictory evidence. Thereby, causing unnecessary construction delay resulting to weather devastation of the Owners' property. Consequently, these Owners and their dependents surfer a heightened level of emotional and psychological trauma as the City of Beaumont management staff continues to infringe on their right to enjoyment of life, liberty, and property.

### INFERENCE & PETITION

Based on the preceding well-articulated facts, it can be inferred that the citations are unwarranted and the subsequent hearing which produced the decision under appeal is prejudiced and the charge of public nuisance at Owners' property is unfounded.

Therefore, the Owners humbly pray the Beaumont City Council to reverse the decision, validate the permit, lift the stop work order, and refund in total the paid fee sum of $1,945.98.

Dated this 16th day of July 2021.

Ezekwesili Iloputaife                          Nneka Iloputaife

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL

1
2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3
4
5

Executed on July 16, 2021, at Beaumont, California.

6
7
8

Ezekwesili Iloputaife                                      Nneka Iloputaife

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAGE 9

APPEAL TO BEAUMONT CITY COUNCIL FROM THE "DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE" PER BMC SECTION 8.32.495-APPEAL TO THE CITY COUNCIL.

## 1421 Faircliff Street

Eze Taife <ezetaife@outlook.com>
Wed 9/11/2019 6:52 PM

To: sfairvine@aol.com <sfairvine@aol.com>
Cc: ctaylor@beaumontca.gov <ctaylor@beaumontca.gov>

Dear Mr. Fazekas:

Thank you for your letter dated September 10, 2019 and thank you for the visit to my home project.

While I commend your visit as my City Building Official, it is disappointing that you failed to discuss any of the issues raised in your letter while on site, and you were hardly patient to listen to me, who actually requested the visit in the first place to know why. I wonder if you know how condescending that felt. It is something I am learning to leave with, considering that Ms. Christina Taylor who you referred to as your boss, neglects me to a fault that I had to go through the Mayor to get this slight attention.

However, I humbly request on-site discussion of the issues raised in your letter. One of which I most certainly can assure you, you are mistaking about because it has already been signed-off by City Inspectors who thought like you until they inspected it from a deferent angle. And the on-site deliberation of the remedy I seek, I am sure is not out of place because such action has twice been taken to resolve similar matters in the past. Once by this present able City Manager and the other under Ms. Rebecca Deming, by the City Council on appeal regarding other property I owned. (961, 963, 965 Beaumont Avenue).

Cordially,

Eze Iloputaife

# "P2"

 Gmail

Eze Taife <ezetaife@gmail.com>

## Staff Responses

**Nicole Wheelwright** <NWheelwright@beaumontca.gov>
To: Eze Taife <ezetaife@gmail.com>

Mon, Jul 19, 2021 at 3:59 PM

Mr. Iloputaife,

The attached responses from staff were sent to City Council. I was asked to include you as a recipient as well.

---

**2 attachments**

📄 **Response to Applicant Pleading to CC.pdf**
82K

📄 **Response By BS to Applicant Pleading to CC.pdf**
111K

Christina Taylor, Community Development Director
Response to property owner pleading

## DROUNDS FOR APPEAL

1. The validity of the decision is in question based on the false premise on which the decision was

reached.

In attendance on the video were myself, Pedro Rico, Pete Nolan, the 3 panel members and Mr. & Mrs. Iloputaife. The decision does not make reference to any particular number of people present at the hearing. It is signed by the three hearing panelists.

2. Prejudice

PP2 – Evidence was provided to the hearing panel before and after the hearing by both he City and Mr. Iloputaife via the Deputy City Clerk. Prior to the hearing Mr. Iloputaife was sending me items to provide to the panel which I did via email. After the hearing concluded and the panelist were working on the decision (this occurs independently) Mr. Iloputaife requested the emails of the panelists so he could send them information directly. He insinuated I was not sending the information he provided. I advised Mr. Iloputaife, the panelists were volunteers and it would not be appropriate for me to provide their personal email to him. Instead, I offered the Deputy City Clerk as a neutral party to pass along information so he could leave me completely out of it. He was amenable to this and began working through the City Clerk's office. The hearing panel did not ignore Mr. Iloputaife's comments or evidence. He was given the opportunity to present information and the panel chair can be seen on the recording asking questions.

PP3 – The intent of that statement was to indicate the property owner has had 7 years to build what was approved. Although a formal letter was sent in September 2019, there had been years of phone and in person communication with Mr. Iloputaife regarding the status of the activity on his property.

PP6 – To my knowledge, there is no request for a variance on file.

PP7 – Minute 5:30 staff had finished the City presentation and the panel Chair was beginning to speak. She was muted and Mr. Iloputaife said he couldn't hear her. Another panelist advised the Chair to unmute herself and I requested the Chair to start her comments all over. While umuting she was flustered and was trying to get it together and she commented "you gotta keep em all straight that's for sure" which I believe to clearly be in reference to all of her tasks running the zoom meeting.

## COMPOSITION OF THE HEARING PANEL

PP1 – I received Mr. Iloputaife's application for administrative hearing on April 5, 2021, via email from Planning Commissioner Stephens. I was not included on the email request from Mr. Iloputaife. I subsequently received the same request for hearing via email on April 6, 2021, from the Deputy City Clerk. On April 12, 2021, 3 working days after receiving the application, I emailed Mr. Iloputaife asking him if the week of April 19th would work for him for a hearing. The week of April 19th would have been 2 weeks after the application was received. I advised Mr. Iloputaife we had towork with schedules of the hearing panelists and I would let him know the date. After the Deputy City Clerk reached out to the hearing panelists, we had three confirm for a meeting on April 22, 2021. I advised Mr. Iloputaife on April 14th of the April 22nd hearing date and he confirmed.

Christina Taylor, Community Development Director
Response to property owner pleading

On April 21, 2021 at 9:21am I received a call from one of the panelist advising they were ill with a fever of 104 and requesting a substitute. The Deputy City Clerk was unable to secure a replacement panelist on short notice so I made the decision to reschedule the hearing in an effort to avoid a potential 1-1 decision/opinion from the panel. I advised Mr. Iloputaife of this development and he acknowledged. The meeting was reschedule for May 6th which was the soonest date for which we could confirm panelists.

PP2 – I did not choose the panelists. City Council appoints a number of people to serve as volunteer hearing body members. The Deputy City Clerk handles scheduling the panelists.

