John O. Pinkney, Esq. SBN 162586
Brent S. Clemmer, Esq. SBN 179722
Bruce T. Bauer, Esq., SBN 149781
SLOVAK BARON EMPEY MURPHY & PINKNEY
LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107
Pinkney@sbemp.com/Clemmer@sbemp.com
/Bauer@sbemp.com

**[Exempt from filing fees, Gov. Code §6103]**

Attorneys for Defendants City of Beaumont, Christina
Taylor, Scott R. Fazekas, Michael Almandinger and
Kelly McCarthy

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEKWESILI ILOPUTAIFE and NNEKA ILOPUTAIFE, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF BEAUMONT, a public entity; CHRISTINA TAYLOR; SCOTT R. FAZEKAS; MICHAEL ALMANDINGER; KELLY MCCARTHY, individually; and DOES 1 through 20, inclusive <br><br> Defendants | Case No.  5:21-CV-01452-JWH-AGR <br><br> Honorable Magistrate Judge Alicia G Rosenberg Presiding Courtroom 550 <br><br> **DEFENDANTS CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER AND KELLY MCCARTHY'S NOTICE OF MOTION AND MOTION TO DISMISS PURUSANT TO FRCP 12 (b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[Request for Judicial Notice filed concurrently herewith]** <br><br> DATE:    October 26, 2021 <br> TIME:    10:00 a.m. <br> PLACE:   Remotely |

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE THAT** that on October 26, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 550, remotely via Zoom as  in the above entitled Court, located at the Edward R. Roybal Federal Building, 255 E. Temple Street, Los Angeles, California, Defendants City Of Beaumont, Christina Taylor, Scott R. Fazekas, Michael Almandinger And Kelly McCarthy will move this Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for an order to dismiss the complaint of Plaintiffs Ezekwesili Iloputaife and Nneka Iloputaife and each of the causes contained therein.

This motion is brought as the complaint and each of the causes of action contained therein pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) and based on the following grounds:

1.      Plaintiffs fail to state a claim upon which relief can be granted against Defendants as to their first claim of relief for declaratory relief since they have not alleged any actionable claim of relief as set forth below;

2.      Plaintiffs fail to state a claim upon which relief can be granted against Defendants as to their second claim for relief as they Fail to State a viable Procedural Due Process Claim and/or Equal Protections Claim Against Defendants and also such claims are barred against the City based on Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and the individual defendants are entitled to qualified immunity and prosecutorial immunity;

3.      Plaintiffs' State Law claims (i.e. the third, fourth and fifth causes of action) against each of the Defendants must also be dismissed based on, *inter alia*, (1) failure to allege compliance with the Government Tort Claims Act; (2) failure to allege facts sufficient to state causes of action; and (3) the immunities in Government Code §§ 818.6, 818.4, 820.2, 820.6, 821.4 and 821.6Plaintiffs fail to state a claim upon which relief can be granted against Defendants on each of their state claims (i.e. the third, fourth and fifth claims) based on their failure to allege compliance with claim

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

requirements of the California Government Claims Act;

4. Plaintiffs fail to state a claim upon which relief can be granted against Defendants as to their third and fourth claims for relief for violations of California State Unruh Civil Rights Act, Civil Code§ 52 and Bane Act, Civil Code § 52.1;

5. Plaintiffs fail to state a claim upon which relief can be granted against Defendants as to their fifth claim of relief for Breach of Duty, Intentional Tort, Negligence.

6. Plaintiffs do not have a private right of action for their fourth claim for Title 18 U.S.C. § 241, § 242.

7. Plaintiffs fail to state a claim upon which relief can be granted for punitive and/or exemplary damages as against any of the Defendants.

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial notice filed concurrently herewith, the records and files in this action, and any oral or documentary evidence as may be permitted at or before the time set for hearing on this motion.

Pursuant to Local Rule 7-3, a pre-filing conference between counsel for the Defendants and Plaintiffs, who are in pro per, took place on September 10, 2021, but the parties were unable to resolve the matter informally thereby necessitating the instant motion.

DATE:  September 20, 2021

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP

By: _____
John O. Pinkney, Esq.
Brent S. Clemmer, Esq.
Bruce T. Bauer, Esq.
Attorneys for Defendants CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER and KELLY MCCARTHY

2

# **TABLE OF CONTENTS**

                                                                                                        **Page**

I.      INTRODUCTION ..................................................................................1
II.     SUMMARY OF RELEVANT FACTS AS ALLEGED ..............................2
I.      LEGAL STANDARD ...........................................................................8
II.     Plaintiffs' Federal Claims under 42 U.S.C. Section 1983..........................9
        A.      Plaintiffs Second Claim Fails to State a Viable Procedural Due Process
                Claim Against Defendants ..........................................................9
        B.      Plaintiffs' Equal Protection Claim Also Fails to Allege Facts Sufficient to
                Support a Viable Claim Against Defendants ...................................13
        C.      Plaintiffs have also failed to Allege Viable Due Process and Equal
                Protection Claims Against Any of the Individually Named Defendants .......15
        D.      Plaintiffs' Claims Against the Individually Named Defendants Are Also
                Barred by Qualified Immunity ...................................................15
        E.      Plaintiffs' Claims Against Taylor Are Also Barred by the Absolute
                Prosecutorial Immunity ...........................................................18
III.    PLAINTIFFS' STATE LAW CLAIMS AGAINST EACH OF THE
        DEFENDANTS MUST ALSO BE DISMISSED BASED ON, INTER ALIA, (1)
        FAILURE TO ALLEGE COMPLIANCE WITH THE GOVERNMENT TORT
        CLAIMS ACT; (2) FAILURE TO ALLEGE FACTS SUFFICIENT TO STATE
        CAUSES OF ACTION; AND (3) THE IMMUNITIES IN GOVERNMENT
        CODE SECTIONS §§ 818.6, 818.4, 820.2, 820.6, 821.4 AND 821.6 ...........19
        A.      Plaintiffs' Third, Fourth and Fifth Causes of Action Fail Against Each of
                the Defendants as a Matter of Law Based on Plaintiff's Failure to Allege
                Compliance with the Claims Presentation Requirement of the Government
                Tort Claims Act. ..................................................................19
        B.      Plaintiff's Third and Fourth Causes of Action Fail to State Claims for
                Violation of Unruh Civil Rights Act or the Bane Act ........................20
        C.      Plaintiffs Have No Private Right of Action to Bring his Fourth Cause of
                Action for Alleged Violations of Title 18, U.S.C 241 & 242 ..............22
        D.      Plaintiffs' Fifth Cause of Action for "Breach of Duty, Intentional Tort and
                Negligence" Fails to state a claim ..............................................23
        E.      Plaintiffs' State Law Claims Are Also Barred by Several Government
                Code Immunities ...................................................................23
IV.     PLAINTIFFS ALSO FAIL TO STATE FACTS SUFFICIENT TO ALLEGE A
        CLAIM FOR PUNITIVE OR EXEMPLARY DAMAGES ........................24
V.      CONCLUSION ...................................................................................25

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

i

# TABLE OF AUTHORITIES

**Page**

Cases

City of Cleburne, Tex. v. Cleburne Living Ctr.
473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.2d 313 (1985).....................................13

Acri v. Varian Assco's Inc.
114 F.3d 999 (1997) ...........................................................................................17

Aldabe v. Aldabe
616 F.2d 1089, 1092 (9th Cir. 1980)(18.U.S.C. §§ 241, 242.............................22

Arlington Heights V. Metropolitan Housing Corp.
429 U.S. 252, 264-265, 270, 97 S. Ct. 555, 563, 5666, 50 L. Ed. 2d 450 (1977)13

Arres v. City of Fresno
Civ. No. F-10-1628 LJO SMS, 2011 WL 284971 ...........................................24

Ascon Properties, Inc. v. Mobil Oil Co.
866 F.2d 1149, 1160 (9th Cir. 1989)...................................................................9

Ashcroft v. al-Kidd
563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011) .............................................17

Ashcroft v. Iqbal
556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d. 868 (2009)..................8

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters
459 U.S. 519, 526 (1983) .....................................................................................8

Austin B. v. Escondido Union Sch. Dist
(2007) 149 Cal.App.4th 860, 882...............................................................21, 22

Behrens v. Pelletier
516 U.S. 299, 306, 116 S. Ct. 834, 839, 133 L. Ed. 2d 773, 784 (1996)...........16

Big Bear Lodging Ass'n v. Snow Summit, Inc.
182 F. 3d 1096, 1101 (9th Cir. 1999)...................................................................8

Board of Regents v. Roth
(1972) 408 U.S. 564, 569-578, 92 S. Ct 2701, 2705-2710, 33 L. Ed. 2d 548 ....10

