1  John O. Pinkney, Esq.   SBN 162586
2  Brent S. Clemmer, Esq. SBN 179722
   Bruce T. Bauer, Esq., SBN 149781
3  SLOVAK BARON EMPEY MURPHY & PINKNEY
   LLP
4  1800 East Tahquitz Canyon Way
5  Palm Springs, California 92262
   Telephone (760) 322-2275
6  Facsimile (760) 322-2107
7  Pinkney@sbemp.com/Clemmer@sbemp.com
8  /Bauer@sbemp.com

9  Attorneys for Defendants CITY OF BEAUMONT,
10 CHRISTINA TAYLOR, SCOTT R. FAZEKAS,
   MICHAEL ALMANDINGER and KELLY
11 MCCARTHY

[Exempt from filing fees, Gov. Code §6103]

*(left margin, vertical)* SLOVAK BARON EMPEY MURPHY & PINKNEY LLP  1800 E. Tahquitz Canyon Way  Palm Springs, CA 92262

12

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16 EZEKWESILI ILOPUTAIFE and
17 NNEKA ILOPUTAIFE,

18              Plaintiffs

19      v.

20

21 CITY OF BEAUMONT, a public
   entity; CHRISTINA TAYLOR;
22 SCOTT R. FAZEKAS; MICHAEL
   ALMANDINGER; KELLY
23 MCCARTHY, individually; and
24 DOES 1 through 20, inclusive

25

26              Defendants

27

28

Case No.  5:21-CV-01452-JWH-AGR

Honorable Magistrate Judge Alicia G Rosenberg Presiding, Courtroom 550

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS, CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER AND KELLY MCCARTHY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

DATE:     October 26, 2021
TIME:     10:00 a.m.
PLACE:   Remotely

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1   **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR**
2   **ATTORNEYS OF RECORD, IF ANY:**

3   PLEASE TAKE NOTICE that, pursuant to Federal Rules of Evidence, Rule
4   201, Defendants CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R.
5   FAZEKAS, MICHAEL ALMANDINGER and KELLY MCCARTHY requests that
6   the Court take judicial notice of the following documents in connection with its
7   Motion to Dismiss Complaint, filed concurrently herewith:

8   1.    A Grant Deed, recorded on May 21, 2013, with the Riverside Recorder's
9   Office, a true and correct copy of which is attached hereto as **Exhibit 1**.

10   2.    True and correct copies of portions of the Beaumont Municipal Code
11   attached hereto as **Exhibit 2**, including the following code sections:

12   Beaumont Municipal Code § 1.16.030
13   Beaumont Municipal Code § 1.17.120
14   Beaumont Municipal Code § 1.17.125
15   Beaumont Municipal Code § 8.32.060
16   Beaumont Municipal Code § 8.32.070
17   Beaumont Municipal Code § 8.32.495
18   Beaumont Municipal Code §15.04.010

19   3.    True and correct copies of portions of the California Code of
20   Regulations are attached hereto as **Exhibit 3**, including the following code sections:

21   Cal. Code Regs., Title 24, California Code of Regulations, §105.1
22   Cal. Code Regs., Title 24, California Code of Regulations, §105.3.1[A]
23   Cal. Code Regs., Title 24, California Code of Regulations, §107.4[A]

24   4.    The Court is also requested to take judicial notice of Beaumont City
25   Council Resolution No. 2021-04, a copy of which is attached to the EZEKWESILI
26   ILOPUTAIFE's and NNEKA ILOPUTAIFE's exhibits accompanying their
27   Complaint, Exhibit "R" thereto, pp. 110-119 of 135 (the "Resolution")(for brevity's
28   sake, a copy of this Resolution is not appended hereto.)

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  All of the above documents are judicially noticeable pursuant to Federal Rule
2  of Evidence, Rule 201(b), which provides that judicial notice may be taken of a fact
3  "not subject to reasonable dispute in that it is capable of accurate and ready
4  determination by resort to sources whose accuracy cannot reasonably be questioned."

