UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-1452-JWH (AGR) | Date | September 30, 2021 |
|---|---|---|---|
| Title | Ezekwesili Iloputaife, et al. v. City of Beaumont, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | | |
|---|---|---|---|
| K. Lozada | n/a | | n/a |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**   In Chambers: **PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL (Dkt. No. 14.)**

On August 26, 2021, Plaintiffs filed a complaint for civil rights violations and paid the filing fee. The complaint appears to arise out of code enforcement actions based on construction at Plaintiffs' home. On September 20, 2021, Defendants filed a motion to dismiss the complaint. (Dkt. No. 7.) Plaintiffs' opposition to the motion is due on October 22, 2021. (Dkt. No. 13.)

On September 24, 2021, Plaintiffs filed a Motion for Appointment of Counsel. (Dkt. No. 14.) Plaintiff E. Iloputaife states that Plaintiffs have been unable to locate counsel that they can afford. (Motion at 1-2.) Plaintiffs make no showing of financial indigency.

Generally, a person has no constitutional right to appointment of counsel for § 1983 claims. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).

Plaintiffs are advised that the Public Service Law Corporation runs a free Federal Pro Se Clinic at the Riverside federal courthouse where litigants who represent themselves can get information and guidance. The Clinic is located in Room 125 of the George E. Brown Federal Building, 3470 12th Street, Riverside, California 92501. Please note that, during the Covid-19 global pandemic, in-person appointments may not be available. For more information, litigants who represent themselves may call (951) 682-7968 or visit the Pro Se Home Page at http://prose.cacd.uscourts.gov/riverside

Even assuming Plaintiffs could show financial indigency, a court cannot require counsel to represent an indigent party or parties. A court has discretion to request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, a court must consider the litigant's likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 21-1452-JWH (AGR) | Date | September 30, 2021 |
|---|---|---|---|
| Title | Ezekwesili Iloputaife, et al. v. City of Beaumont, et al. | | |

success on the merits as well as the ability of the litigant to articulate his claims *pro se* in light of the complexity of the legal issues involved in the case.  *Id.*  Plaintiffs have made no showing under this standard.

      IT IS ORDERED that Plaintiffs' motion for appointment of counsel is DENIED WITHOUT PREJUDICE at this stage of the proceedings.  (Dkt. No. 14.)  Nothing in this order prevents Plaintiffs from retaining counsel on their own.

      IT IS FURTHER ORDERED that, on the court's own motion, Plaintiff's time to file an opposition to the motion to dismiss the complaint is extended to *November 12, 2021*.

kl