EZEKWESILI ILOPUTAIFE
NNEKA ILOPUTAIFE
1421 FAIRCLIFF STREET
BEAUMONT, CA 92223
(951) 324-3634
ezetaife@outlook.com

PLAINTIFFS IN PRO PER



FILED
CLERK, U.S. DISTRICT COURT

11/12/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:    KL    DEPUTY

UNITED STATES DISTRICT COURT OF

CENTRAL DISTRICT OF CALIFORNIA

EZEKWESILI ILOPUTAIFE and NNEKA
ILOPUTAIFE,

        Plaintiffs,

        vs.

CITY OF BEAUMONT, a public entity;
CHRISTINA TAYLOR, SCOTT R. FAZEKAS,
MICHAEL ALMANDINGER, KELLY
MCCARTHY, individually; and DOES 1
through 20, inclusive,

        Defendants

Case No.: EDCV 21-1452-JWH (AGR)
Honorable Magistrate Judge Alicia G
Rosenberg Presiding Courtroom 550

PLAINTIFFS, EZEKWESILI AND NNEKA
ILOPUTAIFES' OPPOSITION TO
DEFENDANTS' CITY OF BEAUMONT,
CHRISTINA TAYLOR, SCOTT R.
FAZEKAS, MICHAEL ALMANDINGER,
AND KELLY MCCARTHY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)

[Screen Shots Collage Attached Herewith]

Plaintiffs respectfully oppose the Defendants' Motion to Dismiss the

Plaintiffs complaint.

Plaintiffs seek proximate intervention of the judiciary, without which

plaintiffs are bound to suffer irreparable harm and lose their only home to tyranny.

Therefore, Plaintiffs seeks injunctive relief before this Honorable Court against

Beaumont Resolution No. 2021-42, and redress under 18 U.S.C. §§ 241 – 242, and

42 U.S.C. § 1983, in continued search for protection of their inalienable rights to

safety of their lives and to ensure their family safety as a matter of duty. Plaintiffs simply seek justice as to the Defendants' reprehensible actions against the Plaintiffs after the Plaintiffs protected their family lives like any reasonable person would deem necessary if found themselves in the same dangerous situation as Plaintiffs. The judiciary is Plaintiffs' last and only avenue for recourse.

United States Code 42 U.S.C. § 1983 provides Plaintiffs the right to sue state government employees and others acting "under color of state law" for civil rights violations as a means to enforce civil rights that already exist.

Plaintiffs have alleged violations of their civil rights which are guaranteed by the federal constitution therefore, Title 18, U.S.C., Section 241 - Conspiracy Against Rights, are not barred against Collective Defendants by qualified immunity and absolute prosecutorial immunity and Title 18, U.S.C., Section 242 – Deprivation of Rights Under Color of Law, are not barred against the Individual Defendants by qualified immunity and absolute prosecutorial immunity.

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz, 534* U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n* v. *Towers Ltd. P'ship,* 563 F. Supp. 566,569 (D.D.C. 1983).

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(I). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests." *Swierkiewicz* v. *Sorema NA., 534* U.S. 506,512 (2002); *accord Atchison, Topeka & Santa Fe Ry.* v. *Buell,* 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests." *Epos Tech.,* 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic* v. *Twombly,* 550 U.S. 544, 555 (2007).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Plaintiffs have met that threshold to the best of their limited ability.

Plaintiff did send a Legal Grievance claim Notice to Beaumont City Deputy Clerk, Nicole Wheelwright on June 12, 2021, in compliance with California Tort Act. However, a conflicting state law cannot abrogate the perquisites of a federal civil rights litigant because the Supremacy Clause of the "Supreme Law of the Land", the Constitution of the United States, takes precedence over state laws.

Plaintiffs, EZEKWESILI ILOPUTAIFE ("EZE) and NNEKA ILOPUTAIFE ("NNEKA") have alleged that Defendant CITY OF BEAUMONT ("CITY") denied Plaintiffs equal protection of the law, and that while acting under the color of law, CHRISTINA TAYLOR ("TAYLOR"), SCOTT FAZEKAS ("FAZEKAS"), MICHAEL ALMANDINGER ("ALMANDINGER"), and KELLY MCCARTHY ("MCCARTHY") of the City of Beaumont, conspired to repudiate a substantial aspect of CITY already approved construction work, falsify Permit Inspection History Report, conceal vital inspections records, and made unjustified attempts to void Plaintiffs' properly acquired Permit. And while Plaintiffs protested the Defendants' negligent actions, the Defendants issued unwarranted citations, and while legal challenge of the citations was pending, the defendants issued 59 more repeated alleged city ordinance violations while continued to deny Plaintiffs equal protection under the law and the procedural due process of such citations. The Defendants CITY bullied the Plaintiffs, and CITY staffs further criminally manipulated the facts and held illicit hearings aimed at ultimately depriving Plaintiffs of their only abode, hence Beaumont Resolution No. 2021-42.