ARBITRARY VIOLATION OF OWNERS CIVIL RIGHTS

PP6 – Community Enhancement Officers were issuing citations based on what the municipal code allows. These citations have been mailed and not delivered in person. The case is open and no debt collectors (Ticket Pro) have been directed by staff to pursue this matter. The case is still pending. No additional citations have been issued since the scheduled April 22 hearing. Staff felt it was most appropriate to allow due process and decision without further issuing citations.

Pedro Rico, Chief Building Official
Response to property owner pleading

DROUNDS FOR APPEAL

1. The validity of the decision is in question based on the false premise on which the decision was

reached.

In attendance on the Zoom streaming were myself, Christina Taylor, Kristine Day, Pete Nolan, the 3 panel members and Mr. & Mrs. Iloputaife. Inspector Mike Almandinger was on standby in case he was needed.

2. Prejudice

PP1 & PP2 – Building inspection records reflect on August 15, 2018, there was no answer at the door, the inspection was incomplete, and a partial approval was given by the inspectors for only the roof deck areas that are in the approved plans.

PP3 – The 7-years is to show the time the City has been working on the project. Building inspection records from July 16 & 19, 2018, indicate corrections written to build per, and follow the approved plans.

PP4 – Two inspectors and Scott Fazekas, City's consulting Building Official, visited the site and perform observations on September 4, 2019. The observation report of September 10, 2019, prepared by Mr. Fazekas, describes the deviations from the approved plans and how to correct those deviations.

PP5 – Corrections from July 19, 2018, indicate to follow all the details that are in the approved plans, including detail 29, and to follow the approved set of plans. Roof framing plan on Sheet S3.0 calls out detail 29 on Sheet SD-02; this callout is located on the roof section over the interior stairway that is adjacent to the exterior front open terrace. Detail 29 depicts detailed connections of the roof structure over the interior stairway and not a roof structure for the front open terrace. The 2 inspectors and Mr. Fazekas have many years of experience in the Building and Safety profession and made the observations and report based on what is contained in the approved plans and on the deviations from the approved plans.

On August 15, 2018, there was no answer at the door, the inspection was incomplete, and a partial approval was given by the inspectors for only the roof deck areas that are in the approved plans.

Reinspection fees are assessed when reinspection occurs on the same type of inspection and the work is still incomplete. The inspectors did not ask for reinspection fees to be paid even though the same inspection was previously done on July 16, 2018. They provided the note as a courtesy to advise the owners to reschedule the inspection after all the construction is corrected to avoid the cost of a reinspection fee.

PP6 – From the pictures emailed by the owner, the patio cover over the rear terrace was removed, and only 2-posts supporting a roof projection is remaining that are not part of the approved plans. The enclosed and roofed front terrace that are not part of the approved plans are not removed.

PP7 – The approved plans do not include any design of the patio cover over the rear terrace and do not include the front terrace to be enclosed and roofed, and the inspectors have not approved those deviations from the plans.

Pedro Rico, Chief Building Official
Response to property owner pleading

Inspector Mike Almandinger was on standby to join the Zoom meeting in case he was needed.

I believe that the comment made by the head of the hearing panel of "you gotta keep em all straight that's for sure" was about having to control and maneuver multiple tasks with the Zoom computer program.

PP8 – Expiration of permits occur after 180 days of inactivity. The notice letter of the permit expiration was sent on March 18, 2020. The last inspection was on September 4, 2019, by Mr. Fazekas and 2 inspectors.

On April 13, 2020, I informed Mr. Iloputaife over the phone that all the previously requested corrections had to be ready for inspections to proceed and not only for the stairs. He was informed that all the previously requested corrections had to be addressed, including addressing the deviations from the approved plans.

PP9 – The notice letter of the permit expiration was sent on March 18, 2020. Construction continued with an expired permit. The stop work notice was issued by the Community Enhancement Officer on February 26, 2021, for continuing construction on the expired permit. Pictures show the exterior of the building is covered with plastering without the benefit of inspections and approvals of structural framing, rough mechanical, rough electrical, and rough plumbing.

COMPOSITION OF THE HEARING PANEL

PP1-PP4 – See comments from Christina Taylor, Community Development Director.

PP5 – Roof framing plan on Sheet S3.0 calls out detail 29 on Sheet SD-02 over the interior stairway adjacent to the exterior front open terrace. Detail 29 depicts detailed connections of the roof structure over the stairway and not a roof structure for the front open terrace. The approved plans do not contain the design to enclose and roof the front open terrace; I have explained this to Mr. Iloputaife over the phone and in person.

ARBITRARY VIOLATION OF OWNERS CIVIL RIGHTS

No responses from the Department of Building and Safety on these comments.

INFERENCE & PETITION

No responses from the Department of Building and Safety on these comments.

**"P3"**

 Gmail                                    **Eze Taife <ezetaife@gmail.com>**

## Staff Responses

**Eze Taife** <ezetaife@gmail.com>                              Tue, Jul 20, 2021 at 12:49 PM
To: Nicole Wheelwright <NWheelwright@beaumontca.gov>

Good day Nicole,
Please find our rebuttal to city staffs' responses attached here for the Council hearing.
Cordially,
Ezekwesili Iloputaife

On Mon, Jul 19, 2021 at 4:00 PM Nicole Wheelwright <NWheelwright@beaumontca.gov> wrote:
[Quoted text hidden]

📄 **Owner rebuttal to City Staffs' Responses to Pleading..pdf**
859K

Owner rebuttal to City Staffs' Responses to Pleading.

## To start with:

The appeal hearing requires that "All evidence taken shall be sworn evidence and the proceedings shall be recorded," per section 8.32.370 - Hearing on abatement—Procedure.

Owners insist because they can prove profoundly serious perjury in both city staffs submitted responses. The zoom hearing video tells it all and the Decision statements are obvious.

1. Grounds for Appeal

While only three people entered personal appearance and only eight people total showed up in the video, the Decision reports eleven people in attendance. Ms. Taylor denies fact in the Decision which referred to eleven named persons in attendance. Mr. Rico names six people plus three panel members for a total of nine people.

Besides, except for the panel Chairperson and Ms. Taylor, the owners did not know any of the other unidentified witnesses in actual attendance. And the owners could not tell the remaining two panelists in the hearing while their adversary in this case were privileged with all that knowledge.