Breneric Assoc. v. City of Del Mar
69 Cal. App. 4th 166, 180 (1998).......................................................................10

Brosseau v. Haugen
543 U.S. 194, 201-02, 125 S. Ct. 596, 600 (2004)............................................16

Butz v. Economu
438 U.S. 478, 515, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) ............................18

Cahill v. Liberty Mutual Ins. Co.
80 F. 3d 336, 337-38 (9th Cir. 1996) ...................................................................8

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

## TABLE OF AUTHORITIES (continued)

**Page**

Cases (cont'd)

Castro v. City of Los Angeles
    797 F.3d 654, 669 (9th Cir. 2015)....................................................................... 25

City of Newport v. Fact Concerts, Inc.
    (1981) 453 US 247, 271 ....................................................................................... 24

Clark v. City of Hermosa Beach,
    48 Cal, 4th 1152, 1180-81 ................................................................................... 10

Clement v. Gomez
    298 F.3d 898, 903 (9th Cir. 2002) ...................................................................... 16

Cook County v. U.S.
    (2003) 538 US 119, 129 ....................................................................................... 24

Coroian v. City of Kansas City, Mo.
    (8th Cir. 1987) 813 F.2d 178, 181 ...................................................................... 11

Delia v. City of Rialto
    621 F.3d 1069, 1074 ((th Cir. 2010) ................................................................. 16

Dunn v. Castro
    621 F.3d 1196, 1199 (9th Cir. 2010).................................................................. 16

Forrester v. White
    484 U.S. 219, 229, 108 S. Ct. 538, 98 L.2d 555 (1988)..................................... 18

Fowler v. Howell
    42 Cal. App 4th 1746, 1750 (1996)..................................................................... 19

Fry v. Melaragno
    939 F.2d 832, 837-38............................................................................................ 18

Gardner v. Baltimore Mayor & City Council
    (4th Cir. 1992) 969 F.2d 63, 68 ................................................................... 10, 11

Gatto v. County of Sonoma
    98 Cal. App 4th 744, 763 (2002)......................................................................... 19

Gong v. City of Rosemead
    (2014) 226 Cal. App. 4th 226 363, 374.............................................................. 20

Gonzaga Univ. v. Doe
    536 U.S. 273, 284-85 (2002) ............................................................................... 22

Hermosa on Metropole LLC v. City of Avalon
    2014 U.S. Dist. Lexis 196550 ............................................................................. 10

Hewitt v. Grabbicki
    596 F. Supp 297, 306 (E.D. Wash 1984) aff'd 794 F.2d 1373 (9th Cir. 1986) .. 16

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

# TABLE OF AUTHORITIES (continued)

**Page**

Cases (cont'd)

Humphries v. County of Los Angeles
    554 F. 3d 1170, 1184 (9th Cir. 2009) ..................................................... 9
Hunter v. Bryant,
    502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) ............................ 16
Imbler, supra
    424 U.S. 409, 427-28 ................................................................... 18
Johnson v. Riverside Helathcare Sys., L.P.
    534 F.3d 1116, 1122 (9th Cir. 2008) ..................................................... 9
Kelley v. Corr. Corp. of Am.
    750 F. Supp. 2d 1132, 1147 (E.D. Cal 2010) ............................................ 25
Keystone Bituminous Coe Ass's v. DeBenedictis
    480 U.S. 470, 492 (1987) ............................................................... 12
Kizer v. County of San Mateo
    53 Cal. 3d 139, 145 (1991) .............................................................. 24
Lake Nacimiento Ranch Co. v. County of San Luis Obispo
    841 F.2d 872 (9th Cir. 1987) ............................................................ 14
Leppo v. City of Petaluma
    20 Cal. App. 3d 711, 717 (1971) ........................................................ 12
Lozada v. City and County of San Francisco
    145 Cal App. 4th 1139, 1152 (2006) .................................................... 19
Malley v. Briggs
    475 U.S. 335, 341 (1986) ............................................................... 17
Mangold v. California Pub. Utilities Comm'n
    67 F.3d 1470, 1477 (9th Cir. 1995) ..................................................... 19
Marron v. Superior Court
    108 Cal. App 4th 1049, 1059 (2003) .................................................... 24
Mitchell v. Forsyth
    472 U.S. 511, 526, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411, 425 (1985) .......... 16
Monell v. Department of Social Services
    436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) ................................ 1, 13
Navarro v. Block
    250 F. 3d 729, 731 (9th Cir. 2001) ...................................................... 8
Newman v. Universal Pictures
    813 F.2d 1519, 1521-22 (9th Cir. 1987) ................................................ 8

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

iv

## <u>TABLE OF AUTHORITIES (continued)</u>

**Page**

Cases (cont'd)

Pearson v. Callahan
    555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) ........................... 16
Portman v. City of Santa Clara
    995 F.2d 898, 904 (9th Cir. 1993) ........................................................ 10
Reynolds v. County of San Diego
    84 F.3d 1162, 1170 (9th Cir. 1996) ...................................................... 17
RRI Realty Corp. v. Inc. Village of Southhampton
    (2d Cir. 1989) 870 F.2d 911, 915-920 ................................................. 10
San Francisco v. Ballard
    (2006) 136 Cal. App. 4th 381, 408 ...................................................... 22
Seariver Mar.Fin. Holdings, Inc. v. Mineta
    308 F.3d 662, 679 (9th Cir. 2002) ....................................................... 14
Shirk v. Vista Unified Sch. Dist.
    (2007) 42 Cal. 4th 201, 209 .............................................................. 20
Sinaloa Lake Owners Association v. City of Simi Valley
    882 F. 2d 1398, 1405 (9th Cir. 1989) ................................................. 12
Snipes v City of Bakersfield
    145 Cal. App. 3d 861 (1983) ............................................................. 19
Spence v. Zimmerman
    (11th Cir. 1989) 873 F.2d. 256, 258 ................................................... 11
Spitzer v. Aljoe
    2014 U.S. Dist. LEXIS 37785 (N.D. Cal. Mar. 20, 2014) ........................ 18
Squaw Valley Development Co. v. Goldberg
    375 F.3d 936, 944 (9th Cir. 2004) ....................................................... 14
State v. Superior Court (Bodde)
    (2004) 32 Cal. 4th 1234, 1239 ........................................................... 20
Thompson v. County of Los Angeles
    (2006) 142 Cal. App. 4th 154, 173) .................................................... 21
Village of Belle Terre v. Boras
    416 U.S. 1, 13, 39 L.3d. 2d 797, 94 S. Ct. 1536 (1974) ........................... 9
Westlands Water Dist. v. Amoco Chem. Co.
    953 F.2d 1109, 1113 (9th Cir. 1991) .................................................. 24
Yale Auto Parts, Inc. v. Johnson
    (2d Cir. 1985) 758 F.2d 54, 58-59 ..................................................... 11

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

<u>**TABLE OF AUTHORITIES (continued)**</u>

**Page**

Statutes

§ 1983 ................................................................................................ 9, 10, 18

§§ 8.32.060 and 8.32.070 ........................................................................ 6

§51 ............................................................................................................ 21

§ 821.6 ...................................................................................................... 24

§818.4 ....................................................................................................... 24

§820.2 ....................................................................................................... 24

§820.4 ....................................................................................................... 24

18 U.S.C. § 241 ....................................................................................... 22

18 U.S.C. § 242 ....................................................................................... 22

18 U.S.C. §§ 241- 242 ............................................................................ 23

18 U.S.C. §§ 241, 242 ............................................................................ 22

Bane Act claim, Civ. Code §52.1 .......................................................... 21

Beaumont Municipal Code ("BMC") §15.04.010 ................................ 11

BMC§§1.16.030, 1.17.120 & 1.17.125 ................................................ 17

BMC §15.04.010 ..................................................................................... 11

BMC §2.030.020 ..................................................................................... 14

Cal. Civ. Code § 3294 ............................................................................ 25

Cal. Civ. Code Section 52.1 ................................................................... 19

Cal. Code Regs., Title 24, [A]§105.3.1 ................................................ 17

Cal. Code Regs., Title 24, §107.4[A] .................................................... 17

Cal. Code Regs., Title 24,[A]§107.4[A]] .............................................. 11

Cal. Code Regs., Title 24,§[A]105.3.1] ................................................ 11

Cal. Gov't Code Cal. Gov. Code §§ 945.4, 950.2 ................................ 19

Cal. Gov. Code Section 815 ................................................................... 23

Cal. Gov. Code § 815 .............................................................................. 23

California Tort Claims Act, Cal. Gov't Code §§ 900 ............................ 19

Civ. Code §§51,52 .................................................................................. 21

Civ. Code §51 .......................................................................................... 21

Civil Code §51 .................................................................................... 20, 21

Government Code §§ 818.6, 821.4                                                       23

Gov't Code § 818 ..................................................................................... 24

Rules

Fed. R. Civ. Proc. 12(b)(6) ...................................................................... 8

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of code enforcement action initiated by Defendant City of Beaumont ("City") because of certain additions made to the residential property located at 1421 Faircliff Street, Beaumont CA 92223 (the "Property") that were beyond the scope of the City's building permit in violation of state and municipal building codes. Importantly, nowhere in Plaintiffs Ezekwesili Iloputaife (sometimes "EZE") and Nneka Iloputaife's (sometimes "NNEKA") Complaint do they ever dispute or deny that they exceeded the scope of the building permit. Instead, Plaintiffs claim the City should have just made an exception to the permit requirements and accepted their increased scope of work without ever having received approved plans, structural calculations or other construction documents for the additional work. Despite having received numerous warnings (both *before* and after the work was completed), and meaningful opportunities to be heard, plaintiffs now seek damages and other relief from the City, Michael Almandinger (building inspector), Scott R. Fazekas, (Building Official), Kelly McCarthy (Code Enforcement Officer) and Christina Taylor (Community Development Director)(collectively "Individual Defendants") for alleged violations of procedural due process, equal protection and various state law claims.