5  As to Exhibit 1, a grant deed is an official record of easily verifiable accuracy.
6  Unimpeached and certified copies of deeds have been widely held proper subjects of
7  judicial notice. (*Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co.,* 393
8  F.Supp.2d 972, 978 (N.D. Cal. 2005.)

9  Moreover, as to Exhibit 2 and, the reference by incorporation to the City's
10  Resolution, Courts have held that city ordinances and resolutions fall within the
11  category of "common knowledge" and are therefore proper subjects for judicial
12  notice. (See *Tollis Inc. v. County of San Diego,* 505 F.3d 935, 937 fn. 1 (9th Cir.
13  2007), cert denied in 553 U.S. 1066 (2008) [holding municipal ordinances are the
14  proper subject of judicial notice]; *Santa Monica Food Not Bombs v. City of Santa*
15  *Monica*, 450 F.3d 1022, 1025 fn. 2 (9th Cir. 2006), [holding city ordinances fall
16  within the category of "common knowledge" and are therefore proper subjects for
17  judicial notice]; *Colony Cove Props v. City of Carson*, 640 F.3d 948, 954, fn. 3
18  [taking judicial notice of City resolution as not in dispute].)

19  Finally, as to Exhibit 3, courts have found judicial notice of state regulations is
20  also appropriate. (*Roemer v. Bd. of Public Works of Maryland*, 426 U.S. 736, 742 n. 4
21  (1976).) Judicial notice of the foregoing documents should be granted.

23  DATE:  September 20, 2021     **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**

25  By: _____
26  John O. Pinkney, Esq.
27  Brent S. Clemmer, Esq.
28  Bruce T. Bauer, Esq.
   Attorneys for Defendants

**REQUEST FOR JUDICIAL NOTICE**

**PROOF OF SERVICE**
CCP §§ 1011, 1013, 1013a
STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am employed in the County of Riverside, California, am over the age of 18 years and not a party to this lawsuit.  My business address is 1800 East Tahquitz Canyon Way, Palm Springs, California 92262.  On September 20, 2021, I served or caused to be served the foregoing documents described as**: REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS, CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER AND KELLY MCCARTHY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on all interested parties in this action via electronic mail to their electronic service addresses as indicated below

EZEKWESILI ILOPTAIFE          *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

NNEKA ILOPUTAIFE          *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

**(FEDERAL)** I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on September 20, 2021, at Palm Springs, California.


*Grace Gonzales Mitchell*
Grace Gonzales-Mitchell

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

# EXHIBIT "1"

**DOC # 2013-0241766**
05/21/2013 04:05 PM Fees: $21.00
Page 1 of 3  Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**RECORDING REQUESTED BY:**

# TICOR TITLE
# RIVERSIDE

MAIL TAX STATEMENTS TO
WHEN RECORDED MAIL TO:

NNEKA I ILOPUTAIFE
1421 FAIRCLIFF ST
BEAUMONT, CA 92223

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: AGARRETT

**ORDER 75875**

TRA 002-012                   SPACE ABOVE FOR RECORDER'S USE ONLY

# GRANT DEED

421-730-028
$143.00            **TITLE OF DOCUMENT**


**MAIL TAX STATEMENTS TO ABOVE ADDRESS**

DOC #2013-0241766  Page 2 of 3 05/21/2013 04:05 PM

RECORDING REQUESTED BY:

Order No. 75875
Escrow No. 11508-MP
Parcel No. 421-730-028

AND WHEN RECORDED MAIL TO:

NNEKA I ILOPUTAIFE
1421 FAIRCLIFF ST.
BEAUMONT CA 92223

TICOR TITLE RIVERSIDE

TRA 002-012

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $143.00 and CITY $ 0
☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:   ☒ Beaumont

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Mohammed R. Islam and Fahmida Chowdhury, Husband and Wife as Community Property**

hereby GRANT(S) to   Nneka I Iloputaife , A Married Woman as Her Sole and
Separate Property
the following described real property in the County of **Riverside**, State of California:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART THEREOF

Date ___ 3/29/13 ___

_____
Mohammed R. Islam

_____
Fahmida Chowdhury

STATE OF ~~CALIFORNIA~~ South Carolina
COUNTY OF Spartanburg                                    } S.S.