It is therefore disingenuous and cynical for the Defendants to insinuate before this honorable court that "this case arises out of code enforcement action by Defendant City of Beaumont". There is overwhelming evidence to the contrary, affirming that the Plaintiffs consulted with the Defendants for solution on radiation

danger by seeking protection before taking action to abate the danger, and that Plaintiffs had protested vehemently while being ignored as they sought variance for a solution. Defendants continues in their selective memory bias as they deliberately misconstrue the Complaint facts before this Court while exploiting the Plaintiffs' naivety of the judicial process and lack of resources.

Evidence shows that Defendants' code enforcement action came as retribution against Plaintiffs for daring to persist on getting equal protection of the law and exposing the Defendants' negligence in the process. Plaintiff EZE had protested the Defendants' acts of negligence to the City Mayor Mike Lara long before any administrative citation. **(See attached screenshots collage of text messages as part evidence of a continuation of Plaintiff EZE's protest to Beaumont City Mayor Mike Lara which started around August 14, 2019. The preceding over-the-phone verbal protest may still could be obtained)**. The subsequent incessant administrative citations and further distortion of the facts are attempts by Defendants to lay credence to their unlawful actions.

### STATEMENT OF THE CASE AND OF THE FACTS

Plaintiffs alleges that Defendants TAYLOR, FAZEKAS, ALMANDINGER, MCCARTHY, and DOE 11 conspired to deny the Plaintiffs equal protection under the law in disregard of their safety against danger from radioactivity and further conspired to repudiate the CITY already approved work, falsify Permit Inspection

History Report, conceal inspections, distort the facts, and bully the plaintiffs while denying Plaintiffs due process of law. **(Complaint ¶¶ 43 - 44)**

> **BMC § 1.04.060 - Prohibited acts include causing and permitting.**
>> Whenever in the ordinances of the City, any act or omission is made unlawful, it shall include causing, allowing, permitting, aiding, abetting, suffering, or concealing the fact of such act or omission.
> **(Beaumont City Ord. 566 § 6, 1983)**

In Complaint ¶¶ 18 – 22 Plaintiffs alleges that finally, in response to Plaintiffs' invitation for onsite deliberation for their need for protection in consideration of the variance the Plaintiffs were seeking, the Defendants conspired to repudiate already approved work on September 10, 2019, and further went ahead to forge Permit Inspection Report, conceal the inspection facts, then maliciously issued a series of 60 citations against the Plaintiffs for the same two alleged administrative violations while they denied the Plaintiffs their procedural due processes rights, and finally manipulated the appeal hearing after failure to coerce the Plaintiffs to submission.

> **CA Constitution art I § 1:**
>> All people are by nature free and independent and have **inalienable rights**. Among these are enjoying and **defending life** and liberty, acquiring, possessing, and protecting property, and pursuing and **obtaining safety**, happiness, and privacy.

Plaintiffs did state viable equal protection claim and discrimination claim with Procedural Due Process Claims as to Preliminary Supervisor Reviews and Administrative Hearing of the Administrative Citations of alleged violations of

Building Code 8.32.60 and Zoning Ordinance Code 8.32.070 **(Complaint ¶¶ 26, 29-39, and 43 – 44)**. And the Plaintiffs did incorporate all the Complaint paragraphs in all five causes of action.

In Complaint Factual Brief  ¶¶ 10-12 Plaintiffs basically alleges a conspiracy in the setup leading to the wrongful Administrative Citations. Such fabrication is evident in the unwarranted Courtesy Notice of bogus and unfounded violations of city ordinances which had no bearing on facts as is evident in the applicable CITY photographs and can also be deduced from the persistent efforts to unlawfully void Plaintiffs' Permit BP2017-00691**(Complaint ¶¶ 25, 27; EXs. "G2", "S" pp 2-3 )**.