1. Prejudice.

PP2- The video again tells the story. The panel did not have any of the evidence that was forwarded through Ms. Taylor. In absolute demonstration of already established mindset and of not paying attention to the testimony, you could hear the panel chair interrupting Mr. Iloputaife and asking questions that are entirely out of line with his testimony.

Mr. Iloputaife's request for direct means of evidence delivery to the panel could be clearly heard made at the hearing and no request for the panelists emails was made at any time by Mr. Iloputaife. Of cause, the panel ignored all Mr. Iloputaife's testimony and made no consideration of any of his evidence in the Decision even while the panel copied the city staff's misleading submission word to word.

PP3- No matter how the city staff twists it, it is a laughable and deceptive white lie to say that the owner has seven years to build what was permitted on May 1, 2017. At least, we can all do that math. Moreover, the Decision statement in that regard is specifically clear on "The seven -year period of the City working to remedy the violations with owners(s) has given sufficient time to the property owners to bring the property to code." So, by these submitted explanations, it was a violation for these owners to apply for a permit otherwise the panel is incompetent.

PP4 & PP5- physical inspection of the property in articulating the inspection notes of the applicable area would answer every reasonable question pertaining to that issue. The July 19, 2018, note specifies details and materials uniquely applicable to that area of the construction and can be easily verified on sight. The approved details plan can as well be compared to the physical structure. Which is what the city has been avoiding in ignoring further inspection calls and the owner replies to everyone of city official's letters. With actual verification of facts in evidence, we shall all know how well the city officials' many years of experience served them in this case.

Owner rebuttal to City Staffs' Responses to Pleading.

PP6- It is only fair to require the city staff to explain what the meeting which the Mayor helped arrange where which the owners requested the City officials' visit to the owners' property was all about and why the request was made.

PP7- Here again the video tells the story. The panel chairperson and Ms. Taylor could be seen interacting while the black property owners could be seen shut off the discussion and immediately after says "you've gotta keep em all straight that's for sure" she did not say keep it straight. No, she said keep them straight. And let us be sure to understand under what context that statement was made.

PP1- Ms. Taylor's response here to this Honorable Council is such that should make one ask why anyone who misleads the administration of any aspiring noble government be employed. Mr. Iloputaife's numerous emails which maybe too much but for one which was addressed to the City Manager for "Urgent Hearing" on February 26, 2021, of which his secretary told Mr. Iloputaife after persistent inquiry that it was forwarded to Ms. Taylor for process. In fact, Mr. Iloputaife addressed the April 5, 2021, request to the Commissioners in frustration after it became apparent that Ms. Taylor was not going to act in that regard even coming through the city manager's office just as it was when Mr. Iloputaife sought the Mayor's help to get her attention. Deputy city clerk, Ms. Wheelwright told Mr. Iloputaife that she forwarded everything to Ms. Taylor because she (Ms. Wheelwright) had nothing to do with the hearing process except for processing records. That was when Mr. Iloputaife wondered over phone discussion with Ms. Wheelwright why the over two weeks wait for a sick individual to get well while there were other standby hearing appointees.

Communications which prove Ms. Taylor's manipulations are extensive and could be used in deposition. Mr. Iloputaife objected to every drawn-out schedule starting with the suggestion of the week of April 19th by Ms. Taylor. Even Ms. Taylor's response to the Owners' pleading admits she contacted and communicate directly with the panelists as she confirmed notice to her directly from the "ill" panelist on April 21, 2021, at 9:21am. She did not say that the deputy city clerk informed her. Besides, rather than reschedule waiting over two weeks for a sick individual to get well, a substitute could have been arranged for a much earlier date to serve as appointed. It is obvious from Ms. Taylor's comment in the video that she managed all the scheduling pertaining the hearing. For any system to allow one's adversary to play the role such as Ms. Taylor represented in this case is nothing short of systematic oppression. Ms. Taylor was even asked for an opening statement in the hearing called for by the Owners and allowed for city rebuttal after owner statement. How else can one prove prejudice against owners on the part of the panel.

Arbitrary Violation of Owners Civil Rights

City own exhibits submitted at the hearing includes assessment of alleged $1,000.00 citation "debt" for each one of 58 citations and a $300.00 collection fee for some for a total of $62,260.00.

So many of the citation were posted at owners' garage door until the owner alleged undue harassment and issued a warning for such posting to stop. However, the citation continued coming daily by registered mail and several standard mail for each of the citations. So much that the owners have unimaginable pile of such citations for which the city ignored several responsive online official applications for review. The collection agency, Innovative Collection Services also ignores owners' warnings to stop their collection efforts and threatening letters which the owners receive daily in the

2

Owner rebuttal to City Staffs' Responses to Pleading.

mail that identifies the City of Beaumont as their client. The collection letters still come in daily even as Ms. Taylor denies it all.

For Ms. Taylor to deny these facts against her own evidence and in response to Owners' pleading to this honorable body is reprehensible.

The city caused owners to pay $1,945.98 before they could get the notice for this Council Appeal Hearing. Essentially making owners pay for their right to access to justice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2021, at Beaumont, California.

_____                    _____
Ezekwesili Iloputaife                       Nneka Iloputaife

# Exhibit "Q"

Beaumont City Council Appeal Hearing Video:
https://www.youtube.com/watch?v=lOAkXg9ruvk

# Exhibit "R"

RESOLUTION NO. 2021-42

**A RESOLUTION OF THE CITY COUNCIL OF THE CITY OF BEAUMONT, CALIFORNIA, UPHOLDING THE DECISION OF THE HEARING PANEL AND ORDER TO ABATE PUBLIC NUISANCE AT 1421 FAIRCLIFF STREET, BEAUMONT, CALIFORNIA**

**WHEREAS,** Ezekwesili Ihuefo Iloputaife ("Applicant") applied for a permit for a structural addition of 2,780 square feet with extensive interior remodeling for real property located at 1421 Faircliff Street, Beaumont, California (APN 428-100-028) (the "Property") and owned by Nneka I. Iloputaife (the "Owner").

**WHEREAS,** on May 1, 2017, permit BP2017-00691 (the "Permit") was issued to the Applicant for the addition and the remodel of the Property and on July 16, 2018, an inspection was conducted and it was determined a reinspection was needed. Subsequent inspections were conducted on July 19, 2018, August 7, 2018, and August 13, 2018, all requiring reinspection. An inspection was scheduled for August 15, 2018 but was not conducted due to no one answering at the residence.