However, Plaintiffs' Section 1983 claims fail to state a viable claim for relief since Plaintiffs do not have a constitutionally protected property interest in an exception to the permit and/or building code requirements for work that exceeded the scope of their permit. Plaintiffs have also failed to establish that the City or any of the Individual Defendants intentionally discriminated against Plaintiffs based on their race or that they were treated any differently from others who were similarly situated without a rational basis. Plaintiffs' Section 1983 claims are also barred against the Individual Defendants by qualified immunity and absolute prosecutorial immunity. Plaintiffs' state law claims also fail because: (1) the complaint fails to allege compliance with the Government Tort Claims Act; (2) they fail to state viable claims

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  for relief; and (3) they are barred by several government code immunities. Finally,

2  plaintiffs claim for punitive and/or exemplary damages fail because such damages are

3  not available against a City or a municipal officer served in his/her official capacity

4  and sufficient facts have not been alleged to warrant such relief against the Defendants

5  in their individual capacities.

## II.   SUMMARY OF RELEVANT FACTS AS ALLEGED

7         NNEKA owns the Property and EZE is her husband and the builder of the project.

8  [Complaint ¶¶ 2, 19; RJN; Ex. "1", Grant Deed]. On or about December 26, 2016, Fazekas

9  approved a set of building plans for a structural addition of 2,780 square feet, including a

10 dormer at the front of the home and an open deck at the rear of the home. [Complaint¶ 13;

11 Ex. "1" p.15]. Thereafter, on May 1, 2017, a building permit was issued, subject to the

12 following conditions noted in red type and all capitals in two separate places:

> THIS SET OF PLANS AND SPECIFICATIONS MUST BE KEPT ON THE
> JOB AT ALL TIMES AND IS UNLAWFUL TO MAKE ANY CHANGES OR
> ALTERATIONS ON SAME WITHOUT WRITTEN PERMISSION FROM
> THE BUILDING DEPARTMENT OF THE CITY OF BEAUMONT.
>
> THE STAMPING OF THIS PLAN AND SPECIFICATIONS AND THE
> ISSUES OF A BUILDING PERMIT SHALL NOT BE HELD TO BE AN
> APPROVAL OF THE VIOLATION OF ANY PROVISION OF ANY CITY
> ORDINANCE OR STATE LAW.

19 [Complaint ¶ 14; See also Ex. A, p. 2, 3 of 135, and p. 4 of 135].

20        At some point during construction, EZE noticed that the open second story terrace

21 had been built "dangerously close" to an Edison High Tenson wire. [Complaint ¶ 15].

22 On or about July 19, 2018, EZE "intimated" his fear of radiation from the Edison Wire

23 and suggested to Almandinger the possibility of "putting a cover" over the open-second

24 story terrace to "minimize possible radiation effect". [Complaint ¶ 15]. Almandiger

25 informed EZE that EZE would need to provide plans and obtain permission from the

26 City in order to construct the patio deck. [Complaint ¶ 15]. Notwithstanding, EZE went

27 ahead and added the deck over the patio, without providing any plans, structural

28 calculations or obtaining approval from the City. {Complaint ¶ 16}.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

During an inspection on or about August 15, 2018, Almandinger saw the patio deck and advised EZE that he would either need to provide plans and get approval from the City or remove the patio deck [Complaint para. 16, Exhibit "D"]. For over a year, EZE allegedly sought the attention of Taylor to present his concerns and request permission, but was allegedly ignored, until he arranged a meeting through the mayor. [Complaint ¶ 18]. During the meeting on August 19, 2019, EZE expressed his concerns and requested that city officials physically observe the property before making a final decision [*Id.*]. Plaintiffs' allege "that's because the City should have known of the potential 'danger' before approving the building plan. [*Id.*]

On September 4, 2019, Fazekas and Almandinger visited the property. [Complaint ¶ 19]. Fazekas walked through the home project, but refused to have any discussion with EZE, telling him that he can discuss it with his boss after he submits his report. [Id.] On September 10, 2019, Fazekas sent EZE a letter citing three (3) areas of the project that needed to be addressed:

"Thank you for meeting with us at your project on 9/4/19 … The areas in which you have undertaken work which are not covered by the approved plans will require City approval before proceeding with construction or inspection of those areas.

The front has a 2nd story dormer pop-out which has been enlarged into an enclosed room. This area has lateral design issues with improper seismic bracing as currently constructed. Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations.

The rear deck has been covered by a solid 2nd story roof of over 400 sf which is not on the approved plans. Lateral structural support for this area is lacking which should be addressed with structural calculations. Also, the roof joists may be overspanned unless the grade lumber used is select structural. The tie-in from the patio roof to the house is not visible and the out-of-plane (pull away) connection should be detailed in the revised plans and verified.

The stair rise/run doesn't comply with Code since the steps were noticeably inconsistent when walking them. This is simply worth noting so they can be corrected at framing stage rather than at a later date.

In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed"

[Complaint ¶ 20 & Ex. "I" thereto]

On September 11, 2019 EZE replied to Fazekas' letter and asked for another on site meeting. [Complaint ¶21]. On September, 12, 2019, Taylor responded by email as follows:

As stated in the letter, referenced in your email to Mr. Fazekas and I on 9-11-19, the City has provided a path to approval of the plans for your project.

In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.

[Complaint, Ex. "E2", p. 18 of 135].

Thereafter, on or March 18, 2020, EZE received a letter from the City advising EZE that the permit issued for the property had expired and that if it was his intention to complete or continue the permit work, to notify the Building Department immediately so the issue could be resolved in a timely manner. [Complaint ¶ 24; Ex."F-1"]. On March 19 2020, Code Enforcement Officer McCarthy posted a "Courtesy Notice" of issues observed at the property "which if left uncorrected constitute a violation of the Beaumont Municipal Code". [Complaint ¶25; Ex. G1&2]. The Courtesy Notice was based on pictures of the Property. *[Id.]*

On April 17, 2020, EZE sent a letter to the City acknowledging that he constructed the roof on the "open-deck' without submitting plans or obtaining a permit from the City:

My family has been in need of additional living home space which prompted our idea of an addition to what we already have since we couldn't afford a bigger house and we could save by doing the construction myself. I had my brother, Nevada licensed Architect (Taff Kingsley Iloputaife) do the architectural drawing which the City rightly required us to employ the services of a California Licensed Structural Engineer for the plan approval process.

The City eventually approved the plan we sought without consideration of the radiation hazard posed by the California Edison high-tension electric line behind

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

our property. The City Planning and Safety departments should have known of high-tension safe distance proximity to dwelling based on the City permit relationship with Edison. Notwithstanding, went ahead and approved our open upper-deck terrace building plan without proper consideration of its close proximity to the high-tension wires.

Now, the City is insisting I go through expensive Engineering and Permit process over again which I can't afford after I managed financially to do my best to abate the hazard by adding a cover to the terrace which I would rather have open. I have explained all this to the City Management even appealed to the City Council to no avail. Meanwhile, the City has refused my request for further inspection of works done on living areas not affected by the terrace.

I have humbly requested variance on this issue or finance of the required plan modification from the City which was both denied. Meanwhile, my family is going through unprecedented exposure to weather hazards at this critical time due to uncompleted arears of our home because the City would rather have my family exposed to High-tension Radiation.

May I indulge the City to please consider my family at this critical time and minimize unnecessary damages  [Complaint ¶24 Ex. F2, p. 24 of 135]

Notwithstanding, Plaintiffs continued work at the Property. [Complaint ¶27]. Beginning on July 30, 2020, therefore, Code Enforcement Officer McCarthy posted Citation No. C600186 for $100 fine for Building Code Violation 8.32.060 and for zero dollar fine for Building Code Violation 8.32.070 [Complaint ¶26, Ex. "H1", Citation].