On 3/29/13 ___, before me, Susan H. Chastain, a notary public in and
for said State, personally appeared Mohamad Islam and Fahmida Chowdhury who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ South Carolina that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature Susan H. Chastain                   (Seal)

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

DOC #2013-0241766  Page 3 of 3 05/21/2013 04:05 PM

## EXHIBIT "A"

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lot 33 of Tract No. 31521-2, in the City of Beaumont, County of Riverside, State of California, as shown on a Map recorded in Book 398, pages 1 through 8 inclusive of maps, on file in the office of the county recorder of said County.

EXCEPT therefrom the minerals, oil, gas, and other hydrocarbon substances lying below the surface of said Land.

APN: 421-730-028-9

DOC # 2013-0241767
05/21/2013 04:05 PM Fees: $24.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**RECORDING REQUESTED BY:**

# TICOR TITLE
# RIVERSIDE

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: AGARRETT

**MAIL TAX STATEMENTS TO
WHEN RECORDED MAIL TO:**

NNEKA I ILOPUTAIFE
1421 FAIRCLIFF ST
BEAUMONT, CA 92223

**ORDER 75875**



SPACE ABOVE FOR RECORDER'S USE ONLY

## INTERSPOUSAL TRANSFER
## GRANT DEED

TRA 002-012

### TITLE OF DOCUMENT

421-730-028

**MAIL TAX STATEMENTS TO ABOVE ADDRESS**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
AND MAIL TAX STATEMENT TO:

NNEKA I ILOPUTAIFE
1421 FAIRCLIFF ST.
BEAUMONT CA 92223

*TRA 002-012*

Order No. 75875
Escrow No. 11508-MP
Parcel No. 421-730-028

SPACE ABOVE THIS LINE FOR RECORDER'S USE

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS -0- and CITY $-0-

_____ Computed on the consideration or value of property conveyed; OR

_____ Computed on the consideration or value less liens or encumbrances remaining at the time of sale.

__x__ Exempt from imposition of the Documentary Transfer Tax pursuant to Revenue and Taxation Code section 11927(a), on transferring community, quasi-community, or quasi-marital property, assets between spouses, pursuant to a judgment, an or or written agreement between spouses in contemplation of any such judgment or order.

_____ unincorporated area:    ⌧ Beaumont          *R&T 11911*

## INTERSPOUSAL TRANSFER GRANT DEED

(excluded from reappraisal under California Constitution Article 13 A Section 1 et seq.)

This is an Interspousal Transfer and not a change in ownership under section 63 of the Revenue and Taxation Code and Grantor(s) has (have) checked the applicable exclusion from reappraisal:

__x__ A creation, transfer, or termination, solely between spouses, of any co-owner's interest.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Ezekwesili I. Iloputaife spouse of Grantee**

hereby GRANTS to **Nneka I. Iloputaife, A Married Woman as Her Sole and Separate Property**

the real property in the City of **Beaumont** County of **Riverside**, State of California, described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART THEREOF

Dated *05/01/2013*

_____
**Ezekwesili I. Iloputaife**

STATE OF CALIFORNIA          }
                             } S.S.
COUNTY OF *Riverside*        }

On *5·1·13*, before me, *R Mesa* a notary public in and for said State, personally appeared *Ezekwesili I Iloputaife* who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

```
            R. MESA
         COMM. #1906021
      Notary Public - California
           Orange County
    My Comm. Expires Oct. 26, 2014
```

MAIL TAX STATEMENT TO:      SAME AS ABOVE

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lot 33 of Tract No. 31521-2, in the City of Beaumont, County of Riverside, State of California, as shown on a Map recorded in Book 398, pages 1 through 8 inclusive of maps, on file in the office of the county recorder of said County.