The constitutional violations are wrought by the incessant discriminatory and reckless deprivation of the Plaintiffs' Constitutional rights to due process of law and equal protection under the law by denying the Plaintiffs protection from danger and continued to issue daily citations while ignoring Plaintiffs' timely challenge by requesting for procedural due process of Preliminary Supervisor Review of the Administrative Citations and Plaintiffs first application for Administrative Hearing dated February 26, 2021. **(Complaint ¶¶ 26, 30; EXs. "H1", "H2", "K1" and "K2")**. Plaintiffs followed citation directives as is defined in City Code of Ordinances under California legal process to contest Administrative Citation:

**BMC § 1.17.120 - Appeal of administrative citation.**

(A)  Preliminary Supervisor Review:
"Before submitting a written request for hearing pursuant to paragraph B below, the responsible party may contact the Enforcement Officer's Supervisor to informally contest the propriety of the issuance of an Administrative Citation. The preliminary review not intended to supersede the appeal.
**(Ord. 985, 01/01/2011)**

Plaintiffs never admitted guilt and were never convicted of any violation. Due process of law was maliciously denied to the Plaintiffs who made persistent effort for a hearing while the Defendants continued issuing citations for the very same alleged violations and further engaged the services of INNOVATIVE COLLECTION SERVICES to intimidate, harass, bully, and coerce the Plaintiffs to submission for a daily sum of $1,300.00 **(Complaint ¶ 28; EXs. "J1" and "J2")**

Not until Plaintiffs escalated their request for hearing by addressing a second Application for Hearing to the City Planning Commission on April 5, 2021, did Defendant Ms. TAYLOR acknowledge receipt of Plaintiff's Application for Hearing, and the Defendants stopped issuing daily $1,000 Citations and demanding $1,300 debt collection daily **(Complaint ¶ 31; EX. "L1")**

In pp. 12-13, ¶¶ 40-43, Plaintiffs also allege a pattern of incessant fabrication of city code violations like took place in this instance for the purpose of Administrative Citations by the Defendants and against the Plaintiffs for which plaintiffs has never been found culpable. Such instances include a 2018 complaint RIC500835, against Defendant CITY of Beaumont for discriminatory law

enforcement as it appears in this instance as alleged in pp 10-11, ¶¶ 32-33 when

Plaintiffs were purposely shut-off hearing proceeding for a period while their

accuser, Defendant TAYLOR had a private discussion with the trial PANEL

Headperson. After which the PANEL headperson inadvertently said to the hearing

of the Plaintiffs: ***"You've gotta keep <u>'em all straight</u>, that's for sure"***. That was during the

eventual May 6, 2021 administrative appeal hearing and it definitely appears to

have inference of bias. Plaintiffs contends that the 'them all' in that statement was

about the Plaintiffs who were shut off from whatever private discussion the

PANEL headperson was having with an adverse party witness **(Complaint ¶ 33;**

**EXs. "N1").** Grounds for disqualification:

> **BMC § 1.17.130 - Administrative Hearing Officer.**
> C. ***Disqualification.*** Any person designated to serve as an Administrative Hearing
> Officer shall be neutral and shall be disqualified for bias, prejudice, interest, or
> for any other reason a judge may be disqualified in a court of law.
> **(Ord. 985, 01/01/2011)**

Plaintiffs alleges that for over a year Defendants ignored Plaintiffs' lawful

request for protection from dreadful radiation danger posed by the open second

story terrace proximity to high-tension wires as negligently approved and

permitted by Defendants FAZEKAS and CITY OF BEAUMONT. Defendants

ALMANDINGER, TAYLOR and DOE 11 were intimated about the apparent

threat to the health of the Plaintiffs and their family in search for solution before

Plaintiff Eze ever took step to abate the threat by adding a cover over the open

second story terrace deck for which the Plaintiffs rightfully sought variance from Defendant TAYLOR. The Defendants literarily ignored the Plaintiffs' safety concerns and refused to do anything to protect the Plaintiffs from the perceived danger.

> **The Bill of Rights states:**
> That Government is instituted and ought to be exercised for the benefit of the people, which consists in the enjoyment of life and liberty, with the right of acquiring and using property, and generally of pursuing and obtaining happiness and <u>safety</u>.

Plaintiffs are entitled to safety of their lives and property therefore has the right to abate risks and maintain healthy lives by any reasonable means necessary for the sake of safety.

Plaintiffs further alleged that when the Defendants eventually attended to the Plaintiffs after an intervention by the city Mayor, the Defendants still ignored Plaintiffs' concerns **(see attached screenshots collage of text messages between Plaintiff EZE and Beaumont City Mayor Mike Lara).** Instead, the Defendants sought to punish the Plaintiffs for daring to push for attention to the Defendants terrible blunder by illogically repudiate a year-far-gone City approved construction. And, in attempt to redeem themselves at Plaintiffs' expense, the Defendants devised a scheme by having Defendant MCCARTHY first issue a frivolous Courtesy Notice of series of nonexistent violations on March 19, 2020,

which the Plaintiffs successfully challenged. The Defendants further forged the

PERMIT INSPECTION REPORT (BP2027-00691) FOR CITY OF BEAUMONT

which the Defendants use as bases for justification of their illicit acts against the