**WHEREAS,** on June 4, 2019, a letter was sent from the City to the Applicant stating that permit BP2017-00691 had expired.

**WHEREAS,** on September 4, 2019, the City's building official visited the Property at the Applicant's request. On September 10, 2019, the City's building official sent a letter (the "September 10, 2019, Letter") to Applicant summarizing the visit, and the fact that Applicant had built onto the Property beyond the scope of the expired Permit and provided a list of some of the following problems present at the Property:

There are a few things worth noting in order for you to proceed with your project considering the direction and scope of work already performed. The areas in which you have undertaken work which are not covered by the approved plans will require City approval before proceeding with construction or inspection of those areas.

• The front has a 2nd story dormer pop-out which has been enlarged into an enclosed room. This area has lateral design issues with improper seismic bracing as currently constructed. Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations.

• The rear deck has been covered by a solid 2nd story roof of over 400 sf which is not on the approved plans. Lateral structural support for this area is lacking which should be addressed with structural calculations. Also, the roof joists may be overspanned unless the grade lumber used is select structural. The tie-in from the patio roof to the house is not visible and the out-of-plane (pull away) connection should be detailed in the revised plans and verified.

1

• The stair rise/run doesn't comply with Code since the steps were noticeably inconsistent when walking them. This is simply worth noting so they can be corrected at framing stage rather than at a later date.

In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.

**WHEREAS,** as a result of the above inspection of the Property and notes of the inspector, Applicant was no longer able to continue construction on the Property and, if so desired, was required to reapply for a permit along with submission to the City of the above-required structural plans.

**WHEREAS,** on March 18, 2020, another letter was sent from the City to Applicant again stating permit BP2017-00691 was expired.

**WHEREAS,** on March 19, 2020, as a follow up to the expired permit, the City's Code Enforcement provided a Courtesy Notice for the following issues:

**8.32.060 - Building Code violations;** All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance.

**8.32.070 - Zoning ordinance violations;** Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance. Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, and are declared a public nuisance.

Upon observation of the premises, the following additional violations were noted:

**8.20.020 - Nuisance vehicles;** The accumulation and storage of abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof on private or public property, not including highways, is found to create a condition tending to reduce the value of private property, to promote blight and deterioration, to invite plundering, to create fire hazards, to constitute an attractive nuisance creating a

hazard to health and safety of minors, to create a harborage for rodents and insects and to be injurious to the health, safety and general welfare. Therefore, the presence of an abandoned, wrecked, dismantled or inoperative vehicle or part thereof, on private or public property not including highways, except as expressly hereinafter permitted is declared to constitute a public nuisance which may be abated as such in accordance with the provisions of this Chapter.

**8.32.030 - Refuse & Waste;** *"Refuse and waste matter"* is defined for the purpose of this Chapter as unused or discarded matter or material; having no substantial market value, and which consists of such matter and material as rubbish refuse, debris, and matter of any kind, (including, but not limited to, rubble, asphalt, concrete, plaster, tile, rocks, bricks, soil, building materials, crates, cartons, containers, boxes, machinery or parts thereof, scrap metal and other pieces of metal, ferrous or nonferrous, furniture or parts thereof, trimmings from plants or trees, cans, bottles and barrels. Refuse and waste matter as defined which by reason of its location and character is unsightly and, interferes with· the reasonable enjoyment of property by neighbors, detrimentally affects property values .in the surrounding neighborhood or community, or which would materially hamper or interfere with the prevention or suppression of fire upon the premises is declared a public nuisance.

**8.32.050 - Sewage on ground;** It is declared a nuisance to permit any part of the contents of any privy, vault, cesspool, septic tank, water closet, urinal, pipe, sewer line, or any sewage, slop water or any other filthy water, matter or substance, to flow or discharge upon the ground or upon the surface of any premises, or in any public street or other public place.

**8.32.110 - Insect and Vermin;** Any premises, including, but not limited to, any building, vacant lot, setback, yard, vehicle, or place, maintained in such a manner as to permit the breeding or harboring therein or thereon of flies, bedbugs, cockroaches, black widow spiders, lice, fleas, termites or any other insects or vermin is declared a public nuisance.

**8.32.180 - Premises Maintenance;** Maintenance of premises in such a condition so as to cause significant diminution in use, enjoyment, or value of adjacent premises; or in such a condition so as to be detrimental to the public health, safety, or general welfare; or in such a condition so out of harmony or conformity with the maintenance standard of adjacent premises as to cause substantial diminution of the enjoyment, use or property values of such adjacent premises is declared a public nuisance.

**17.06.100F - Parking on yard prohibited;** Rear yards shall not be used for off-street parking of vehicles.

**8.32.210 - Salvage materials;** Any lumber, junk, trash, debris, refuse, waste matter or other salvage materials visible from a public right-of-way or adjoining premises is declared a public nuisance.

**WHEREAS,** on Upon reinspection of the property by Code Enforcement, all issues with the exception of the most important items, *i.e.*, the Building Code and Zoning Violations had been remedied.

**WHEREAS,** in January 2021, Code Enforcement again observed construction at the property. Upon checking with Building and Safety, it was determined there was no active permit on file for the construction taking place. Code Enforcement issued a citation for Beaumont Municipal Code Section 8.32.060 (building code violation) and Beaumont Municipal Code Section 8.32.070 (zoning code ordinance violation) on January 7, 2021. Those ordinances provide as follows:

**Beaumont Municipal Code Section 8.32.070**, provides as follows:

"Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's Zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance.

Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, are declared a public nuisance;"

**Beaumont Municipal Code Section 8.32.060**, provides as follows:

All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance.

A. Faulty weather protection including, but not limited to, crumbling, cracked, missing, broken, or loose exterior plaster or other siding, roofs, foundations or floors, broken or missing windows or doors, or unpainted surfaces causing dry-rot, warping, or termite infestation.
B. Buildings or structures, or parts thereof, not completed within a reasonable time as per the determination of the City's Chief Building official and for which the permit for such construction has expired.
C. Unoccupied buildings which have been left unlocked or otherwise open to or unsecured from intrusion by persons, animals or the elements or which are boarded up by a method or material not approved by the

4

City.