The Citation requested compliance by August 10, 2020. [Complaint ¶26, Ex. "H1", Citation]. On December 29, 2020, Citation N6000250 was issued for a zero fine and on January 7, 2021 Citation C6000257 was issued for $200.00. [Complaint ¶26]. Thereafter, the citations progressed to $1,000 daily and on or about March 17, 2021 Plaintiff NNEKA started receiving "threatening" debt collection letters from Innovative Collection Services which identified the City as their client. [Complaint ¶26 ].

On April 5, 2021, EZE sent an Application to Request for an Administrative Hearing with respect to the Citations [Complaint ¶31; Ex, L]. On April 14, 2021, Taylor scheduled a virtual hearing before a three person hearing panel for April 22, 2021, which was postponed to March 6, 2021 to allow a panel member "of Taylor's

choice" to "get well". [Complaint ¶32]. The administrative hearing was held on May 6, 2021 and plaintiffs presented their case. [Complaint ¶33]. On May 25, 2021, the administrative hearing panel ruled that there was substantial evidence to support the finding that §§ 8.32.060 and 8.32.070 had been violated as follows:

1.  <u>That the Permit has expired</u>. Prior to work being done renewal of the Permit was required, along with resubmission of plans and payment of applicable fees. All construction deviations must be addressed with revised plans indicating the increased scope of work which includes structural calculations and T-24 energy calculations. As noted in the September 10, 2019 letter, a consultation with the Planning Department is recommended. Alternatively, apply for Demo permit to conform to original plan approval.

2.  <u>Dormer</u> —The second story dormer located at the front of Property had been constructed larger than indicated on the approved building plans. The area has lateral design issues with improper seismic bracing as it is currently constructed. Due to the amount of glazing added, energy efficiency must be addressed with revised T-24 energy calculations. Correction: Submit revised plans addressing the issues listed above or apply for a Demo permit to remove all work done which is not in compliance with the original plan approval (unpermitted work).

3.  <u>Second Story Terrace</u> —The second story rear terrace/balcony roof has been partially removed, however, a small portion with support posts remains. Correction: Remove all portions of the second story terrace/balcony which is not in compliance with the approved building plans (unpermitted work).

Complaint Exhibits, Ex. S, pp. 126-127 of 13.

Plaintiffs allege that the hearing Panel incorporated a "false" City Staff Report into their decision "without the least consideration" of Plaintiffs testimony. [Complaint ¶33]. Plaintiffs also allege that the panel head person was "biased" against them based on a comment they allegedly overheard her make when her audio on the computer came back on "you've gotta keep 'em straight, that's for sure" [Id].

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1
2
3
4
5
6
7
8
9

On June 7, 2021, Plaintiffs filed a Notice of Appeal to the City Council [Complaint, ¶ 34]. On July 16, 2021, Plaintiffs submitted their testimony in the form of legal pleading. [Complaint ¶36, Ex. "P1"]. On July 19, the City emailed Plaintiffs City's Staff's responses [Complaint ¶36, Exs. "P1- P3"]. On July 19, 2021, Plaintiffs emailed the City their rebuttal to the City Staff's responses. [Complaint Ex. P3"]. On July 20, 2021, the Appeal Hearing was held before City Council [Complaint, ¶ 37, Ex. Q]. Both Plaintiffs were present at the hearing and Plaintiff EZE testified at length before the City Council [Complaint, Ex. "Q"]. Plaintiffs allege that Taylor read the "made up" Staff report into the record. [Complaint ¶37].

10
11

After considering all evidence and testimony and the entire record, the City Council subsequently issued Resolution No. 2021-42 finding, *inter alia*, as follows:

12

Section 2. Findings, Affirmance and Order.

13
14
15
16
17
18
19
20
21

In its capacity as appellate hearing officers considering the Appeal from the Administrative Decision, the City Council has found and determined that that the Administrative Decision is affirmed in all parts, except as modified herein, and that there is substantial evidence to support a finding that Beaumont Municipal Code Section 8.32.060 (building code violation) and Beaumont Municipal Code Section 8.32.070 (zoning code ordinance violation) were violated, that the construction activities at the Property exceeded the work permissible under the plans and permit and that the violations constitute a public nuisance. Moreover, work was done on the property after the permit expired. The second story rear terrace/balcony of the Property, and second story dormer of the Property are not in compliance with what the City approved for construction at the Property, are in violation of the City Code and a public nuisance pursuant to Beaumont Municipal Code Section 8.32.420.

22

[Complaint; Ex. "R", Resolution]

23
24
25
26
27
28

Within the Resolution, the City Council agreed to reduce the fines to $27,823.65 if paid within 90 days. [Ex. "R", Resolution] The City also agreed <u>not</u> take any actions to obtain a superior court order for abatement of the nuisance or appoint a receiver if Plaintiffs: (1) provided a report from a licensed structural engineer within 30 days certifying that the Property was safe for habitation; (2) had a licensed structural engineer prepare and submit plans and obtain approval of the plans and a permit from

7

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

the City within 90 days; (3) and complete construction and obtain final City inspections and approval of the work consistent with the plans within 270 days. [Complaint; Ex. "R", Resolution].  Rather than do that however, Plaintiffs filed the instant lawsuit alleging that Defendants "den[ied] [them] procedural due process and equal protection by refusing to grant Plaintiffs' request for an [exception] to protect their family against possible danger form radioactivity." [Complaint ¶43].

## I.   <u>LEGAL STANDARD</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ Proc. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); <u>Navarro v. Block</u>, 250 F. 3d 729, 731 (9th Cir. 2001). A complaint **must** be supported by *factual* allegations. <u>Ashcroft v. Iqbal</u> 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d. 868 (2009). "While legal conclusions can provide the framework of a complaint", neither legal conclusions nor conclusory statements by themselves are sufficient, and such statements are not entitled to a presumption of truth. <u>Id</u>. at 679. The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. <u>Cahill v. Liberty Mutual Ins. Co</u>., 80 F. 3d 336, 337-38 (9th Cir. 1996). However, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the … laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. See <u>Big Bear Lodging Ass'n v. Snow Summit, Inc</u>., 182 F. 3d 1096, 1101 (9th Cir. 1999); <u>Newman v. Universal Pictures</u>, 813 F.2d 1519, 1521-22 (9th Cir. 1987). A court should dismiss a claim that lacks a cognizable legal theory or if there are insufficient facts alleged under a

1   cognizable legal theory. <u>Johnson v. Riverside Helathcare Sys., L.P.</u> 534 F.3d 1116,
2   1122 (9th Cir. 2008). Leave to amend "need not be granted where the amendment of the
3   complaint would cause the opposing a party undue prejudice, is sought in bad faith,
4   constitutes an exercise in futility, or creates undue delay." <u>Ascon Properties, Inc. v.</u>
5   <u>Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

6   **II.    Plaintiffs' Federal Claims under 42 U.S.C. Section 1983**

7   Section 1983 entitles a person to sue only for "deprivation of any rights,
8   privileges, or immunities secured by the Constitution and laws of the United States."
9   "To establish a claim under § 1983, [a plaintiff] must establish that: (1) the conduct
10  complained of was committed by a person acting under the color of state law; and (2)
11  the conduct violated a right secured by the Constitution and laws of the United States."
12  <u>Humphries v. County of Los Angeles</u>, 554 F. 3d 1170, 1184 (9th Cir. 2009). In this
13  case, plaintiffs' claim that Defendants denied them procedural due process and equal
14  protection "by refusing to grant Plaintiffs' request for a 'variance' [from the original
15  permit] to protect their family against possible danger from radioactivity. [Complaint,
16  ¶43]. Both claims fail to allege facts sufficient to state a claim.

17  Section 1983 does not guarantee a person the right to bring a federal suit of
18  denial of due process in every proceeding in which he is denied a license or a permit.
19  If that were the case, every allegedly arbitrary denial by a town or a city of a local
20  license or a permit would become a federal case, swelling our already overburdened
21  federal court system beyond capacity. A federal court "should not … sit as a zoning
22  board of appeals." <u>Village of Belle Terre v. Boras</u>, 416 U.S. 1, 13, 39 L.3d. 2d 797, 94
23  S. Ct. 1536 (1974) (Marshall J., dissenting).