EXCEPT therefrom the minerals, oil, gas, and other hydrocarbon substances lying below the surface of said Land.

APN: 421-730-028-9

# NOTARY CLARITY

Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _R. Mesa_

Commission #: _1906021_

Place of Execution: _Orange_

Date Commission Expires: _10-26-14_

Date: _5-10-13_

Signature: _R. Hekler_

Print Name: _R. HEKLER_

# EXHIBIT "2"

**Beaumont   Municipal   Code   §   1.16.030   -   Violation—Infraction   - Administrative fine—Penalty.**

A.      Except as provided in subsection B below and in cases where a different punishment is prescribed by any ordinance of the City, any person subject to code enforcement by administrative citation or convicted of an infraction for violating an ordinance of the City, is punishable by:

   i.   A fine not exceeding $100.00 for a first violation;

   ii.   A fine not exceeding $200.00 for a second violation of the same ordinance within one year;

   iii.   A fine not exceeding $500.00 for each additional violation of the same ordinance within one year of the first violation.

The fourth violation and every violation of the same ordinance within one year may thereafter be charged as a misdemeanor.

B.      Notwithstanding any other provision of law, a violation of a City building and safety code provision is punishable by:

   i.   A fine not exceeding $100.00 for a first violation;

   ii.   A fine not exceeding $500.00 for a second violation of the same provision within one year;

   iii.   A fine not exceeding $1,000.00 for each additional violation of the same provision within one year of the first violation.

The fourth violation and every violation of the same ordinance within one year may thereafter be charged as a misdemeanor.

(Ord. 995, 4-19-11)

**Beaumont Municipal Code §  1.16.040 - Separate offense.**

Each such person shall be guilty of a separate offense for each and every day during any portion of which any violation of any provision of the ordinances of the City is committed, continued or permitted by any such person, and he shall be punishable accordingly.

(Ord. No. 828, § 1, 4-2-02)

**Beaumont Municipal Code § 1.17.040 - Continuing violations.**

Each day a violation of this Code continues to exist shall constitute a new, separate, and distinct violation.

(Ord. 985, 01/01/2011)


**Beaumont Municipal Code § 1.17.120 - Appeal of administrative citation.**

A. *Preliminary Supervisor Review.* Before submitting a written request for hearing pursuant to paragraph B below, the responsible party may contact the Enforcement Officer's Supervisor to informally contest the propriety of the issuance of an administrative citation. The preliminary review is not intended to supersede the appeal; rather, it is a process by which a Citation may be summarily resolved prior to any appeal.

B. *Request for Hearing.* Any recipient of an administrative citation may contest the Citation by submitting a written request for hearing and returning it to the City before the deadline for correction specified in the Citation, together with an advance deposit of the fine or notice that a request for advance deposit hardship waiver has been filed pursuant to subsection (C) of this Section.

C. *Advance Deposit Hardship Waiver.*

1. Any person who intends to request a hearing to contest a violation of the Code and who is financially unable to make the advance deposit of the fine as required may submit a written request for an advance deposit hardship waiver.

2. The written request shall be submitted to the department specified on the administrative citation at the same time as the request to appeal.

3. The requirement to deposit the full amount of the fine shall be stayed unless or until the department determines to deny the waiver.

4. The department may waive the requirement of an advance deposit and issue the advance deposit hardship waiver only if the cited party submits, to the department, a written declaration under penalty of perjury, together with any and all supporting documents, demonstrating to the satisfaction of the department that the person's actual financial condition precludes the deposit of the full amount of the fine in advance of the hearing.