Plaintiffs. **(Complaint Ex. "D" second page)**

Then Defendant MCCARTHY issued Citation Ticket No. C6000186 for

$100.0 fine on July 30, 2020, for alleged Building Code 8.32.060 and $zero fine

for alleged Zoning Code 8.32.070 violations. The Plaintiffs contested the citations

by requesting a timely Preliminary Supervisor Review. The Defendants totally

Ignored the requested procedural review and took no further action at that time to

enforce the citation. Instead, on December 29, 2020, Defendant MCCARTHY

responded by issuing Citation No. N6000250 for $zero fine on both exact same

alleged Building code and Zoning Ordinance violations which is unprecedented

and confusing to the Plaintiffs and contrary to prescribed procedure of Beaumont

Municipal Code:

**§ 1.16.030(A)(B)** - Violation-Infraction - Administrative Fine-Penalty:

A.  Except as provided in subsection B below and in cases where a different
    punishment is prescribed by any ordinance of the City, any person
    subject to code enforcement by administrative citation or convicted of
    an infraction for violating an ordinance of the City, is punishable by:

  I.   A fine not exceeding $100.00 for a first violation;
  II.  A fine not exceeding $200.00 for a second violation of the same
       ordinance within one year;
  III. A fine not exceeding $500.00 for each additional violation of the
       same ordinance within one year of the first violation.
  The fourth violation and every violation of the same ordinance within

one year may thereafter be charged as a misdemeanor.

B.    Notwithstanding any other provision of law, a violation of a City building and safety code provision is punishable by:

I.    A fine not exceeding $100.00 for a first violation;

II.    fine not exceeding $500.00 for a second violation of the same provision within one year;

III.    A fine not exceeding $1,000.00 for each additional violation of the same provision within one year of the first violation.

The fourth violation and every violation of the same ordinance within one year may thereafter be charged as a misdemeanor.

**(Ord. 995, 4-19-11)**

And all the Administrative Citations for the same alleged violations of Building Code 8.32.60 and Zoning Ordinance Violation 8.32.070 were issued with same specific Building Code corrective measure that states:

"OBTAIN CURRENT PERMITS FROM BUILDING AND SAFTY OR OBTAIN DEMO PERMIT TO REMOVE SECOND STORY AS RULES HAVE CHANGED SINCE YOU STARTED YOUR ADDITION. YOU WILL NEED TO OBTAIN APPROVAL FROM THE BEAUMONT PLANNING DEPT." **(Complaint Ex. "H1")**

Defendants FAZEKAS, TAYLOR, and MCCARTHY denied the Plaintiffs their due process right of adequate explanation of the reasons justifying the administrative code enforcement action as is lawfully required by the following BEAUMONT CITY CODE OF ORDINANCE 1.17.005:

**BMC § 1.17.005 - Statement of purpose and intent.**

A.  Administrative Code Enforcement. The City Council has determined that the enforcement of the Beaumont Municipal Code throughout the City is

an important public service and is vital to the protection of the public's health, safety and quality of life. The City Council has determined a need for alternative methods of code enforcement and that a comprehensive code enforcement system uses a combination of judicial and administrative remedies to gain compliance with Code regulations. The City Council finds a need to draft precise regulations that can be effectively applied in judicial and administrative proceedings and further finds that is a need to establish uniform procedures for the proper application of administrative code enforcement and administrative hearings to resolve administrative code enforcement cases and appeals.

B. *Administrative Code Enforcement Appeal Hearings.* It is the purpose and intent of the City Council to afford due process of law to any person who is directly affected by an administrative code enforcement action. Due process of law includes adequate notice of the violation and enforcement remedy chosen by the City, an adequate explanation of the reasons justifying the administrative code enforcement action taken by the City, and an opportunity to appeal. These procedures are also intended to establish a forum to efficiently, expeditiously, and fairly resolve issues raised by any administrative enforcement action.

Though Defendant TAYLOR acknowledges that no additional citation was necessary while case action is pending(**Complaint Ex. "P2" p3 last ¶**). Yet, the Defendants issued series of citations while case action was pending as they denied Plaintiffs their due process rights to Preliminary Supervisor Review and Administrative Hearing, and did not in the alternative, Charge the fourth and subsequent citations to court as misdemeanor in accordance with the law.

By Defendant TAYLOR's own admission: "staff felt it was most appropriate to allow due process and decision without further issuing citations". Therefore, "no additional citations have been issued since the scheduled April 22 hearing". That only happened after the Plaintiffs escalated their demand for due process through the city Planning Commission, then Defendant CITY staff eventually felt it necessary to act and suspend further citations.

Plaintiffs also alleged that Defendants MCCARTHY and City of Beaumont has a pattern of issuing unwarranted and discriminatory citations against these Plaintiffs who are African Americans **(Complaint ¶¶ 28, 33)** of Nigerian origin.