D. Fences or walls in a hazardous condition or which are in disrepair, or which hinder free access to public sidewalks.

E. Broken windows constituting hazardous conditions or inviting trespassers.

**WHEREAS,** since January 7, 2021, the City's Code Enforcement has continued to Cite the Applicant and Owner of the Property with citations as allowed per the Beaumont Municipal Code. On February 26, 2021, a formal stop work notice was posted at the property after scaffolding was observed installed at the Property. Between February 26, 2021, and April 20, 2021, City staff had telephone and email communication with Applicant. Staff sent a letter to Applicant on March 19, 2021, providing a path to compliance. As of April 20, 2021, compliance has not been achieved. Pictures showing the progression of unpermitted work, a list of citations and City correspondence are included in the record.

**WHEREAS,** Applicant has never submitted to the City the additional items set forth in the City's September 10, 2019, Letter, including, but not limited to, a new permit application and structural drawings.

**WHEREAS,** as a result of numerous citations issued against the Applicant and Owner, an administrative hearing was noticed and scheduled for April 22, 2021 (the "Administrative Hearing"). The Administrative Hearing was rescheduled due to the illness of a panelist, and ultimately heard on May 6, 2021. The hearing panel for the Administrative Hearing consisted of Elaine Morgan, Mandy Stephens and Allen McNabb (the "Hearing Panel"). Hearing participants were provided with a hearing packet, consisting of a Staff Report and exhibits. The Applicant and Owner submitted exhibits for consideration.

**WHEREAS,** after hearing all testimony and considering all exhibits, on May 25, 2021, the Hearing Panel issued its Decision and Order to Abate Public Nuisance (the "Administrative Decision"). The Hearing Panel determined:

(a) that there is substantial evidence to support a finding that Section 8.32.060 Building Code Violations and 8.32.070 Zoning Ordinance Violations of the Beaumont Municipal Code (BMC) were violated,

(b) that the Property is a residentially zoned property, the second story rear terrace/balcony, second story dormer and any and all other unpermitted work shall be abated as a public nuisance pursuant to BMC Section 8.32.420, and

(c) that the owners thereof shall abate such nuisance within 30 days hereof or

(d) submit plans accurately reflecting the increased scope of work and containing all other requested information for completeness to the Building Department for plan check, unless the owners file a timely appeal of this decision in accordance with BMC Section 8.32.420.

**WHEREAS** the Applicant and Owner appealed the holding of the Administrative Decision by filing a timely Notice of Appeal on June 8, 2021, pursuant to Beaumont Municipal Code § 8.32.495 (the "Appeal"). The Appeal packet submitted consisted of a Notice of Appeal, an Application for Appeal Hearing and a letter to City Manager, Todd Parton.  In their Appeal package, Applicant and Owner asserted the following in their Notice of Appeal:

- Denial of a fair hearing
- No opportunity to confront important City Staff
- City manipulated hearing process creating "false narratives"
- Denial of their request for a variance
- City sent "new" inspector, rather than prior inspectors
- Owner did not receive a "General Stop Work Notice" prior to February 26, 2021
- Owner never stopped work for 180 days
- City is harassing and threatening Owner.

**WHEREAS,** pursuant to Beaumont Municipal Code Section 8.32.495, the City was required set the matter for the Appeal of the Administrative Decision for hearing "at the next regular City Council meeting at least 14 calendar days after the date of the mailing of the Notice of Hearing on the appeal."  The Appeal was scheduled for July 20, 2021, which complied with that code section.

**WHEREAS,** pursuant to Beaumont Municipal Code Section 8.32.370, the City was required to conduct the hearing on the Appeal of the Administrative Decision as follows:

The hearing shall be conducted formally, although the technical rules of evidence shall not apply, except that irrelevant and unduly repetitious evidence shall be excluded. All evidence taken shall be sworn evidence and the proceedings shall be recorded. During the course of the hearing, the Nuisance Abatement Hearing Officer may visit and inspect any premises involved in the proceeding.

**WHEREAS,** pursuant to Beaumont Municipal Code Section 8.32.370, the City Council, in reviewing the Appeal, could either affirm, reverse or modify, in whole or in part, the Administrative Decision.

**WHEREAS** the hearing on the Appeal of the Administrative Decision was held before the City Council on July 20, 2021 (the "City Council Hearing") at which the following witnesses were present for the City:

Christina Taylor, Community Development Director

6

Kristine Day, Assistant City Manager
Todd Parton, City Manager
Pedro Rico, Building Official
Scott Frazekas, (former) Interim Beaumont Building Official
Michael Almandinger, Building Inspector
Jack Huntsman, Community Enhancement Officer

**WHEREAS,** at the City Council Hearing, the City, on the one hand, and Applicant and Owner, on the other hand, provided evidence of their respective positions on the Appeal in the form of documentary evidence and testimony given under oath.

**WHEREAS,** at the City Council Hearing, Applicant and Owner agreed that they built beyond the scope of the City's Permit.

**WHEREAS,** at the City Council Hearing, Applicant and Owner agreed that they never submitted to the City the additional documentation set forth in the September 10, 2019, Letter.

**WHEREAS,** the City has levied the following fines against Applicant and Owner as the result of their failure to abate the nuisances as outlined above: $76,060.00. In addition, the City has incurred the following attorneys' fees resulting from the enforcement of the City's actions to abate the nuisances as outlined above: $10,707.60. Finally, the City has incurred the following staff costs resulting from the enforcement of the of the City's actions to abate the nuisances as outlined above: $17,116.05. The total amount of these fines, attorneys' fees and costs is $103,883.65. The Applicant and Owner are otherwise responsible for all of these costs.

**WHEREAS** the hearing on the matter of the Appeal of the Administrative Decision was continued to the next meeting of the City Council on August 3, 2021.

**WHEREAS,** the City Council has reviewed the Administrative Decision, the Appeal, the entire record, all evidence and testimony, and has determined that the Administrative Decision should be affirmed and should be upheld but that Applicant and Owner should be given additional opportunity to remedy the violations in manner as provide below.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF BEAUMONT DOES HEREBY RESOLVE AS FOLLOWS:**

**Section 1.      Recitals.**

That the recitals, decision, findings, and determination set forth above are true and correct and hereby incorporated by this reference, as set forth above, as though set forth in full herein.