24  **A.    Plaintiffs Second Claim Fails to State a Viable Procedural Due**
25        **Process Claim Against Defendants**

26  To state a due process claim when life or liberty interests are not involved, a
27  Plaintiff must establish: (1) the existence of a constitutionally protected property
28  interest; and (2) a deprivation of that interest by the government; (3) without due

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1   process. <u>Portman v. City of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993). If no such

2   constitutionally protected property interest is involved, then the procedural protections

3   of the due process clause do not even come into play. <u>Board of Regents v. Roth</u> (1972)

4   408 U.S. 564, 569-578, 92 S. Ct 2701, 2705-2710, 33 L. Ed. 2d 548. Indeed, a viable §

5   1983 claim does not lie "absent a foundational showing that the government's action

6   deprived [Plaintiffs] of a land use to ***which [they] are entitled***." <u>Breneric Assoc. v. City</u>

7   <u>of Del Mar</u>, 69 Cal. App. 4th 166, 180 (1998) [emphasis added]; <u>Board of Regents v.</u>

8   <u>Roth</u> (1972) 408 U.S. 564, 569-578, 92 S. Ct 2701, 2705-2710, 33 L. Ed. 2d 548.

9   Plaintiffs' complaint fails to meet this threshold requirement for a due process claim

10  because a property owner does not have a constitutionally protected property right to a

11  discretionary permit, particularly one for additions that were added after the fact and

12  without any approved plans or structural calculations to support it. See e.g. <u>Hermosa</u>

13  <u>on Metropole LLC v. City of Avalon</u>, 2014 U.S. Dist. Lexis 196550 (C.D. Cal. July 29,

14  2014) citing <u>Clark v. City of Hermosa Beach</u>, 48 Cal, 4th 1152, 1180-81 (Any

15  significant discretion conferred upon the local agency defeats the claim of a property

16  interest); <u>Gardner v. Baltimore Mayor & City Council</u> (4th Cir. 1992) 969 F.2d 63, 68.

17  [Denial of a discretionary permit cannot provide the foundation for a section 1983 due

18  process claim.]. In <u>Breneric Assoc. v. City of Del Mar</u>, 69 Cal. App. 4th 166, 180

19  (1998), for example, the California Court of Appeal, held that a homeowner who was

20  denied an application to build an addition to an existence residence could not assert a

21  cognizable substantive due process claim pursuant to section 1983 against the City of

22  Del Mar. *Id*. at 184. The California Court of Appeal concluded that "denial of a

23  discretionary land use permit does not infringe on a constitutionally protected property

24  interest for the purpose of section 1983." Id. at 182; See also <u>RRI Realty Corp. v. Inc.</u>

25  <u>Village of Southhampton</u> (2d Cir. 1989) 870 F.2d 911, 915-920 [when the plaintiff has

26  applied for a permit for a particular land use and the governmental agency is vested

27  with significant discretion to grant or deny the application, rejection of the application,

28

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  even if alleged to be arbitrary and capricious, cannot form the basis for a section 1983

2  claim because plaintiff had no constitutionally protected property right to the permit].

3     Here, Plaintiffs cannot establish that they were "entitled" to what they were

4  requesting. To the contrary, the state building code, which the City adopted as its own

5  through Beaumont Municipal Code ("BMC") §15.04.010, required that all work

6  needed to be done in accordance with the approved construction plans and, for any

7  work that was not, new construction documents had to be resubmitted for approval.

8  [See Request for Judicial Notice ("RJN"); Ex. 2, BMC §15.04.010; RJN, Ex. "3", Cal.

9  Code Regs., Title 24, [A]§107.4[A]). Moreover, the City had discretion to deny

10  Plaintiffs' request. [See e.g. RJN, Ex "3", Cal. Code Regs., Title 24, §[A]105.3.1].

11  Thus, Plaintiffs did not have a constitutionally protected property interest in a

12  discretionary permit. Indeed, a property interest does not exist merely because the

13  owner has an abstract need or desire or unilateral expectation of the interest, but rather

14  the plaintiff must have a "legitimate claim of entitlement to it." Gardner v. Baltimore

15  Mayor & City Council (4th Cir. 1992) 969 F.2d 63, 68. Here, plaintiffs did not have a

16  legitimate claim of entitlement to an exception to the permit requirements and their due

17  process claim fails as a matter of law. Id. at 68. [When there is significant discretion

18  accorded the by law, regardless of whether or to what degree that discretion has

19  actually been exercised Gardner v. Baltimore Mayor & City Council (4th Cir. 1992) 969

20  F.2d 63, 68, the complaint does not allege a protected property interest or a viable 1983

21  due process claim.]; See also Spence v. Zimmerman (11th Cir. 1989) 873 F.2d. 256, 258

22  [no due process claim arises from denial of discretionary permit because owner lacks

23  protectible property interest in discretionary permit]; Coroian v. City of Kansas City,

24  Mo. (8th Cir. 1987) 813 F.2d 178, 181 [there is no substantive due process claim unless

25  plaintiff is deprived of permit to which he is statutorily entitled]; Yale Auto Parts, Inc. v.

26  Johnson (2d Cir. 1985) 758 F.2d 54, 58-59 [complaint alleging agency officials acted

27  arbitrarily, capriciously and in concert in denying discretionary land use permit does not

28  state a section 1983 claim because plaintiff lacked a protectible property interest in

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1    discretionary permit.] Likewise, because plaintiffs had no right to make these additions

2    without a permit in the first place, Defendants conduct in issuing citations and/or

3    prosecuting code enforcement action also did not violate any constitutionally protected

4    property interests. *Keystone Bituminous Coe Ass's v. DeBenedictis*, 480 U.S. 470, 492

5    (1987); *Leppo v. City of Petaluma*, 20 Cal. App. 3d 711, 717 (1971)(Owner of a

6    property has no constitutional right to maintain the property as a nuisance).

7         Even assuming arguendo however that a constitutionally protected property

8    interest had been alleged, the second claim for relief still fails because Plaintiffs have

9    not and cannot show they were denied procedural due process. Ordinarily, due process

10   of law requires only notice and an opportunity for some kind of hearing prior to

11   deprivation of a significant property interest. Sinaloa Lake Owners Association v. City

12   of Simi Valley, 882 F. 2d 1398, 1405 (9th Cir. 1989). Here, Plaintiffs' complaint and

13   the exhibits attached thereto establish that plaintiffs were given *multiple* notices and

14   *multiple* opportunities to be heard. As soon as Plaintiffs informed the City for the first

15   time that they were even considering placing a roof over the open second story terrace,

16   Almandinger notified they that they needed to provide plans and get approval from the

17   City before any such work was done. [Complaint ¶ 15]. As indicated however,

18   Plaintiffs disregarded Almandinger built the roof anyways. [Complaint ¶ 16]. When

19   Almandinger saw the deck on August 15, 2018, he again notified Plaintiffs that they

20   needed to provide plans and get approval from the City, or else the roof would have to

21   be removed. [Complaint ¶ 16; Ex "D"]. Plaintiffs received an additional notice from

22   Almandinger on September 10, 2019 [Complaint ¶ 20 & Ex. "I" thereto], a notice and

23   "path to approval" from Taylor on September 12, 2019 [Complaint, Ex. "E2", p. 18]

24   and a "Courtesy Notice" from McCarthy on March 19, 2019 [Complaint ¶25; Ex.

25   G1&2]. Yet, Plaintiffs still failed to provide the requisite construction documents for

26   the increased scope of work, so the City issued citations. When these citations were

27   challenged, Plaintiffs were afforded the opportunity to present their case and be heard

28   both at the administrative hearing on May 6, 2021 and then again at their appeal on

July 2, 2021. Thus, Plaintiffs were afforded more than ample notice and opportunities to be heard such that their procedural due process claim fails for this reason as well.

**B.** **Plaintiffs' Equal Protection Claim Also Fails to Allege Facts Sufficient to Support a Viable Claim Against Defendants**

In order to state a Section 1983 Equal Protection Claim, a plaintiff must allege facts sufficient to show they were either discriminated against based on membership in a protected class or treated differently from others who were similarly situated without a rational basis. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.2d 313 (1985). In the instant case, the complaint fails to allege facts sufficient to establish either of these equal protection claims against Defendants.