5. The department shall issue a written determination within five business days listing the reasons for the determination to deny the advance deposit hardship waiver. The written determination of the department specified in the administrative citation shall be final.

6. The written determination of the department shall be served personally or by mail upon the person who applied for the advance deposit hardship waiver as provided in Section 1.17.030.

7. If the department determines to deny an advance deposit hardship waiver, the person shall remit the deposit to the City within ten days of the date of the denial.

(Ord. 985, 01/01/2011)

**Beaumont Municipal Code § 1.17.125 - Procedure for notification of administrative appeal hearings.**

A. When the responsible party requests an appeal hearing, the Enforcement Officer shall schedule the date, time and place for the hearing before an Administrative Hearing Officer.

B. A written notice of hearing setting forth the date, time, and place of that hearing shall be served on the responsible party at least ten calendar days prior to the date set for that hearing. The hearing shall be set on a date that is not less than ten calendar days nor more than 60 calendar days from the date the written notice is served.

C. The notice of hearing shall be served by any of the methods of service listed in Section 1.17.030 of this Chapter.

D. The notice of hearing shall include an itemized statement of the amount of administrative citation fines the City seeks to be assessed by the Administrative Hearing Officer.

(Ord. 985, 01/01/2011)

**Beaumont Municipal Code § 2.30.010 Creation of Board.**

There is hereby created a Board of Administrative Appeals, sometimes referred to in this Chapter as the "Board." The Board shall consist of at least one panel of three members, but not more than three panels of three members each.

(Ord. 988, 3/1/11)

**Beaumont Municipal Code § 2.30.020 Appointment and qualifications of Board Members.**

The City Council shall appoint the members of the Board. Board members shall be at least 18 years of age, and may be residents, or owners or employees of businesses, of the City.

(Ord. 988, 3/1/11)

**Beaumont Municipal Code § 2.30.030 Term and tenure of members.**

All members of the Board shall be appointed for a term of two years and shall serve at the pleasure of the City Manager and City Council. Members shall serve without compensation.

(Ord. 988, 3/1/11)

**Beaumont Municipal Code § 2.30.040 Powers and duties.**

It shall be the duty of the Board of Administrative Appeals to conduct administrative hearings on written appeals made pursuant to the Beaumont Municipal Code, including appeals pertaining to administrative Code Enforcement (BMC Chapter 1.17), Animal Control Hearings (BMC Chapter 6.22), Nuisances (BMC Chapter 8.32), and Mobilehome Park Rent Stabilization (BMC Chapter 13.21).

(Ord. 988, 3/1/11)

**Beaumont Municipal Code § 2.30.050 Rules and regulations.**

The Board shall adopt such rules and regulations as are needed to govern its own procedures; provided, however, that the Board shall comply with the Hearing

Procedures that may be specified by the applicable appeal provisions of the Beaumont Municipal Code.

(Ord. 988, 3/1/11)

**Beaumont Municipal Code § 8.32.495 - Appeal to the City Council.**

A. Whenever any person is aggrieved by any final order of the Hearing Officer issued pursuant to this Chapter, such person may appeal to the City Council the issuance of said order by filing a written notice of appeal there from no later than 15 calendar days from the date of decision. A written notice of appeal shall be filed with the City Clerk and shall state the objections of the person filing the notice and shall state the interest in the property of the person filing the notice.

B. The City Clerk shall set the matter for hearing at the next regular City Council meeting at least 14 calendar days after the date of the mailing of the Notice of Hearing on the appeal. The City Clerk shall give notice of the time and place of the hearing before the City Council to all interested parties in the same manner as set forth in Sections 8.32.310 through 8.32.330.

C. The hearing before the City Council shall be conducted in a manner consistent with the provisions of Sections 8.32.360 and 8.32.370. After the hearing, the City Council may, by written decision, affirm, reverse or modify, in whole or in part, any final decision or order of the Hearing Officer which is appealed from. The written decision shall be issued within fourteen (14) calendar days of the close of the hearing. Failure of the owner or other persons having any interest in the affected premises to appear at or be represented at the hearing shall in no way affect the validity thereof.