Plaintiffs alleged in Complaint ¶¶ 11; 33; 44 that the Defendants compiled a false report based on the forged PERMIT INSPECTION HISTORY REPORT that conceals official inspections and approvals, claiming falsely that Plaintiffs' Building Permit has expired, and that Plaintiffs exceeded the scope of their Permit. Thereby unjustly requesting a new building plan resubmittal, plan-check, and a new Permit. The Defendants continued with the fabricated claims even after Defendant TAYLOR had coerced Plaintiffs into removing the protective cover.

Sometime around January 20, 2021, when Plaintiff Eze asked Defendant MCCARTHY why the city was not addressing Plaintiffs' official procedural requests for Preliminary Supervisor Review. Defendant MCCARTHY said to Plaintiff Eze that "you people come here and behave like you know better than

everyone else". Defendant MCCARTHY further told Plaintiff EZE that the "City has discretionary right to respond or not respond to request for Preliminary Supervisor Review". Thereby confirming the City of Beaumont history of discrimination against the Plaintiffs who are Black-Americans of Nigerian origin. The rule of law clearly states on the Beaumont Administrative Citations as follows:

> **IMPORTANT – READ CAREFULLY**
>
> **THE LAW REQUIRES THAT YOU TAKE STEPS TO EITHER**: (1) COMPLY with this Citation, or (2) CONTEST the violation. TO COMPLY with this Citation, correct the violation and pay any required fine. TO CONTEST this citation and request a hearing, follow the procedures listed below.

Of which the Plaintiffs' followed the second option to CONTEST the violations as prescribed on the citations.

Defendant Ms. TAYLOR denied Plaintiffs protection from a hazardous situation that was created by the Defendant City negligent approval of Plaintiffs' building plan without consideration for adequate setback from high-tension electric wires. Defendant City of Beaumont denies the Plaintiffs equal Protection of the laws and discriminate against Plaintiffs because most of Plaintiffs' neighbors who are not African Americans of Nigerian Origin have unpermitted patio protective covers for the same safety reason as Plaintiffs and one even included unpermitted improvement structure. When Plaintiff EZE pointed those out to Defendant ALMANDIGER while consulting with him and deliberating for a solution, Defendant ALMANDIGER told Plaintiff EZE that he does not see those because,

that was not the reason for his visit, and that he was only concerned about his PERMIT BP2017-00691. After that, he suggested that Plaintiff EZE may want to seek variance. He further said that he will intimate Defendant TAYLOR about the situation of which  Defendant ALMANDIGER later confirmed to Plaintiff EZE that he did intimate Defendant TAYLOR about Plaintiffs' safety concern.

Plaintiffs has First-Amendment right to make a complaint to, or seek the assistance of their government, without fear of punishment or reprisals. Beaumont building official Pedro Rico told the Plaintiffs during an enquiry meeting at the city office building that Plaintiff Eze caused the problem by asking relentlessly for a variance.

After denials of Plaintiffs' due process rights to procedural Preliminary Supervisor Review of city citations and of a fair and timely Administrative Hearing, Defendant further demanded Plaintiffs pay and did collect payment of $1,945.98 from Plaintiffs for their First Amendment Right to petition their government for a redress of their grievances and to be heard.

Without proper consideration of Plaintiffs' petition and without a fair hearing, the City Council finally adopted Beaumont Resolution No. 2021-42 with unjustifiable fines of $103,883.65 and conditions intended ultimately to cost Plaintiffs their only home. **(Complaint FACTUAL BRIEF ¶¶ 10-12)**

# **ARGUMENT**

Plaintiffs brought this action for declarative and injunctive relief under 42 U.S.C. § 1983, seeking protection from the enforcement of Beaumont City Council Resolution No. 2021-42 against further infringement on their constitutional rights to basic human needs such as shelter, health, safety, and sustenance as clearly set forth in plaintiffs' Human Rights Complaint before this Honorable Court.

Contrary to Defendants' misrepresentations of Complaint facts and misleading arguments, Plaintiffs contends that the addition to their property was constructed according to approved plan. Therefore, conflict do exist as to the scope of plaintiffs' construction in compliance with the approved plan and the PERMIT **(Complaint ¶ 16; Ex. "C").** Plaintiffs alleges that while acting under the color of law, the Defendants' abused city ordinances to oppress, harass, bully, and coerce the Plaintiffs into removing the protective cover over the patio on March 3, 2021. Thereby, depriving Plaintiffs the right to safeguard their lives within their residence. **(Complaint INTRDUCTION p 1; ¶¶ 48d, 54; PRAYER FOR RELIEF ¶ 1).**

Never for once did the Plaintiffs dispute or question accuracy of established laws. Plaintiffs alleged that the Defendants denies Plaintiff equal protection of the law by denying Plaintiffs' the right to abate actual danger to their lives while Plaintiffs' neighbors were allowed the same exact right. The Defendants further

denied plaintiffs the due process of law by ignoring several Preliminary Supervisor Review Request, and a February 26, 2021, written request for expeditious fair hearing, also levied Plaintiffs the sum of $1,945.98 for their First Amendment right to petition their government for redress.