**Section 2.      Findings, Affirmance and Order.**

In its capacity as appellate hearing officers considering the Appeal from the Administrative Decision, the City Council has found and determined that that the Administrative Decision is affirmed in all parts, except as modified herein, and that there is substantial evidence to support a

finding that Beaumont Municipal Code Section 8.32.060 (building code violation) and Beaumont Municipal Code Section 8.32.070 (zoning code ordinance violation) were violated, that the construction activities at the Property exceeded the work permissible under the plans and permit and that the violations constitute a public nuisance.   Moreover, work was done on the property after the permit expired.   The second story rear terrace/balcony of the Property, and second story dormer of the Property are not in compliance with what the City approved for construction at the Property, are in violation of the City Code and a public nuisance pursuant to Beaumont Municipal Code Section 8.32.420.

Within 90 days from the date of this Abatement Resolution, Applicant and Owner shall pay the City the sum of $27,823.65 for the attorneys' fees and City staff costs the City has incurred as a result of the violations/nuisances specified in this Abatement Resolution or said sum shall become a lien on Property. Should Applicant and Owner fail to timely pay the above attorneys' fees and costs and fail to strictly meet the deadlines set forth in Section 3 below, the Applicant and Owner shall pay and be liable for the above referenced fine in the amount of $76,060. Said fine shall be a lien on the property.

**Section 3.**      **Actions Ordered to Abate the Nuisance.**

The Applicant and Owner of the Property, and/or agents of the Owner, **shall immediately cease and desist from any work or construction activity at the Property** except as expressly authorized herein.   Within the time frames set forth below, the Applicant and Owner of the Property and/or agents of the owner shall abate all of the violations/nuisances at the Property, by taking the following actions within the times specified below:

(1) Within 30 days from the date of this Abatement Resolution, Applicant and Owner shall hire a licensed California structural engineer, at their own time and cost, to conduct any needed inspection, testing and analysis, including any needed destructive testing and actions needed to inspect concealed areas, in order to evaluate the structure present at the Property to determine whether or not that same structure is safe for habitation.  A written document from the structural engineer certifying whether the structure at the Property is safe for habitation shall be delivered to the City within this 30-day period.

(2) Within 90 days from the date of this Abatement Resolution, Applicant and Owner shall have a California licensed structural engineer prepare and submit plans and obtain City approval of said plans as well as a permit to complete work needed to abate/correct the violations/nuisance at the Property.

(3) Within 270 days from the date of this Abatement Resolution, Applicant and Owner shall complete construction and obtain final City inspections and approval of the work contemplated in the City approved plans.

(4) If any time limit, deadline or Condition set forth herein is not met by the stated deadline, City staff is directed to take all actions to obtain an order for abatement of the violations/nuisance from the superior court and/or appointment of a receiver over the Property to take any action authorized by law, including but not limited to, enforcement

of this Abatement Resolution. City staff shall seek an order from the Court for reimbursement of all City costs and attorney fees.

(5) All costs related to the above Conditions and deadlines are the Applicant's and Owner's responsibility.

**Section 4.**     **Authorization to Abate.**

The Owner(s), or a representative of the Owner(s), or any mortgagee, beneficiary under any deed of trust, or other person having interest or estate in Property, may, at his own risk and expense, abate the nuisance as set forth herein.

**Section 5.**     **Appeal.**

If desired, the Owner(s) may seek judicial review of this Abatement Resolution. Judicial, review must be sought within 90 days after the date of posting on the Property (Beaumont Municipal Code Section 8.32.530) a notice of the passage of the resolution declaring the nuisance to exist to contest the validity of any proceedings leading up to and including the adoption of the resolution; otherwise, all objections shall be deemed to have been waived, in accordance with BMC Section 8.32.495.

**Section 6.**     **Certification.**

That the City Clerk shall certify to the passage and adoption of this resolution, enter the same in the book of original resolutions of the City and make a minute of passage and adoption thereof in the records of the proceedings of the City Council in the minutes of the meeting at which the same is passed and adopted.

**Section 7.**     **Severability.**

That if any provision, section, paragraph, sentence or word of this Abatement Resolution be rendered or declared invalid by any final court action in a court of competent jurisdiction or by reason of any preemptive legislation, the remaining provisions, sections, paragraphs, sentences or words of this Abatement Resolution as hereby adopted shall remain in full force and effect.

**Section 8.**     **Repeal of Conflicting Provisions.**

That all the provisions heretofore adopted by the City Council that are in conflict with the provisions of this Abatement Resolution are hereby repealed.

**Section 9.**     **Effective Date.**

That this Abatement Resolution shall take effect upon its adoption.

**PASSED AND ADOPTED** by the City Council of the City of Beaumont at a regular meeting held on the 3rd day of August 2021 by the following vote:

**AYES,** and in favor thereof, Council members:  Santos, Fenn, Martinez,  White,  Lara

**NAYS,** Council members:

**ABSENT,** Council members:

**ABSTAINING,** Council members:

Dated: August 3, 2021                                     CITY OF BEAUMONT

By _____                    By _____
          MIKE LARA                                              LLOYD WHITE
          MAYOR                                                   MAYOR PRO TEM

By _____                    By _____
          DAVID FENN                                             JULIO MARTINEZ III
          COUNCIL MEMBER                               COUNCIL MEMBER

By _____
          REY SJ SANTOS
          COUNCIL MEMBER

# Exhibit "S"

COMMUNITY DEVELOPMENT DEPARTMENT
CHRISTINA TAYLOR, COMNITY DEVELOPMENT DIRECTOR
CITY OF BEAUMONT, CITY HALL
550 East Sixth Street
Beaumont, California 92223
(951)769-8520 Office
(951)769-8526 Fax

CODE ENFORCEMENT DEPARTMENT

CITY OF BEAUMONT, CALIFORNIA

| | |
|---|---|
| In re Property of: ) | |
| 1421 Faircliff Street ) | |
| Beaumont, CA  92223 ) | |
| ) | |
| Ezekwesili Ihuefo Iloputaife ) | DECISION OF THE HEARING PANEL |
| Nneka I. Iloputaife ) | AND |
| <u>1421 Faircliff Street</u> ) | ORDER TO ABATE PUBLIC NUISANCE |
| <u>Beaumont, CA 92223</u> ) | |
| ) | |
| ) | |

## I.   THE DECISION OF THE HEARING OFFICER

In my capacity as Hearing Officer, I have found and determined (a) that there is substantial evidence to support a finding that Section 8.32.060 Building Code Violations and 8.32.070 Zoning Ordinance Violations of the Beaumont Municipal Code (BMC) were violated, (b) that the property in question is a residentially zoned property, the second story rear terrace/balcony, second story dormer and any and all other unpermitted work shall be abated as a public nuisance pursuant to BMC Section 8.32.420, and (c) that the owners thereof shall abate such nuisance within 30 days hereof or d) submit plans accurately reflecting the increased scope of work and containing all other requested information for completeness to the Building Department for plan check, unless the owners file a timely appeal of this decision in accordance with BMC Section 8.32.420.