To state a claim based on race, plaintiffs must show that Defendants intentionally discriminated against them on the basis of race and that a racially-neutral decision making process would have led to a different result. Arlington Heights V. Metropolitan Housing Corp., 429 U.S. 252, 264-265, 270, 97 S. Ct. 555, 563, 5666, 50 L. Ed. 2d 450 (1977). Allegations, feelings, and bare assertions are insufficient for this showing. Celotext Corp., 477 U.S. 317, 106 S. Ct. 2548. Here, the only mention of race in the complaint is the allegation that Plaintiffs heard one member of the three-member administrative hearing panel say "You got to keep 'em all straight that's for sure" which Plaintiffs allege was in reference to them. Even assuming arguendo this were true however, this alleged statement was not made by any of the individually named defendants. Thus, the individual defendants cannot be held liable for an equal protection violation based on an alleged statement made by someone else. Iqbal, 129 S. Ct. at 1948. (To state a claim under Section 1983 against a government official in his or her official capacity, a pleading must show that the official, "through [his or her] own individual actions, has violated the Constitution."). Nor can the City be held liable unless official city policy is involved. Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, the alleged statement was not made by a "policy maker of the City", but rather one member of a three-member

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

administrative hearing panel made up of City residents. (See e.g. RJN Ex. 2, BMC §2.030.020). In *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872 (9th Cir. 1987), plaintiff claimed the decision of the board of supervisors was tainted by the bias of one individual board member. The Ninth Circuit court held that the "bias" of one individual serving on the board does not establish "official group policy" for the County. Id. (Individual board member has no authority to unilaterally establish official group policy). Clearly therefore, the alleged "bias" of one panel member (who is not even employed by the City, let alone one of its a policy makers) does not establish official policy for the City. Additionally, one alleged statement is not sufficient to make a showing of intentional discrimination under the equal protection clause, particularly relating to decisions relating to plaintiffs' permit that were made by others *years earlier*. Moreover, Plaintiffs have made no showing that the outcome of the administrative hearing would have been any different absent the alleged bias of this one member of the hearing panel. Indeed, Plaintiffs' appeal was heard by an entirely different body. Thus, Plaintiffs have failed to state an equal protection claim against either the City or any of the individual Defendants based on race.

The complaint also fails to establish a "class of one" equal protection claim. Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). In order to state a "class of one" equal protection claim, a plaintiff must establish (1) that others similarly situated were treated different; (2) defendants actions were without a rational basis; and (3) if there is a stated rational basis for the treatment, defendants' proffered basis is pretextual and conduct motivated by malignant animus Id. at 936, 944-948; Seariver Mar.Fin. Holdings, Inc. v. Mineta, 308 F.3d 662, 679 (9th Cir. 2002). Here, no facts have been alleged to show Plaintiffs have been treated any differently than those who are similarly situated, that there is no rational basis for Defendants' actions, or that Defendants' conduct was motivated, by anything, other than  a rational basis i.e. enforcing the municipal and state building codes.  Thus, Plaintiffs' equal protection claim should be dismissed against each of the Defendants accordingly.

1
2

**C.     Plaintiffs have also failed to Allege Viable Due Process and Equal Protection Claims Against Any of the Individually Named Defendants**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Again, to state a claim under Section 1983 against a government official in his or her official capacity, a pleading must show that the official, "through [his or her] own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.  In addition to the reasons discussed above, the complaint fails to allege sufficient facts to state plausible procedural due process or equal protection claims against any of the individual defendants. The sole conduct in the complaint attributable to Almandinger is that he allegedly notified plaintiffs (once before they constructed the roof and once after) that Plaintiffs' needed to provide approved plans or get approval from the City for this addition. For his part, Fazekas allegedly "negligently" approved the original building permit[1], inspected the property at Plaintiffs' request and then "negligently" included in his letter to Plaintiffs an area that had allegedly already been inspected and approved. The gravamen of Plaintiffs' claims against McCarthy and Taylor is that McCarthy posted Courtesy Notice with "bogus" issues and issued Citations and a stop work notice; while Taylor allegedly "organized a prejudicial administrative hearing panel" [Complaint para. 11] and "read a 'made up' City Staff Report to the City Council at the Appeal Hearing". [Complaint Para. 37].  In addition to being conclusory and lacking any factual support, these allegations do not state plausible due process or equal protection claims against any of the individually named defendants. Thus, they should be dismissed accordingly.

22
23

**D.     Plaintiffs' Claims Against the Individually Named Defendants Are Also Barred by Qualified Immunity**

24
25
26

When performing discretionary functions, government officials are entitled to qualified immunity, unless in taking the challenged action, they violate "clearly

27
28

[1] Daniels v. Williams, 474 U.S. 327, 330-33, 106 S. Ct. 662, 88 L. Ed. 2d. 662 (1986). (Mere lack of due care by a state official does not "deprive" an individual of life, liberty or property under the Fourteenth Amendment); See also Personnel Adm'r of Mass. V. Feeney, 442 U.S. 256, 276, 278-29, 281 (1979) (Purpose or intent to discriminate must be present before there is a violation of equal protection).

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

established statutory or constitutional rights of which a reasonable person would have known". <u>Pearson v. Callahan</u>, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Qualified immunity is "an immunity from suit rather than a mere defense [and thus] is effectively lost if a case is erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411, 425 (1985). For this reason, the Supreme Court has repeatedly stressed "the importance of resolving immunity questions at the earlies possible stage in litigation." <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991). Indeed, the Supreme Court has specifically directed that, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant is entitled to dismissal before the commencement of discovery." <u>Behrens v. Pelletier</u>, 516 U.S. 299, 306, 116 S. Ct. 834, 839, 133 L. Ed. 2d 773, 784 (1996) (internal quotation marks and citations omitted); see also <u>Hewitt v. Grabbicki</u>, 596 F. Supp 297, 306 (E.D. Wash 1984) aff'd 794 F.2d 1373 (9th Cir. 1986) (Qualified immunity may be properly raised in a 12(b)(6) motion).

When considering a claim of qualified immunity, courts engage in a two-part inquiry: (1) Do the facts show that the defendant violated a constitutional right, and (2) Was the right clearly established at the time of the defendant's purported misconduct? <u>Delia v. City of Rialto</u>, 621 F.3d 1069, 1074 ((th Cir. 2010) quoting <u>Pearson v. Callahan</u>, 555 U.S. 223, 231-32, 129 S. ct. 808, 815-816 (2009). "A negative answer [of either prong] ends the analysis, with qualified immunity protecting the defendants from liability." <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002). A court may however exercise its discretion in reaching the second prong first, which is solely a question of law. <u>Dunn v. Castro</u>, 621 F.3d 1196, 1199 (9th Cir. 2010); <u>Brosseau v. Haugen</u>, 543 U.S. 194, 201-02, 125 S. Ct. 596, 600 (2004). "To overcome the presumption [of qualified immunity protection], a plaintiff must show that the officer's conduct was so "egregious that any reasonable person would have recognized a constitutional violation."" <u>Id.</u> [internal citations omitted]. The standard is a demanding one. The contours of a right must be "sufficiently clear that *every* reasonable official would have

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  understood that what he is doing violates that right." <u>Ashcroft v. al-Kidd</u>, 563 U.S. 731, 741,

2  131 S. Ct. 2074, 2083 (2011) [emphasis added]. Thus, the standard is not whether clearly

3  established law supported an official's actions, rather it is whether an official's conduct was

4  prohibited by clearly established law. See e.g. <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)

5  [Qualified immunity is designed to protect from civil liability "all but the plainly

6  incompetent or those who knowingly violate the law." ]. Indeed qualified immunity applies

7  for example, if one reasonable code enforcement officer out of the universe of code

8  enforcement officers could disagree on whether the Defendants' conduct was permissible.

9  *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) overruled on other

10  grounds, <u>Acri v. Varian Assco's Inc</u>. 114 F.3d 999 (1997).

11      As discussed above, Plaintiffs' Complaint does not allege facts sufficient to

12  show that Defendants violated plaintiffs' constitutional rights. However, even if the

13  complaint had shown that the individually named Defendants somehow violated

14  Plaintiffs' constitutional rights, Defendants are still entitled to qualified immunity. As

15  noted, Cal. Code Regs., Title 24, [A]§105.3.1gives the City discretion to deny a

16  request for a permit when it is not satisfied that the work conforms to the building code

17  or other applicable laws. Since Cal. Code Regs., Title 24, §107.4[A] provides that

18  "[w]ork shall be installed in accordance with the approved construction documents,

19  and any changes made during construction that are not in compliance with the

20  approved construction documents shall be resubmitted for approval as an amended set

21  of construction documents", the individual Defendants' alleged conduct was

22  objectively reasonable (i.e. including Almandinger informing Plaintiffs that they

23  needed to provide approved plans and obtain approval for the increased scope of work;

24  Fazekas inspecting the property at Plaintiffs' request and then notifying them of the

25  areas he felt went beyond the scope of the original permit; Taylor reiterating Fazekas'

26  results and providing Plaintiffs with the path for compliance; McCarthy issuing

27  citations to Plaintiffs after they failed to comply for nearly two years). (See. e.g. RJN

28  Ex "2", BMC§§1.16.030, 1.17.120 & 1.17.125)  Indeed, Plaintiffs have not and cannot

1   point to any "clearly established law" that prohibited any of the individual's conduct
2   alleged in the complaint. Thus, qualified immunity apples and Plaintiffs' § 1983 claims
3   against each of the individual Defendants should be dismissed accordingly.