D. The City Clerk shall serve the written resolution representing the decision of the City Council on the appeal on all interested parties in the same manner as set forth in Sections 8.32.310 through 8.32.330. The written resolution served shall contain a notice that judicial review, if desired, must be sought within 30 days after the date of posting on the subject premises a notice of the passage of the resolution declaring the nuisance to exist to contest the validity of any proceedings leading up to and including the adoption of the resolution; otherwise, all objections shall be deemed to have been waived.

(Ord. 957, 10/09)

**Beaumont Municipal Code § 8.32.060 - Building Code violations.**

All premises, both permanent and temporary, including, but not limited to, buildings, structures, or appendages, maintained in violation of the uniform building codes adopted by the City pursuant to Sections 15.04.010, 15.08.010, 15.12.010, 15.16.010, 15.17.010 and 15.20.010 of the Beaumont Municipal Code, or subject to any of the following conditions, are declared a public nuisance.

   A. Faulty weather protection including, but not limited to, crumbling, cracked, missing, broken, or loose exterior plaster or other siding, roofs, foundations or floors, broken or missing windows or doors, or unpainted surfaces causing dry-rot, warping, or termite infestation.

   B. Buildings or structures, or parts thereof, not completed within a reasonable time as per the determination of the City's Chief Building official and for which the permit for such construction has expired.

   C. Unoccupied buildings which have been left unlocked or otherwise open to or unsecured from intrusion by persons, animals or the elements or which are boarded up by a method or material not approved by the City.

   D. Fences or walls in a hazardous condition or which are in disrepair, or which hinder free access to public sidewalks.

   E. Broken windows constituting hazardous conditions or inviting trespassers.

**Beaumont Municipal Code § 8.32.070 - Zoning ordinance violations.**

   Any premises, including, but not limited to, any building, sign or other structure set up, erected, constructed, altered, enlarged, converted, moved or maintained contrary to the provisions of the City's zoning ordinance, as amended, and any use of premises, including, but not limited to, land or building, established, conducted, operated or maintained contrary to the provisions of the City's zoning ordinance, as amended, is declared a public nuisance. Any and all uses not expressly permitted in the City's zoning ordinance, as amended, are not permitted, and are declared a public nuisance.

**<u>City of Beaumont Municipal Code § 15.15.010</u> - Adoption of the 2019 California Residential Code.**

Except as otherwise provided in this Chapter, the California Residential Code, Title 24 California Code of Regulations, Part 2.5, including Chapter 1, Division II - Scope and Administration, and Appendix V - Swimming Pool Safety Act, including any and all amendments set forth in this Chapter, and including any and all amendments thereto that may hereafter be made and adopted by the State of California, is hereby adopted as the City Residential Code.

(Ord. No. 1119 , § 12, 12-3-2019)

# EXHIBIT "3"

## SECTION 105
## PERMITS

**[A] 105.1 Required.** Any owner or owner's authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove, convert or replace any electrical, gas, mechanical or plumbing system, the installation of which is regulated by this code, or to cause any such work to be performed, shall first make application to the building official and obtain the required permit.

**[A] 105.3.1 Action on application.** The building official shall examine or cause to be examined applications for permits and amendments thereto within a reasonable time after filing. If the application or the construction documents do not conform to the requirements of pertinent laws, the building official shall reject such application in writing, stating the reasons therefor. If the building official is satisfied that the proposed work conforms to the requirements of this code and laws and ordinances applicable thereto, the building official shall issue a permit therefor as soon as practicable.

**[A] 107.4 Amended construction documents.** Work shall be installed in accordance with the approved construction documents, and any changes made during construction that are not in compliance with the approved construction documents shall be resubmitted for approval as an amended set of construction documents.