Plaintiffs contends that Building Permit BP2017-00691 which Plaintiffs paid for and appropriately obtained, never expired in accordance with Beaumont City regulation **(Complaint ¶ 27; Ex. F1)**. Without proof, the Defendants continue to argue that plaintiffs building Permit expired. Thereby actual conflict exists as to the validity of Plaintiffs Building Permit.

Despite undisputable evidence of Defendant ALMANDINGER's several inspection records under same Building Permit BP2017-00691 after the CITY first sent a letter to the Plaintiffs on June 4, 2019 stating that Permit BP2017-00691 had expired, a second letter was sent on March 18, 2020 under same pretext. Nevertheless, it was not until July 30, 2020, that Defendant MCCARTHY issued the first Citation No. 6000186 for $100.00 fine on alleged Building Code 8.32.060 violation and zero dollar fine for alleged Zoning Ordinance 8.32.070 violation.

Plaintiffs challenged that citation without response from Defendants. Instead, Defendant MCCARTHY issued the second Citation No. N6000250 on December 29, 2020 for $zero fine on the same both alleged violations while process was pending on same alleged violations **(Complaint ¶ 26) (Complaint**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "H1" p3 List of Citations, "H2" all pages).** Yet, the City did not issue a Stop Work Notice until February 26, 2021. **(Complaint ¶ 29).**

Defendants do not deny knowledge of Plaintiffs' perceived danger posed by possible exposure to radiation before ever the protective cover was put in-place; and that the protective cover was in place before August 15, 2018 scheduled inspection **(Complaint Ex. "D")**. Rather, the Defendants falsified report denying the August 15, 2018 inspection and approval of sections of the construction they now repudiate. Despite undisputable factual evidence to the contrary, the Defendants' falsified report stating that: "An inspection was scheduled for August 15, 2018 but was not conducted...." **(Complaint Ex. "S" p2 ¶** II).

Defendant TAYLOR concealed crucial unlawful acts and falsely denied easily verifiable facts in her response to Plaintiffs' Pleading on Appeal to City Council which includes attendance record of DECISION OF THE HEARING PANEL ("DECISION" and "PANEL" hereinafter) and even the undisputable fact of unlawful use of debt collectors against Plaintiffs. **(Complaint Ex. "P2")**

> **BMC § 1.04.060 - Prohibited acts include causing and permitting.**
> Whenever in the ordinances of the City, any act or omission is made unlawful, it shall include causing, allowing, permitting, aiding, abetting, suffering, or concealing the fact of such act or omission.
> **(Ord. 566 § 6, 1983)**

Plaintiffs' due process right to a fair hearing was hampered by Defendant TAYLOR and the PANEL by organizing and holding a trial hearing with no

opportunity for Plaintiffs to cross-examine witnesses and present evidence at the

trial hearing as required by applicable law bellow:

> **BMC § 1.17.135 - Administrative citation appeal hearing procedures:**
>> (F). Each party shall have the opportunity to cross-examine witnesses and present evidence in support of his or her case.
>> **(Ord. 985, 01/01/2011)**

Plaintiffs contends that the independence of the PANEL is questionable

considering that their accuser, Defendant TAYLOR appointed the PANEL, and

made arbitrary adjournment of the trial hearing, set trial time, place, and controlled

the conduct of the PANEL. Defendant TAYLOR also authored or directed the

content/composition of the PANEL's DECISION as indicative of the addresser of

the DECISION **(Complaint ¶¶ 32-33; EX "S")**. And the Administrative Hearing

Panel is biased against Plaintiffs, all contrary to Code of Ordinances as follows:

**BMC § 1.17.130 - Administrative Hearing Officer.**
> A. *Qualifications.* The City Manager or the designated representative thereof shall promulgate rules and procedures as may be necessary to contract with qualified persons capable of acting as Administrative Hearing Officers.
> B. *Independent Authority.* The employment and compensation of the Administrative Hearing Officer shall not be directly or indirectly conditioned upon the amount of the administrative fines assessed by the Administrative Hearing Officer.
> C. *Disqualification.* Any person designated to serve as an Administrative Hearing Officer shall be neutral and shall be disqualified for bias, prejudice, interest, or for any other reason a judge may be disqualified in a court of law.
> D. *Powers.* The Administrative Hearing Officer shall have the power to:
>> 1. Conduct administrative appeal hearings as provided under the authority of this Code;
>> 2. Continue a hearing based on good cause shown by one of the parties to the hearing or upon his independent determination that due process has not been adequately afforded to a responsible party;