## II.     INTRODUCTION AND BACKGROUND

In June 2014, the property at 1421 Faircliff Street (APN 428-100-028), herein after referred to as "the property", applied for a permit for a structural addition of 2,780 square feet with extensive interior remodeling. On May 1, 2017, permit BP2017-00691 was issued for the addition and the remodel. On July 16, 2018, an inspection was conducted and determined a reinspection was needed. Subsequent inspections were conducted on July 19, 2018, August 7, 2018 and August 13, 2018 all requiring reinspection. An inspection was scheduled for August 15, 2018 but was not conducted due to no one answering at the residence.

On June 4, 2019, a letter was sent stating permit BP2017-00691 had expired. On September 4, 2019, the City's Building Official visited the property at Mr. Iloputaife's request. On September 10, 2019, the City's Building Official sent a letter summarizing the visit and providing the following corrective measures:

*There are a few things worth noting in order for you to proceed with your project considering the direction and scope of work already performed. The areas in which you have undertaken work which are not covered by the approved plans will require City approval before proceeding with construction or inspection of those areas.*

*• The front has a 2nd story dormer pop-out which has been enlarged into an enclosed room. This area has lateral design issues with improper seismic bracing as currently constructed. Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations.*

*• The rear deck has been covered by a solid 2nd story roof of over 400 sf which is not on the approved plans. Lateral structural support for this area is lacking which should be addressed with structural calculations. Also, the roof joists may be overspanned unless the grade lumber used is select structural. The tie-in from the patio roof to the house is not visible and the out-of-plane (pull away) connection should be detailed in the revised plans and verified.*

*• The stair rise/run doesn't comply with Code since the steps were noticeably inconsistent when walking them. This is simply worth noting so they can be corrected at framing stage rather than at a later date.*

*In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.*

A copy of this letter is included as an attachment to this report.

2

On March 18, 2020, another letter was sent stating permit BP2017-00691 was expired. There is no record of Building and Safety inspections beyond this date.

On March 19, 2020, as a follow up to the expired permit, Code Enforcement provided a Courtesy Notice for the following issues:

**8.32.060 - Building Code violations;** All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance.

**8.32.070 - Zoning ordinance violations;** Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance. Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, and are declared a public nuisance.

Upon observation of the premises, the following additional violations were noted:

**8.20.020 - Nuisance vehicles;** The accumulation and storage of abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof on private or public property, not including highways, is found to create a condition tending to reduce the value of private property, to promote blight and deterioration, to invite plundering, to create fire hazards, to constitute an attractive nuisance creating a hazard to health and safety of minors, to create a harborage for rodents and insects and to be injurious to the health, safety and general welfare. Therefore, the presence of an abandoned, wrecked, dismantled or inoperative vehicle or part thereof, on private or public property not including highways, except as expressly hereinafter permitted is declared to constitute a public nuisance which may be abated as such in accordance with the provisions of this Chapter.

**8.32.030 - Refuse & Waste;** *"Refuse and waste matter"* is defined for the purpose of this Chapter as unused or discarded matter or material; having no substantial market value, and which consists of such matter and material as rubbish refuse, debris, and matter of any kind, (including, but not limited to, rubble, asphalt, concrete, plaster, tile, rocks, bricks, soil, building materials, crates, cartons, containers, boxes, machinery or parts thereof, scrap metal and other pieces of metal, ferrous or nonferrous, furniture or parts thereof, trimmings from plants or trees, cans, bottles and barrels. Refuse and waste matter as defined which by reason of its location and character is unsightly and, interferes with· the reasonable enjoyment of property by neighbors, detrimentally affects property values .in the surrounding neighborhood or community, or which would materially hamper or interfere with the prevention or suppression of fire upon the premises is declared a public nuisance.

**8.32.050 - Sewage on ground;** It is declared a nuisance to permit any part of the contents of any privy, vault, cesspool, septic tank, water closet, urinal, pipe, sewer line, or any sewage, slop water

3

or any other filthy water, matter or substance, to flow or discharge upon the ground or upon the surface of any premises, or in any public street or other public place.

**8.32.110 - Insect and Vermin;** Any premises, including, but not limited to, any building, vacant lot, setback, yard, vehicle, or place, maintained in such a manner as to permit the breeding or harboring therein or thereon of flies, bedbugs, cockroaches, black widow spiders, lice, fleas, termites or any other insects or vermin is declared a public nuisance.

**8.32.180 - Premises Maintenance;** Maintenance of premises in such a condition so as to cause significant diminution in use, enjoyment, or value of adjacent premises; or in such a condition so as to be detrimental to the public health, safety, or general welfare; or in such a condition so out of harmony or conformity with the maintenance standard of adjacent premises as to cause substantial diminution of the enjoyment, use or property values of such adjacent premises is declared a public nuisance.

**17.06.100F - Parking on yard prohibited;** Rear yards shall not be used for off-street parking of vehicles.

**8.32.210 - Salvage materials;** Any lumber, junk, trash, debris, refuse, waste matter or other salvage materials visible from a public right-of-way or adjoining premises is declared a public nuisance.

Upon reinspection of the property by Code Enforcement, all issues with the exception of Building Code and Zoning Violations had been remedied.

In January 2021, Code Enforcement again observed construction at the property. Upon checking with Building and Safety, it was determined there was no active permit on file for the construction taking place. Code Enforcement issued a citation for **8.32.060 Building Code Violations** and **8.32.070 Zoning Ordinance Violations** on January 7, 2021.