4       **E.**   **Plaintiffs' Claims Against Taylor Are Also Barred by the Absolute**
5           **Prosecutorial Immunity**

6   Under established law, prosecution officials are entitled absolute immunity from
7   a 42 U.S.C. § 1983 lawsuit. Imbler, *supra*, 424 U.S. 409, 427-28. Such immunity is <u>not</u>
8   limited to prosecutors in a criminal setting as it turns upon the function of the person
9   claiming immunity. <u>Butz v. Economu</u>, 438 U.S. 478, 515, 98 S. Ct. 2894, 57 L. Ed. 2d
10  895 (1978) ("We also believe that agency officials performing certain functions
11  analogous to those of a prosecutor should be able to claim absolute immunity with
12  respect to such acts. The decision to initiate administrative proceedings against an
13  individual or corporation is very much like the prosecutor's decision to initiate or move
14  forward with a criminal prosecution."). Indeed, prosecutorial immunity also extends to
15  city officials who enforce the City's municipal code. <u>Spitzer v. Aljoe</u>, 2014 U.S. Dist.
16  LEXIS 37785 (N.D. Cal. Mar. 20, 2014). In <u>Spitzer</u>, the court ruled city officials were
17  immune for their initiation of code enforcement actions. Id. at 12 citing <u>Butz v.</u>
18  <u>Economu</u>, 438 U.S. 478, 515 (1978) [agency officials performing certain functions
19  analogous to those of a prosecutor should be able to claim absolute immunity with
20  respect to such acts."]; see also <u>Forrester v. White</u>, 484 U.S. 219, 229, 108 S. Ct. 538,
21  98 L.2d 555 (1988) (the nature of the function performed, not the identity of the actor
22  who performed it, that informed our immunity analysis.").

23  Here, Taylor is entitled to absolute immunity because her purported conduct
24  falls within the prosecution of the Plaintiffs. Plaintiffs seek to impose liability against
25  Taylor relating to her part in the initiation and prosecution of Plaintiffs' administrative
26  hearing and appeal (i.e. reading alleged "false" staff report etc.) See <u>Fry v. Melaragno</u>,
27  939 F.2d 832, 837-38 (making statements that are alleged misrepresentations during
28  hearings, court papers also covered by absolute prosecutorial immunity). Since

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Taylors' alleged conduct was intimately associated with functions to which the reasons for absolute immunity apply with full force." <u>Imbler</u>, 424 U.S. at 430. Thus, Plaintiffs' Claims against Taylor are also barred by the prosecutorial immunity.

## III. PLAINTIFFS' STATE LAW CLAIMS AGAINST EACH OF THE DEFENDANTS MUST ALSO BE DISMISSED

### A. Plaintiffs' Third, Fourth and Fifth Causes of Action Fail as a Matter of Law Based on Plaintiff's Failure to Allege Compliance with the Claims Presentation Requirement of the Government Tort Claims Act

The California Government Claims Act, also known as the California Tort Claims Act, Cal. Gov't Code §§ 900 et. seq. ("CGCA") requires, as a condition precedent to a suit for money or damages against a public entity and/or public employees acting within the course and scope of their employment, the timely presentation of a written claim and the rejection of the claim in whole or in part. See Cal. Gov't Code Cal. Gov. Code §§ 945.4, 950.2; See also <u>Mangold v. California Pub. Utilities Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing <u>Snipes v City of Bakersfield</u>, 145 Cal. App. 3d 861 (1983)); <u>Fowler v. Howell</u>, 42 Cal. App 4th 1746, 1750 (1996). "Unless a specific exception applies, '[a] suit for 'money or damages' includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in 'tort, contract or some other theory.'" <u>Lozada v. City and County of San Francisco</u>, 145 Cal App. 4th 1139, 1152 (2006) (citations omitted). "The claim filing requirement has been held applicable to claims arising out of negligence, nuisance, breach of statutory duties, intentional wrongs and contract." Id. (quotations omitted)." Government Code Section 905 lists several exceptions to the general rule that public entities must be provided notice of all claims for money or damages." Id. (quotations omitted). "[C]laims for damages for violations of sections 51 and 52.1 are not among them." <u>Gatto v. County of Sonoma</u>, 98 Cal. App 4th 744, 763 (2002) (finding notice provision applies to a civil action for damages under Cal. Civ. Code Section 52.1).

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Timely presentation of claims is not just a procedural requirement but is an element of the plaintiffs cause of action. <u>State v. Superior Court (Bodde)</u> (2004) 32 Cal. 4th 1234, 1239; <u>Shirk v. Vista Unified Sch. Dist</u>. Accordingly, under California Law, failure to allege facts either demonstrating or excusing compliance with the CGCA subjects a complaint to dismissal for failure to state a claim. (<u>Shirk v. Vista Unified Sch. Dist</u>. (2007) 42 Cal. 4th 201, 209; <u>Bodde</u>, *supra*, 32 Cal. 4th 1234, 1245 ["overwhelming precedent [establishes] that failure to allege compliance or circumstances excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action."]; <u>Gong v. City of Rosemead</u> (2014) 226 Cal. App. 4th 226 363, 374.

Here, plaintiffs' third, fourth and fifth causes of action require compliance with the Claims Presentation Requirement of CGCA. Specifically, plaintiff's third and fourth cause of actions are for alleged violations under state laws and seek damages "in an amount according to proof" and statutory damages in "a minimum of $4,000 for each violation pursuant to California Civil Code Sections 52.1 and 52 in addition to other damages". Likewise, Plaintiff's fifth cause of action is for "breach of duty, intentional tort and negligence" and purports to seek damages for "severe emotional trauma". However, since plaintiffs have failed to allege compliance with the Government Tort Claims Act, Defendants' motion to dismiss these causes of action must be granted. <u>Bodde</u>, *supra* (2004) 32 Cal. 4th 1234, 1245.

**B.** **<u>Plaintiff's Third and Fourth Causes of Action Also Fail to State Claims for Violation of Unruh Civil Rights Act or the Bane Act</u>**

Plaintiffs third and fourth causes of action purport to assert claims for "Violation of the Unruh Civil Rights Act, Civil Code Section 52 and 52.1". However, the Unruh Civil Rights Act, is codified in Civil Code §51. Moreover, Civil Code 52.1 is the Bane Act, not the Unruh Civil Rights Act. Regardless, Plaintiffs have not and cannot state viable claims for relief under either of these Acts.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

The Unruh Civil Rights Act, codified at §51 et. seq. prohibits arbitrary and intentional discrimination in California business establishments on the basis of specified classifications. (Civ. Code §51). Here, City was not acting as a "business establishment" and thus the Unruh Civil Rights Act does not apply. See e.g. City of Rancho Mirage (2015) 243 Cal. App. 4th 162, 175 (City was not acting as a "business establishment" for purposes of the Unruh Civil Rights Act). Nor does the Unruh Act apply to the individually named defendants since they are not owners, lessors or operators of a business establishment. (Civil Code §51). Additionally, Plaintiffs have failed to allege sufficient facts to establish arbitrary or intentional discrimination. As stated above, the complaint only mentions race once in reference to the alleged statement made by one of the hearing panel members which Plaintiffs assumed, albeit incorrectly, was made in reference to them. Even assuming arguendo this allegation was true however, this one alleged statement is not sufficient to make a showing of intentional or arbitrary discrimination. Nor can or have Plaintiffs alleged facts sufficient to show that it caused them any harm. [CACI No. 3060. Unruh Civil Rights Act – Essential factual Elements (Civ. Code §§51,52)]. Thus, the complaint fails to state a viable Unruh claim against any of the Defendants under Civil Code §51.

The complaint also fails to allege a viable Bane Act claim, Civ. Code §52.1. "The legislature enacted Civil Code section 52.1 to stem a tide of hate crimes". Austin B. v. Escondido Union Sch. Dist. (2007) 149 Cal.App.4th 860, 882. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Id. at 883. A plaintiff has no cause of action under the Bane Act, whereas here, here he or she fails to establish that Defendants violated a constitutional or statutory right. Thompson v. County of Los Angeles (2006) 142 Cal. App. 4th 154, 173). Not only did Defendants not interfere with any legal right as explained *ante*, but Plaintiffs have not alleged facts sufficient to

1   establish conduct by any of the defendants that rises to the level of "threats,
2   intimidation or coercion" within the meaning of Civil Code Section 52.1. While
3   unclear, Plaintiffs' Bane Act claim appears to be based on the allegation that debt
4   collectors hired by the City sent intimidating debt collection letters to Plaintiffs
5   [Complaint, para 10]. To establish the requisite "threats, intimidation, or coercion,
6   under the Bane Act, however, a plaintiff must show that defendant "interfered with …
7   plaintiff's constitutional or statutory right by threatening or committing *violent acts*
8   [,and] [t]hat plaintiff reasonably believed that if he/she exercised his/her constitutional
9   right the defendant would commit violence against him/her Austin B. v. Escondido
10  Union School Dist. 149 Cal. App. 4th 860, 882 (emphasis added). Here, Plaintiffs have
11  not, and cannot allege facts showing that City or any of the other Defendants
12  threatened violence against them. San Francisco v. Ballard (2006) 136 Cal. App. 4th
13  381, 408 [allegation by building owner that city threatened to demolish building and
14  impose monetary penalties to "'coerce millions of dollars of unrequired construction'"
15  did not constitute "threat[s] of violence or coercion"]. Thus, plaintiffs fail to state a
16  claim under Civil Code 52.1 and the claim should be dismissed accordingly.