3. Exercise continuing jurisdiction over the subject matter of an administrative hearing for the purposes of granting a continuance, or ensuring compliance with an administrative citation;

4. Rule upon the merits of an administrative appeal hearing upon consideration of the evidence submitted, and issue a written decision resolving the appeal;

5. Uphold or deny a fine authorized under this Code; and

6. Where appropriate, and as a condition of compliance in correcting the violations at issue, order the responsible party to cease violating this Code and to make all necessary corrections as specified by the City by a specified deadline. **(Ord. 985, 01/01/2011)**

Plaintiffs further contends that the BASIS FOR DECISION as concluded in the DECISION is unfounded **(Complaint ¶ 48b; EX. "S" DECISION ¶ V)**, and that The DECISION falsified actual attendance as is clearly obvious from the video record of the actual hearing **(Complaint EX. "S" ¶ III 2. "PERSONS IN ATTENDANCE"; and Ex. "N" Video record Clip)** and as raised in documentary evidence to the City Council Appeal **(Complaint EX. "P1" ¶ 1. GROUNDS FOR APPEAL)**, cannot be a credible DECISION to be equitably affirmed by the City Council.

Plaintiffs never agreed that they built beyond the scope of the City's Permit as wrongly stated in BEAUMONT RESOLUTION NO. 2021-42 and as being agued by Defendants in their Motion to Dismiss. To the contrary, the Council turned down Plaintiffs' offer to give-up challenge of the citations if a visit to the property shows any proof of unpermitted work. The Plaintiffs made such offer in consideration of actual purpose of the ordinances:

**BMC § 1.04.80- Construction.**
> The provisions of the ordinances of the City, and all proceedings under them are to be construed with a view to effect their objects/objectives and to promote justice.
> **(Ord. 566 § 8, 1983)**

Therefore, that should have been most equitable way to effectuate the right objective and to achieve and promote justice in this instance as prescribed in the following Beaumont Code of Ordinances:

**BMC § 8.32.495- Appeal to the City Council.**
> **C.** The hearing before the City Council shall be conducted in a manner consistent with the provisions of Sections 8.32.360 and **8.32.370**.
> **(Ord. 957, 10/09):**

**8.32.370 - Hearing on abatement—Procedure.**
> The hearing shall be conducted formally, although the technical rules of evidence shall not apply, except that irrelevant and unduly repetitious evidence shall be excluded. All evidence taken shall be sworn evidence and the proceedings shall be recorded. During the course of the hearing, the Nuisance Abatement Hearing Officer may visit and inspect any premises involved in the proceeding.
> **(Ord. 716 §2, 1993)**

Plaintiffs contends that the improvement to their home was built strictly according to approved plan and the insistent directive of CITY building inspectors, and that it was inspected and approved by city officials. Therefore, the CITY is liable for any consequential damages. **(Complaint ¶¶ 10, 16, and 48a)(Complaint Ex. "C" and "D")**. And that plaintiffs added protective cover over the second story terrace as a matter of duty to defend their inalienable natural lives from danger after the Defendants would not assist the Plaintiffs. American Declaration

of the Rights and Duties of Man which sets the stage for the Constitution (The Preamble) states:

> **CHAPTER ONE. Article I**. Every human being has the right to life, liberty, and the security of his person.

Also, that the city is responsible for city planning and establishes heights, areas, setbacks, and the approval of every building plan, including the Plaintiffs' home improvement plan. Defendants ignored the safety of the Plaintiffs and their family in the approval of Plaintiffs' home improvement as planned despite the risk.

Furthermore, Plaintiffs built according to the insistent directives of Defendant ALMANDINGER until Plaintiff Eze realized the risk posed by the high-tension electric wires which the city knew or should have known before approving Plaintiffs building plan as sought by Plaintiffs for an open deck.

And that Plaintiffs were ignorant of the danger before seeking building plan approval as submitted. After Plaintiff EZE intimated Defendant ALMANDINGER of his fear of the apparent risk, the Defendants' resorted to bulling Plaintiffs to accept responsibilities for Defendant's negligence.

The Defendants conspired to coverup their negligence at Plaintiffs' expense by insisting that Plaintiffs resubmit a new plan for approval with consideration for "heights, areas, and setbacks", despite undisputable fact that all construction by then, had been inspected and approved by Defendant ALMANDINGER, except for

the stair risers that needed correction and the protective cover over the open second

story terrace deck for which Plaintiffs sought variance in attempt to work with

defendants to abate apparent risk of radiation.