Since the January 7, 2021, Code Enforcement continued citations as allowed per the Beaumont Municipal Code. On February 26, 2021, a formal stop work notice was posted at the property after scaffolding was observed installed at the property. Between February 26, 2021 and April 20, 2021, City staff had telephone and email communication with Mr. Iloputaife. Staff sent a letter to Mr. Iloputaife on March 19, 2021, providing a path to compliance. As of April 20, 2021, compliance has not been achieved. Pictures showing the progression of unpermitted work, a list of citations and City correspondence are included as attachments to this report.

4

**Recommended Action:**

The Administrative Hearing Panel recommend and approve Staff to proceed with the abatement process or receivership per Beaumont Municipal Code Section 8.32.420 to mitigate the public nuisance at 1421 Faircliff Street (APN 428-100-028) if requirements in Section I (c) or (d) are not met within 30 days.

**III.   PERSONS IN ATTENDANCE**

    1. Hearing Officer:    Elaine Morgan, Allen McNabb, Mandy Stephens

    2. For the City:    Christina Taylor, Community Development Director
        Kristine Day, Assistant City Manager
        Pedro Rico, Building Official
        Michael Almandinger, Building Inspector
        Jack Huntsman, Community Enhancement Officer
        Kelly McCarthy, Community Enhancement Officer

    3. For the Owner:    Ezekwesili Ihuefo Iloputaife, Nneka I. Iloputaife

**IV.   SUMMARY OF THE CHARGE OF PUBLIC NUISANCE**

The Owners of the subject property were cited pursuant to BMC Section 8.32.070 Zoning Code Violations which provides as follows:

"Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's Zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance.
Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, are declared a public nuisance;"

And BMC Section 8.32.060 Building Code Violations which provide as follows:

"All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance."

    A. Faulty weather protection including, but not limited to, crumbling, cracked, missing, broken, or loose exterior plaster or other siding, roofs, foundations or floors, broken or missing windows or doors, or unpainted surfaces causing dry-rot, warping, or termite infestation.

B. Buildings or structures, or parts thereof, not completed within a reasonable time as per the determination of the City's Chief Building official and for which the permit for such construction has expired.

C. Unoccupied buildings which have been left unlocked or otherwise open to or unsecured from intrusion by persons, animals or the elements or which are boarded up by a method or material not approved by the City.

D. Fences or walls in a hazardous condition or which are in disrepair, or which hinder free access to public sidewalks.

E. Broken windows constituting hazardous conditions or inviting trespassers.

V.    **BASIS FOR DECISION**

The seven-year period of the City working to remedy the violations with the owner(s) has given sufficient time to the property owners to bring the property to code.

VI.    **CONCLUSION**

Upon review of all documentation and hearing testimony, the following issues remain outstanding.

**1. Building Permit Expiration** – prior to work being done, renewal of the building permit is required.

**Correction:**   Resubmission of plans and payment of applicable fees. All construction deviations must be addressed with revised plans indicating the increased scope of work which includes structural calculations and T-24 energy calculations. As noted in the September 10, 2019 letter, a consultation with the Planning Department is recommended. Alternatively, apply for Demo permit to conform to original plan approval.

**2. Dormer** – The second story dormer located at the front of the house has been constructed larger than indicated on the approved building plans.  The area has lateral design issues with improper seismic bracing as it is currently constructed.  Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations.

**Correction:** Submit revised plans addressing the issues listed above or apply for a Demo permit to remove all work done which is not in compliance with the original plan approval (unpermitted work).

6

**3. Second Story Terrace** – The second story rear terrace/balcony roof has been partially removed, however, a small portion with support posts remains.

**Correction:** Remove all portions of the second story terrace/balcony which is not in compliance with the approved building plans (unpermitted work).

**NOTE:** The stair rise/run does not comply with Code since the stairs were noticeably inconsistent when walking them. This is simply worth noting so they can be corrected at the framing stage rather than at a later date.

## ORDER TO ABATE PUBLIC NUISANCE

In our capacity as Hearing Officers, and in accordance with the determination the property which is subject of this proceeding is a public nuisance, I hereby order the abatement of the property at 1421 Faircliff Street, Beaumont, CA 92223:

A. <u>Statement of Particulars</u>:  I hereby incorporate, by this reference, my decision, findings, and determination as set forth above, as though set forth in full.

B. <u>Things Required to be Done to Abate the Nuisance</u>:  The Owner(s) and/or agents of the Owners shall abate the nuisances within 30 days of receipt of this determination. An inspection shall be scheduled and conducted on the property, by Building & Safety/Code Enforcement to include the interior and exterior of all structures on the property.

C. <u>Deadline for Removal</u>:  The Owner(s) and/or agents shall cause the property to be cleared of non-conforming uses and nuisances and call for inspection of the property within 30 days of the date of this Decision and Order as set forth herein.

D. <u>Authorization to Abate</u>:  The owner(s) or a representative of the owner(s), or any mortgagee, beneficiary under any deed of trust, or other person having interest or estate in the subject premises, may, at his own risk, abate the nuisance.

E. <u>Appeal to the City Council</u>:  If desired, the Owner(s) may appeal my Decision and the Order to Abate by filing a Notice of Appeal with the City Clerk within 15 days from the date of my decision and Order, in accordance with BMC Section 8.32.495.

F. <u>Abatement by the City</u>:  In the event this Order to Abate Public Nuisance has not been complied within the time allowed, the City Manager shall have the power to abate the public nuisance in accordance with BMC Section 8.32.420 et seq., and the cost of such abatement shall become a lien on the subject premises.

Dated: May 25, 2021                      CITY OF BEAUMONT

By _____             By _____
     MANDY STEPHENS                          ELAINE MORGAN
     HEARING OFFICER                         HEARING OFFICER

By _____
     ALLEN MCNABB
     HEARING OFFICER

F. <u>Abatement by the City</u>:  In the event this Order to Abate Public Nuisance has not been complied within the time allowed, the City Manager shall have the power to abate the public nuisance in accordance with BMC Section 8.32.420 et seq., and the cost of such abatement shall become a lien on the subject premises.

Dated: May 25, 2021                           CITY OF BEAUMONT

By_____          By _____
      MANDY STEPHENS                            ELAINE MORGAN
      HEARING OFFICER                           HEARING OFFICER

By_____
      ALLEN MCNABB
      HEARING OFFICER

8

# Exhibit "T"