17      C.      **Plaintiffs Have No Private Right of Action to Bring their Fourth**
18              **Cause of Action for Alleged Violations of Title 18, U.S.C 241 & 242**

19      In their fourth cause of action, plaintiffs seek monetary damages against
20  defendants pursuant to two federal criminal statutes, 18 U.S.C. § 241 ("conspiracy
21  against rights") and 18 U.S.C. § 242 ("deprivation of rights under color of law").
22  However, plaintiffs have no standing to pursue alleged violations of 18 U.S.C. §§ 241,
23  242. A private individual may only sue under a federal statute when Congress intended
24  to create a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85
25  (2002) ("where the text and structure of a statute provide no indication that Congress
26  intends to create new individual rights, there is no basis for a private suit"). Here, these
27  statutes do not provide a private right of action under which Plaintiffs may sue. See
28  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)(18.U.S.C. §§ 241, 242 provide

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

22

1  no private right of action and cannot form the basis of a civil suit). Therefore,

2  Plaintiffs' fourth cause of action under 18 U.S.C. 18 U.S.C. §§ 241- 242 should be

3  dismissed accordingly for failure to state a claim upon which relief may be granted.

4  **D.    Plaintiffs' Fifth Cause of Action for "Breach of Duty, Intentional Tort**

5  **and Negligence" Fails to state a claim**

6  Cal. Gov. Code Section 815 bars common law claims against the City "except as

7  otherwise provided by statute". That section provides: "Except as otherwise provided

8  by statute, [a] public entity is not liable for an injury, whether such injury arises out of

9  an act or omission of the public entity or a public entity or any other person." Cal. Gov.

10  Code § 815. Plaintiffs fail to allege any statutory basis for these common law claims

11  against City and they should be dismissed against the City accordingly.

12  Plaintiffs also fail to allege facts sufficient to constitute any common law claims

13  for "breach of duty, intentional tort and negligence" against the individual defendants.

14  Indeed, the complaint fails to identify any duty that was actually owed by these

15  defendants to plaintiffs, breach of any such actual duty, causation and/or damages

16  proximately caused thereby. The complaint also fails to identify what alleged

17  "intentional tort" was allegedly committed, much less allege facts to support any such

18  allegation. Thus, plaintiffs common law claims for "breach of duty, intentional tort and

19  negligence" should be dismissed for this reason as well. In the very least, Plaintiffs

20  should be ordered to provide a more definite statement of their alleged claims pursuant

21  to Federal Rule of Civil Procedure 12(e) which provides that "[a] party may move for a

22  more definite statement of a pleading … which is so vague or ambiguous that the party

23  cannot reasonably prepare a response."

24  **E.    Plaintiffs' State Law Claims Are Also Barred by Several Government**

25  **Code Immunities**

26  Plaintiffs' state law claims against each of the individually named defendants are

27  also barred by immunities pursuant to Government Code §§ 818.6, 821.4 [immunity

28  for failure to make an inspection or inadequate or negligent inspection, of any property

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1    other than property of the public entity, for the purpose of determining whether the

2    property complies with or violates any enactment or contains or constitutes a hazard to

3    health or safety]; §818.4 [immunity for the issuance, denial, suspension, or revocation

4    of, or failure or refusal to issue, deny, suspend or revoke a permit or license]; §820.2

5    [immunity for discretionary acts or omissions, whether or not such discretion be

6    abused]; §820.4 [immunity for acts or omissions exercising due care, in the execution

7    or enforcement of any law]; § 821.6 instituting or prosecuting any judicial or

8    administrative proceeding within the scope of his or her employment, even if he or she

9    acts maliciously or without probable cause.

## IV.    PLAINTIFFS ALSO FAIL TO STATE FACTS SUFFICIENT TO ALLEGE A CLAIM FOR PUNITIVE OR EXEMPLARY DAMAGES

12    Item 3 of the plaintiffs' prayer for relief seeks "exemplary damages … in an

13    amount sufficient to deter and make an example of all Defendants". [Complaint,

14    Prayer §4]. It is well established however, a section 1983 plaintiff may not obtain

15    punitive damages against a municipality or a municipal officer sued in his or her

16    official capacity. See e.g. City of Newport v. Fact Concerts, Inc. (1981) 453 US 247,

17    271; Cook County v. U.S. (2003) 538 US 119, 129. California Government Code

18    similarly "bars any award of punitive damages against a public entity". See Gov't

19    Code § 818 (Notwithstanding any other laws, public entity not liable for damages

20    awarded under Section 3294 of the Civil Code or other damages imposed primarily for

21    the sake of example and by way of punishing the defendant); See also Westlands Water

22    Dist. v. Amoco Chem. Co. 953 F.2d 1109, 1113 (9th Cir. 1991); Kizer v. County of San

23    Mateo, 53 Cal. 3d 139, 145 (1991); Marron v. Superior Court, 108 Cal. App 4th 1049,

24    1059 (2003). Thus, punitive damages are not available as against the City or the individual

25    Defendants in their official capacity under Section 1983 or California Law such that the

26    claim for exemplary damages should be dismissed as against them accordingly. See Arres

27    v. City of Fresno, Civ. No. F-10-1628 LJO SMS, 2011 WL 284971, at *30 (E.D. Cal. Jan

28    26, 2011)(dismissing with prejudice punitive damages claims against public entity).

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  Plaintiffs' punitive damages claim against the Defendants in their individual
2  capacities should be dismissed as well. Plaintiffs' allegations are insufficient to support
3  a claim for punitive damages claim against each of the other Defendants. Punitive
4  damages may only be assessed in 1983 actions "when the defendant's conduct is
5  shown to be motivated by evil motive or intent, or when it involves reckless or callous
6  indifference to the federally protected rights of others." Castro v. City of Los Angeles,
7  797 F.3d 654, 669 (9ᵗʰ Cir. 2015). Likewise, a Plaintiff can only state a claim for
8  punitive damages under California law if sufficient facts are alleged to show
9  "oppression, fraud or malice". Cal. Civ. Code § 3294. Facts are insufficient when the
10 plaintiff asserts "nothing more than conclusory allegations" of oppression, fraud or
11 malice. Kelley v. Corr. Corp. of Am., 750 F. Supp. 2d 1132, 1147 (E.D. Cal 2010).
12 Here, Plaintiff does not allege facts sufficient to state a claim for punitive damages
13 against any of the individual Defendants under either Section 1983 or Cal. Civ. Code §
14 3294. Thus, Plaintiffs claim for punitive and/or exemplary damages should be
15 dismissed in its entirety.

16 **V.    CONCLUSION**

17 For all of the reasons discussed above, Defendants' Fed. R. Civ. P. 12(b)(6)
18 motion should be granted in its entirety and Plaintiffs' complaint against each of the
19 Defendants' dismissed accordingly.

20 Respectfully submitted,

22 DATE:  September 20, 2021    **SLOVAK BARON EMPEY MURPHY &
                                PINKNEY LLP**

24 By: _____
25 John O. Pinkney, Esq.
26 Brent S. Clemmer, Esq.
27 Bruce T. Bauer, Esq.
   Attorneys for Defendants

**PROOF OF SERVICE**
CCP §§ 1011, 1013, 1013a
STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am employed in the County of Riverside, California, am over the age of 18 years and not a party to this lawsuit.  My business address is 1800 East Tahquitz Canyon Way, Palm Springs, California 92262.  On September 20, 2021, I served or caused to be served the foregoing documents described as: **DEFENDANTS CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER AND KELLY MCCARTHY'S NOTICE OF MOTION AND MOTION TO DISMISS PURUSANT TO FRCP 12 (b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action via electronic mail to their electronic service addresses as indicated below

EZEKWESILI ILOPTAIFE                *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

NNEKA ILOPUTAIFE                *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

**(FEDERAL)** I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on September 20, 2021, at Palm Springs, California.

*Grace Gonzales Mitchell*
Grace Gonzales-Mitchell

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262