Beaumont City Government, Planning, Building and Safety Department is

responsible for environmental safety, planning, and dutiful suitable services of

which zoning, plan-check, and safety-base building approvals are critical functions

to protect and ensure standards necessary in the pursuit of happiness which

includes public health, safety, and property.

Plaintiffs are qualified for, and are entitled to the aforementioned services

from Beaumont City Government as a matter of duty in the protection of Plaintiffs'

fundamental inalienable rights to life and pursuit of happiness.

## CONCLUSION

Therefore, the Motion to Dismiss brought by Defendants CITY OF

BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL

ALMANDINGER, and KELLY MCCARTHY should be denied. Otherwise, the

Constitution of the United States of America lays mute and the actual purpose for

democratic constitutional government is defeated by tyranny. If sustained, leave to

amend should be granted to set forth additional facts showing entitlement to

injunctive relief with respect to the First Cause of Action, and to better elaborate

on claims for Second, Third, Fourth, and Fifth Causes. At the very least, referral

for investigation and possible prosecution of crimes herein alleged, which consists

of conspiracy to perpetrate forgery and more. Most especially for the alleged

despicable purposes which counteracts the actual purpose for our most appreciated

system of government in which the citizenry must have faith.

Plaintiff EZE has made the criminal allegations contained herein and stands

ready with undisputable evidence to prove every one of the allegations beyond

reasonable doubt as a matter of his civic duty, and Plaintiff EZE is fully aware of

the consequences thereof.

Dated this 10th day of November 2021.

_____                    _____
Ezekwesili I. Iloputaife                                    Nneka I. Iloputaife
Plaintiff.                                                          Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2021, at Beaumont, California.

_____                    _____
Ezekwesili I. Iloputaife                                    Nneka I. Iloputaife
Plaintiff.                                                          Plaintiff.

1   ///
2   ///
3   ///
4   ///
5   ///
6   ///
7   ///
8   ///
9   ///
10   ///
11   ///
12   ///
13   ///
14   ///
    ///
    ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   //
26

# SCREENSHOTS COLLAGE ATTACHMENT FOLLOWS

27

28

**Beaumont City Mayor**
+1 951-692-1053

Wed, Aug 14, 2019

Is it too late to call?? Although, nothing has changed.

9:26 PM

Thu, Aug 15, 2019

Good morning sir, and thanks for getting back to me. I will appreciate to be scheduled for a hearing at the next Council meeting.

7:38 AM

I will forward your request to the City

Good afternoon, I want to assure you that you are not being ignored. Your situation involves different departments and staff members and communication amongst all involved does take some time and coordination. As for your request for a hearing..

1:49 PM

This issue cannot be brought to a hearing.

Manager. You can expect communication from him on this matter. Sorry I couldn't help any further.

8:01 AM

Tue, Aug 20, 2019

Good morning sir, I'm texting to inform you that I've not received notice of the hearing and no other directive for that matter. Frankly, I feel like I'm being ignored by the City.

8:37 AM

Council does not have authority to overrule the building inspector. You always have the option of addressing the Council during open comments, but there cannot be a formal hearing.

Staff should be informing you of the appropriate procedures to further address your concerns.

1:51 PM

**PROOF OF SERVICE**

[CCP§§ 1013(a)3]

STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am a resident of the City of Beaumont, Riverside County, State of California. I am over the age of eighteen years, and not a party to the within action. My residence address is 920 Cypress Drive, San Jacinto, California 92583.

On September 24, 2021, I served or caused to be served the foregoing documents described as: PLAINTIFFS, EZEKWESILI AND NNEKA ILOPUTAIFES' OPPOSITION TO DEFENDANTS' CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER, AND KELLY MCCARTHY'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) with Screen Shots Collage Attachment. on all interested parties in this action via electronic mail to their electronic service addresses as indicated below

John O. Pinkney, Esq. SBN 162586        Email: Pinkney@sbemp.com

Brent S. Clemmer, Esq. SBN 179722       Email: Clemmer@sbemp.com

Bruce T. Bauer, Esq., SBN 149781        Email: Bauer@sbemp.com


SLOVAK BARON EMPEY MURPHY & PINKNEY LLP

1800 East Tahquitz Canyon Way

Palm Springs, California 92262

Telephone (760) 322-2275

Facsimile (760) 322-2107


Attorneys for Defendants CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER and KELLY MCCARTHY

(FEDERAL) I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on November 10, 2021, at Beaumont, California.

Anayochukwu H. Iloputaife

951-478-2522