John O. Pinkney, Esq.   SBN 162586
Brent S. Clemmer, Esq. SBN 179722
Bruce T. Bauer, Esq., SBN 149781
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107
Pinkney@sbemp.com/Clemmer@sbemp.com
/Bauer@sbemp.com

[Exempt from filing fees, Gov. Code §6103]

Attorneys for Defendants CITY OF BEAUMONT,
CHRISTINA TAYLOR, SCOTT R. FAZEKAS,
MICHAEL ALMANDINGER and KELLY MCCARTHY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

EZEKWESILI ILOPUTAIFE and
NNEKA ILOPUTAIFE,

        Plaintiffs

        v.

CITY OF BEAUMONT, a public
entity; CHRISTINA TAYLOR;
SCOTT R. FAZEKAS; MICHAEL
ALMANDINGER; KELLY
MCCARTHY, individually; and DOES
1 through 20, inclusive

        Defendants

Case No.  5:21-CV-01452-JWH-AGR

Honorable Magistrate Judge Alicia G
Rosenberg Presiding Courtroom 550

**DEFENDANTS' REPLY BRIEF IN
FURTHER SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' COMPLAINT**

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1

# TABLE OF CONTENTS

I.     <u>Introduction</u>     2

II.    <u>Plaintiffs' Federal Law Claims</u>     2

A.     <u>Plaintiffs Opposition Does Not Refute the Fact that the Complaint Fails to State a Plausible Procedural Due Process Claim Against any of the Defendants</u>.     2

B.     <u>Plaintiffs' Opposition Also Fails to Refute the Fact that The Complaint Fails to State a Plausible Equal Protection Claim Against Any of the Defendants</u>     8

C.     <u>Plaintiffs' Opposition Does not Refute the fact that the Individually Named Defendants Have Qualified Immunity for Any Alleged Due Process and/or Equal Protection Claims</u>     9

D.     <u>Plaintiffs' Fourth Cause of Action for Alleged Violations of Title 18 USC 241 & 242 Should be Dismissed Because Plaintiffs Have No Private Right of Action to Pursue Such Claims</u>     10

III.   <u>State Law Claims</u>     10

A.     <u>Plaintiffs' State Law Claims (i.e. the Fourth Through Sixth Causes of Action) Should All Be Dismissed Based on the Complaint's Failure to Allege Compliance with the Government Claims Act</u>     10

B.     <u>Plaintiffs State Law Claims Should be Dismissed for Additional Reasons</u>     11

**Table of Contents (Cont.)**

1.    The Third and Fourth Causes of Action fail to state facts sufficient to constitute claims for violations of the Unruh Act and Bane Act against any of the Defendants ........ 11

2.    Plaintiffs' Fifth Cause of Action for "Breach of Duty, Intentional Tort and Negligence" also Fails to state a claim against any of the Defendants ........ 13

3.    Plaintiffs Have Also Failed to State a Plausible Claim for Punitive Damages Against Any of the Defendants ........ 14

IV.    Conclusion ........ 14

1

2 **Table of Authorities**

3

4 Aldabe v. Aldabe     10

5    616 F.2d 1089, 1092 (9th Cir. 1980)

6 Austin B. v. Escondido Union School Dist.     11

7    (2007) 149 Cal. App. 4th 860

8 Board of Regents v. Roth     3

9    (1972) 408 U.S. 564

10 Breneric Assoc. v. City of Del Mar     3

11    69 Cal. App. 4th 166

12 Brewster v. Unified School District     9

13    (9th Cir. 1998) 149 F3d 971

14 Cancun Homeowners Assn., Inc. v. City of San Juan     14

15 Capistrano

16    (1989) 215 Cal.App. 3d 1352

17 Cabesuela v. Browning-Ferris Industries     11

18    (1998) 68 Cal. App. 4th 101

19 Carter v. City of Los Angeles     12

20    (2014) 224 Cal. App. 4th 808

21 Church of Scientology v. Comm. of Internal Revenue     8

22    (9th Cir. 1987) 823 F2d 1310

23 City and County of San Francisco v. Sainez     7

24    (2000) 77 C.A.4th 1302

25 City of New Port v. Fact Concerts, Inc.     14

26    453 U.S. 247, 271 (1981)

27 Cochran v. Herzog Engraving Co.     14

28    (1984) 155 Cal. App. 3d 405

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**Table of Authorities (Cont.)**

Delia v. City of Rialto ............................................................. 9
621 F.3d 1069

Flowers v. Prasad ................................................................. 12
(2015) 238 Cal. App. 4th 930

Haggis v. City of Los Angeles ................................................. 14
(2000) 22 Cal. 4th 490

Harrison v. City of Rancho Mirage ........................................... 12
(2015) 243 Cal. App. 4th 162

Jones v. Kmart Corp. ............................................................. 11
(1998) 17 Cal. 4th 329

Julian v. Mission Community Hospital ....................................... 11
(2017) 11 Cal. App. 5th 360

Kildare v. Saenz .................................................................... 3
325 F.3d 1078

Liteky v. United States ........................................................... 6
510 U.S. 540

Monell v. Dept. of Social Services ........................................... 8
(1978) 436 U.S. 658

Pearson v. Callahan .............................................................. 9
555 U.S. 223

Qualified Patients Assn. v. City of Anaheim .............................. 12
(2010) 187 Cal. App. 4th 734

RRI Realty Corp. v. Inc. Village of Southhampton ...................... 3
(2d Cir. 1989) 870 F.2d 911

Shirk v. Vista Unified School District ....................................... 10
(2007) 42 Cal. 4th 201

1

## <u>Table of Authorities (Cont.)</u>

2

3    <u>Sinaloa Lake Owners Ass'n v. City of Simi Valley</u>                    4

4        882 F.2d 1398

5    <u>Smith v. Sup. Ct (Bucher)</u> (1992)                                    14

6        10 Cal. App 4th 1033

7    <u>Squaw Valley Dev. Co. v. Goldberg</u>                                   8

8        (9th Cir. 2004) 375 F3d 936

9    <u>State v. Superior Court (Bodde)</u>                                     10

10       (2004) 32 Cal. 4th 1234

11   <u>Thompson v. County of Los Angeles</u>                                  11

12       (2006) 142 Cal. App. 4th 154

13   <u>Verduzco v. Apfel</u>                                                   6

14       188 F.3d 1087

15   <u>Zinermon v. Burch</u>                                                   4

16       494 U.S. 113

17   42 United States Code Section 1983                                  3, 14, 15

18   Cal. Civ. Code Section 3294                                             15

19   Cal. Gov. Code Section 815                                              13

20   Cal. Gov. Code Section 818.4                                            13

21   Cal. Gov. Code Section 818.6                                         13, 14

22   Cal. Gov. Code Section 820.2                                            13

23   Cal. Gov. Code Section 820.4                                         13, 14

24   Cal. Gov. Code Section 821.2                                            13

25   Cal. Gov. Code Section 821.4                                         13, 14

26   Cal. Gov. Code Section 821.6                                            13

27

28

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

## I.      Introduction

Plaintiffs' opposition does not even address, let alone refute the arguments made or authorities cited in the moving papers.  Instead, Plaintiffs' opposition relies on extrinsic allegations and exhibits that were not alleged in the complaint and thus are not at issue and should not be considered for purposes of this motion.  The fact remains that the complaint, and each one of the causes of action asserted therein, fail to state facts sufficient to state plausible claims for relief against the City or any one of the individually named Defendants.

## II.     Plaintiffs' Federal Law Claims

### A.      Plaintiffs Opposition Does Not Refute the Fact that the Complaint Fails to State a Plausible Procedural Due Process Claim Against any of the Defendants.

Importantly, Plaintiffs do not deny, nor can they, that their plans and building permit did not include a roof deck over the "*open*" second story terrace.  In fact, Plaintiffs admit both in their Complaint, and now Opposition, that they built this roof deck over the "open" second story terrace without providing plans, structural calculations or obtaining approval from the City for same. [Complaint ¶24, Ex. "F-2"]; see also [Opp. p. 22, lns.25-28 ("Plaintiff added the protective cover over the second story terrace as a matter of duty to defend their inalienable natural lives from danger after the Defendants would not assist the Plaintiffs")].

Instead, the gravamen of Plaintiffs' complaint is that Defendants were "negligent" in approving *Plaintiffs'* plans for an "open" second story terrace" due to "the *possible* danger of radioactivity from the Edison high tension lines" and then "denied them procedural due process and equal protection by refusing to grant [them] a "variance'" for the roof cover Plaintiff EZE built on the structure (Complaint ¶43; Opp. p. 5, lns. 23-26) without requiring plans or structural calculations for same.

In order to state a claim for violation of procedural due process however, the Complaint must allege "(1) a deprivation of a constitutionally protected liberty or

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

property interest, and (2) denial of adequate procedural protections." <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003). If no such constitutionally protected property interest is involved, then the procedural protections of the due process clause do not even come into play. <u>Board of Regents v. Roth</u> (1972) 408 U.S. 564, 569-578. Indeed, a viable §1983 claim does not lie "absent a foundational showing that the government's action deprived [Plaintiffs] of a land use to ***which [they] are entitled***." <u>Breneric Assoc. v. City of Del Mar</u>, 69 Cal. App. 4th 166, 180 (1998) [emphasis added]; <u>Board of Regents v. Roth</u> (1972) 408 U.S. 564, 569-578.

Plaintiffs' opposition does not refute the fact, nor can it, that Plaintiffs did not have any legal right or entitlement to a "variance" for a roof cover that was built outside the scope of their permit and without any plans or structural calculations for same. To the contrary, the Building Code specifically requires that "[w]ork shall be installed in accordance with the approved construction documents, and any changes made during construction that are not in compliance with the approved construction documents shall be submitted for approval as an amended set of construction documents". [See e.g. RJN Exh. 3, Cal. Code of Regs., Title 24, section [A]107.4]. Thus, Plaintiffs were not legally entitled to any such "variance", especially after being notified by Almandinger, before the roof cover was built, that they needed plans and approval from the City. See also <u>RRI Realty Corp. v. Inc. Village of Southhampton</u> (2d Cir. 1989) 870 F.2d 911, 915-920 [when the plaintiff has applied for a permit for a particular land use and the governmental agency is vested with significant discretion to grant or deny the application, rejection of the application, even if alleged to be arbitrary and capricious, cannot form the basis for a section 1983 claim because plaintiff had no constitutionally protected property right to the permit]. Plaintiffs have not, and cannot, plausibly establish that they were deprived of any constitutionally protected property interest and their procedural due process claim fails accordingly. <u>Board of Regents v. Roth</u> (1972) 408 U.S. 564, 569 (A protected interest in property only arises when there is a legitimate claim of entitlement, rather than an abstract need or desire for a benefit).

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

As further set forth in the moving papers, Plaintiffs were also not deprived of any procedural due process. In procedural due process claims, a deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law."* Zinermon v. Burch, 494 U.S. 113, 125 (1990). (emphasis in original). Ordinarily, due process of law only requires notice and an opportunity for some kind of hearing before the deprivation of a significant property interest. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1405 (9th Cir. 1989). Here, the Complaint demonstrates that Plaintiffs received both.

Plaintiffs were notified, *before* the roof cover was built, and *years* before the first Citation was ever issued that, consistent with the Building Code, they needed to submit an amended set of construction documents. [See e.g. RJN Exh. 3, Cal. Code of Regs., Title 24, section [A]107.4 ("Work shall be installed in accordance with the approved construction documents, and any changes made during construction that are not in compliance with the approved construction documents shall be submitted for approval as an amended set of construction documents"). For example, when Plaintiff EZE "intimated" his fear of radiation to Almandinger on or about July 19, 2018 and suggested the possibility of putting a roof cover over the "open" in order to minimize that "possibility", Almandinger told EZE that he needed to provide an approved plan or get a variance from the City. [Complaint ¶ 15]. Yet, Plaintiffs proceeded to build a solid second story roof of over 400 sf over the "open" patio deck, without any plans or structural calculations anyways. When this was discovered by Almandinger, he immediately notified Plaintiff EZE that he would *either* need to get new documents approved or remove the deck. [Complaint ¶ 16]. At Plaintiffs' request, Fazekas inspected the Property on September 4, 2019 and then sent Plaintiffs his report on September 10, 2019, which states in part:

> "Thank you for meeting with us at your project on 9/4/19 … The areas in which you have undertaken work which are not covered by the approved plans will

4

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

require City approval before proceeding with construction or inspection of those areas.

The rear deck has been covered by a solid 2nd story roof of over 400 sf which is not on the approved plans. Lateral structural support for this area is lacking which should be addressed with structural calculations. Also, the roof joists may be overspanned unless the grade lumber used is select structural. The tie-in from the patio roof to the house is not visible and the out-of-plane (pull away) connection should be detailed in the revised plans and verified.

**In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed".** [Complaint ¶ 20; Exh. "I" (emphasis added)].

Similarly, on September 12, 2019, Taylor sent an email to Plaintiffs stating as follows:

As stated in the letter, referenced in your email to Mr. Fazekas and I on 9-11-19, the City has provided a path to approval of the plans for your project.

In order to proceed, revised plans should be prepared indicating the increased scope of work. Structural calculations and T-24 energy calculations will also be needed. Once approved, an additional permit (or addendum) will be issued to allow the additional areas to be constructed. Prior to investing any substantial design team time, I recommend that either you or your design professional visit the Planning Division with schematics of the increased areas to make sure heights, areas, and setbacks will comply with the Zoning Ordinance, prior to incurring design costs.
[Complaint, Ex. "E2", p. 18 of 135].

Plaintiffs were also provided with a "Courtesy Notice" by Code Enforcement Office McCarthy on March 19, 2020, more than four months before the first administrative citation was even issued. [Complaint, Exh."G"-"Courtesy Notice"; Exh."H"1"- "Citation"]. Thus, Plaintiffs were given more than ample notice before the first Citation was ever even issued.

Plaintiffs were also given more than sufficient opportunity to be heard. Plaintiffs were provided an administrative hearing before a three-member administrative panel to address the violations in the Citations. Plaintiffs appeared at this hearing, presented

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

their evidence and made their case.  Plaintiffs were also given a separate hearing before the City Council.  Prior to that hearing, Plaintiffs submitted to City Council a packet with their positions and testimony.  [Complaint ¶36, Ex. "P1", "R"]. City Staff emailed Plaintiffs' its response their packet [Complaint ¶ 36; Ex "P2"] and Plaintiffs submitted their rebuttal to these responses.  [Complaint Ex "P3"].  Plaintiffs also appeared at the hearing and presented their case to the City Council, without interruption.  [Complaint, Ex. "Q" &"R"].  Thus, while plaintiffs may not agree with the outcome of these hearings, their Complaint and exhibits demonstrate they were provided procedural due process.

Plaintiffs' opposition does not refute any of this, nor can it.  Instead, their opposition argues that the administrative hearing had "an inference of bias" based on the comment allegedly made by one of the administrative panel members that "You've gotta keep 'em straight, that's for sure".  (Opp. p. 9, lns. 1-14).  However, "quasi-judicial administrative officers are presumed to be unbiased.  This presumption can only be rebutted by a showing of conflict of interest or some other reason for disqualification." <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999).  Indeed, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect mean and women … sometimes display," even if inappropriate or unprofessional, do not in and of themselves establish bias. <u>Liteky v. United States</u>, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L.Ed. 2d 474 (1994).  Except for Plaintiffs' sheer speculation therefore, there is nothing in the complaint, record or otherwise, that plausibly suggests that this statement was made in reference to them. Furthermore, this alleged comment was made by only one of the three-member panel that issued the decision and no plausible showing has been made that the other two members would have reached a different result or that the outcome would have been any different absent same. In fact, a final decision on the matter was not even made by the administrative panel members, but rather the City Council based on their own, independent review of evidence.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Plaintiffs also try to backdoor allegations in their opposition that were not even in the complaint and should therefore not be considered.  For example, Plaintiffs allege in the opposition, for the first time, that Defendants denied them of their due process right of an adequate explanation of the reasons justifying administrative code enforcement action.  [Opp. P. 12 lns. 21-24].  Plaintiffs cannot credibly assert a lack of notice given all the communications the City had with Plaintiffs on these issues as demonstrated by the complaint and exhibits.   By Plaintiffs' own admission the Citations specify the violations and state the same corrective measure the City had been requesting for years - obtain current permits or obtain a demolition permit to remove the second story addition [Complaint Exh "H" 1; see also Opp. p12. Lns. 11-19].  In fact, Plaintiffs' exhibits show that Plaintiffs had sufficient notice of the issues and responded to each issue accordingly. [See e.g. Complaint Exs. "L", "P"].  Thus, Plaintiffs cannot credibly assert a lack of notice or establish any alleged prejudice resulting therefrom.

Plaintiffs' opposition also argues that the City adopted "unjustifiable" fines. (Opp. p. 16, ln 22-26).   Again, however the citations imposing fines were only issued after Plaintiffs violated the building code and ignored the City's repeated request for compliance for several years.   As discussed, Plaintiffs had ample notice and meaningful opportunities to be heard on these citations imposing fines, pursuant to Beaumont Municipal Codes § 1.16.030, which only escalated from $100 on July 30, 2020 to higher amounts six months later in January, 2021, after Plaintiffs still failed to comply. See, *e.g.,* City and County of San Francisco v. Sainez (2000) 77 C.A.4th 1302 (court rejected constitutional claims to housing code penalties of $767,000 (i.e. 767 days of violations at $ 1,000 per day)).  Even then, the City Council still agreed, as part of its Resolution, to waive the imposition of fines as long as Plaintiffs simply comply with their obligations under the Building Code. (Complaint Ex. "R", p8.).

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**B.** **Plaintiffs' Opposition Also Fails to Refute the Fact that The Complaint Fails to State a Plausible Equal Protection Claim Against Any of the Defendants**

As set forth more fully in the motion, the Complaint also fails to plausibly allege an equal protection claim against any of the defendants. The complaint is devoid of factual allegations showing that other similarly situated individuals were treated differently or not cited for the same conduct. The complaint also fails to plausibly allege that any of the named Defendants discriminated against Plaintiffs based on their race or that their conduct was motivated by malignant animosity, rather than enforcing valid building codes. Squaw Valley Dev. Co. v. Goldberg (9th Cir. 2004) 375 F3d 936; Church of Scientology v. Comm. of Internal Revenue (9th Cir. 1987) 823 F2d 1310. Rather, the only allegation in the complaint that even mentions race is contained in paragraph 33 regarding the alleged comment plaintiffs overheard on of that one of the administrative hearing panel members allegedly make that "you've got to keep 'em all straight for sure" which Plaintiffs feel was made "in reference to Plaintiffs who are African Americans." [Complaint ¶ 33; Exh. "N"]. Even if this were true however, which it is not, this statement was not made by any of the individually named defendants. Indeed, there is not a single, plausible allegation in the complaint or otherwise, that any of the Individually Named Defendants discriminated against Plaintiffs, treated similarly situated individuals differently or acted without a rational basis. Nor is this allegation sufficient to state a plausible claim for municipal liability because the complaint does not sufficiently allege that this, or any other alleged actionable conduct, was a product of an official policy, or longstanding custom or practice by the City. Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

///

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

8

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**C.     Plaintiffs' Opposition Does not Refute the fact that the Individually Named Defendants Have Qualified Immunity for Any Alleged Due Process and/or Equal Protection Claims**

As set forth in the motion, the Complaint fails to state plausible due process or equal protection claims against any of the individually named Defendants.  Even if it did however, the individual defendants still have qualified immunity from any liability for their alleged.  When considering a claim of qualified immunity, the court engages in a two-part inquiry: whether the facts shown "make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct".  Delia v. City of Rialto, 621 F.3d 1069, 1074 (9th Cir. 2010) quoting Pearson v. Callahan, 555 U.S. 223, 231-232.  A negative answer to either ends the analysis, with qualified immunity protecting the defendants from liability." *Clement v. Gomez*, (298 F.3d 898, 903 (9th Cir. 2002).

As set forth more fully above and in the motion, the Complaint fails to plausibly allege any constitutional violation by any the individually named defendants, let alone one that was "clearly established" at the time of the alleged misconduct. "Clearly established" means that a reasonable official would understand his actions are violating rights. Brewster v. Unified School District (9th Cir. 1998) 149 F3d 971, 977.  Neither the Complaint, nor Plaintiffs' opposition, has pointed to any "clearly established" law that prohibited any of the alleged conduct by the Individually Named Defendants and they are each entitled to qualified immunity against Plaintiffs' due process and equal protection claims. Nor does the opposition refute that absolute immunity applies to Plaintiffs claims against Taylor as it relates to her alleged actions at the administrative hearing (i.e. allegedly reading a "false" staff report into the record).

///

9

**D.** **Plaintiffs' Fourth Cause of Action for Alleged Violations of Title 18 USC 241 & 242 Should be Dismissed Because Plaintiffs Have No Private Right of Action to Pursue Such Claims**

In connection with its fourth cause of action, Plaintiffs seek monetary damages against defendants pursuant to two federal criminal statutes, 18 U.S.C. 241 (Conspiracy Against Rights) and 18 U.S.C. (deprivation of rights under color of law").  As set forth more fully in the moving papers however, these statutes do not provide a private right of action under which Plaintiffs may sue.  See <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980) ("18 U.S.C. Sections 241, 242 provide no private right of action and cannot form the basis of a civil suit.").  Thus, Plaintiffs' claims in the fourth cause of action for alleged violations of 18 U.S.C. 241 and 242 should also be dismissed accordingly.

**III.** **State Law Claims**

**A.** **Plaintiffs' State Law Claims (i.e. the Fourth Through Sixth Causes of Action) Should All Be Dismissed Based on the Complaint's Failure to Allege Compliance with the Government Claims Act**

Although Plaintiffs' opposition may now conveniently argue for the first time that Plaintiffs sent a "Legal Grievance claim notice" to Beaumont Deputy City Clerk, Nicole Wheelwright on June 12, 2021 (Opp. p. 3, 22-25), no such allegation was ever made in the Complaint.  Nor, and perhaps more tellingly, was any such "Claim Notice" attached as an Exhibit to the Complaint, or even the Opposition for that matter.  As set forth in the moving papers, timely presentation of a government claim is not just a procedural requirement, but rather an element of the plaintiff's cause of action that needs to be alleged in the complaint.  <u>State v. Superior Court</u> (Bodde) (2004) 32 Cal. 4th 1234,1239; <u>Shirk v. Vista Unified School District</u> (2007) 42 Cal. 4th 201, 209.  Since Plaintiffs' complaint is devoid of any such allegations or exhibits showing the timely presentation of a claim, Plaintiffs' state law claims, should be dismissed accordingly. <u>Shirk v. Vista Unified School District</u> (2007) 42 Cal. 4th 201, 209; <u>Bodde</u>, *supra*, 32 Cal 4th 1234, 1235. ["overwhelming precedent [establishes] that failure to allege compliance

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

10

or circumstances excusing compliance with the claim presentation requirement subjects a complaint to general demurrer for failure to state facts sufficient to constitute a cause of action."

**B.** **Plaintiffs State Law Claims Should be Dismissed for Additional Reasons**

**1.** **The Third and Fourth Causes of Action fail to state facts sufficient to constitute claims for violations of the Unruh Act and Bane Act against any of the Defendants**

"The legislature enacted the Civil Code Section 52.1, [the "Bane Act"] to stem a tide of hate crimes". Austin B. v. Escondido Union School Dist. (2007) 149 Cal. App. 4th 860, 882 citing Jones v. Kmart Corp. (1998) 17 Cal. 4th 329, 338.  The essence of a Bane Act claim is that the defendant, through the use of "threats, intimidation or coercion", tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law.  Id.   To state a cause of action under Civil Code Section 52.1 therefore, the plaintiff must show "the defendants interfered with or attempted to interfere with the plaintiffs' legal right by threatening or committing violent acts.'" Julian v. Mission Community Hospital (2017) 11 Cal. App. 5th 360, 395; Gabrielle A. v. County of Orange (2017) 10 Cal. App 5th 1268, 1290.; see also Cabesuela v. Browning-Ferris Industries (1998) 68 Cal. App. 4th 101, 111 (to state a cause of action under the Bane Act there must first be violence or intimidation by threat of violence).  A plaintiff also has no cause of action under the Bane Act, if he or she fails to establish that Defendants violated a constitutional or statutory right.  Thompson v. County of Los Angeles (2006) 142 Cal. App. 4th 154, 173.  As set forth in the moving papers however, the complaint has not alleged that any of the Defendants engaged in violence, or intimidation or coercion through the threat of violence.

Nor has, or can, the complaint state a plausible claim against any of the defendants under the Unruh Civil Rights Act, Civil Code Sections 51 and 52.  The

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

11

Unruh Act was enacted to "create and preserve a nondiscriminatory environment in California *business establishments* by banishing or eradicating arbitrary, invidious discrimination by such establishments." <u>Flowers v. Prasad (</u>2015) 238 Cal. App. 4th 930, 937.   To state a claim under the Unruh Act therefore, plaintiffs must plead and prove: (1) they were denied full and equal privileges to, or otherwise discriminated against by, a business establishment; (2) a substantial motivating reason for the denial or discrimination was the business establishment's perception of plaintiff's protected status; (3) plaintiff was harmed and; (4) the business establishment's conduct was a substantial factor in causing the harm. [CACI No. 3060].

As set forth more fully in the moving papers, the complaint fails to allege sufficient facts to establish any of these elements.  First, none of the Defendants were acting as "business establishments".  Rather, the Defendants were functioning as public servants, not a commercial enterprise.  See e.g. <u>Harrison v. City of Rancho Mirage</u> (2015) 243 Cal. App. 4th 162, 175 [city not a business establishment in amending municipal code to  increase age of person responsible for short term rental]; <u>Qualified Patients Assn. v. City of Anaheim</u> (2010) 187 Cal. App. 4th 734, 764 [city not functioning as a business establishment in enacting legislation regulating medical marijuana]; <u>Burnett v. San Francisco Police Department</u> (1995) [city ordinance restricting young adults from after-hours clubs not actionable under the Unruh Act]; <u>Carter v. City of Los Angeles</u> (2014) 224 Cal. App. 4th 808, 825-826 [recovery of damages under Unruh Act was unlikely as a "public entity" providing sidewalks and curbs to its citizens does so as a public servant, not a commercial enterprise".].  Second, the complaint does not allege facts sufficient to show that any of the named defendants engaged in arbitrary or intentional discrimination against Plaintiffs based on their race. Again, the only allegation pertaining to race in Plaintiffs' complaint was the one alleged statement attributed to the administrative hearing panel member, not any of the individually named Defendants.  Moreover, the administrative hearing panel member is not even employees of the City and was conducting an administrative hearing -- not

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

operating a "business establishment".  Thus, the complaint fails to state a plausible claim under the Unruh Act and the claim should be dismissed accordingly.

### 2. Plaintiffs' Fifth Cause of Action for "Breach of Duty, Intentional Tort and Negligence" also Fails to state a claim against any of the Defendants

Cal. Gov. Code Section 815 bars state common law claims against a public entity "except as otherwise provided by statute".  Since Plaintiffs' complaint, has not, and cannot, identify any statutory basis for its fifth cause of action for "Breach of Duty, Intentional Tort, or Negligence" against the City, the fifth cause of action against the City must be dismissed accordingly.

Plaintiffs' complaint also fails to state facts sufficient to state its fifth cause of action against any of the individually named defendants.  The complaint does not even identify what "intentional tort" is being asserting, let alone allege sufficient facts that would support a claim for an "intentional tort" against any of the individual defendants.  Nor does the complaint allege facts sufficient to state a claim for "breach of duty" or "negligence" by any of the defendants.  Indeed, the complaint does <u>not</u> plausibly allege *any* mandatory or other legal duty that was owed to Plaintiffs, let alone allegedly breached by *any* of the Defendants.  While Plaintiffs' opposition may argue that Defendants City and Fazekas were "negligent" in permitting and approving the open second story terrace (Opp. p.9 19-24), neither the complaint, nor the opposition, establish that these acts, or any others, breached any "mandatory" or other legal duty sufficient to state a claim for negligence or breach by *any* of the defendants.

Even if the fifth cause of action had stated a valid claim however, Government Code Sections 818.4, 818.6, 820.2, 820.4, 821.2, 821.4 8 821.6 immunizes Defendants from liability for their alleged acts. (See Gov. Code Section 815, subd. (b) [immunity provisions of Tort Claims Act prevail over liability provisions].  Indeed, Government Code Sections 818.4 and 821.2 immunize public entities and its employees from liability arising out of the: "issuance … or failure or refusal to issue … any permit, license,

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

certificate, approval, order or similar authorization …" [Government Code sections 818.4 and 821.2; see also <u>Cancun Homeowners Assn., Inc. v. City of San Juan Capistrano</u> (1989) 215 Cal. App. 3d 1352 [immunity for negligent issuance of grading permit without obtaining "required soils compaction report)].  Similarly, Government Code Sections 818.6 and 821.4 immunize public entities and its employees from "[alleged] injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property other than its property … for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." [Government Code Sections 818.6; 821.4; <u>Haggis v. City of Los Angeles</u> (2000) 22 Cal. 4th 490; see also <u>Cochran v. Herzog Engraving Co</u>. (1984) 155 Cal. App. 3d 405 [The purpose of Government Code Section 818.6 is to protect public entities from liability not only for failures to detect technical safety violations, but for any negligence directly connected to the inspection process itself, including reporting]. Finally, Government Code §820.2 provides immunity for discretionary acts or omissions, whether or not such discretion be abused]; §820.4 immunity for acts or omissions exercising due care, in the execution or enforcement of any law; and § 821.6 instituting or prosecuting any judicial or administrative proceeding within the scope of his or her employment, even if he or she acts maliciously or without probable cause.

### 3. Plaintiffs Have Also Failed to State a Plausible Claim for Punitive Damages Against Any of the Defendants

As set forth more fully in the moving papers, municipalities are not liable for punitive damages in 1983 actions or otherwise. See e.g. <u>City of New Port v. Fact Concerts, Inc.,</u> 453 U.S. 247, 271 (1981); <u>Mitchell v. Dupnik,</u> 75 F.3d 517, 527 (9th Cir. 1996); Cal. Gov't Code Section 818.  Municipal officers sued in their official capacities are also immune from punitive/exemplary damages. (<u>Castro v. City of Los Angeles</u> 797 F.3d 654, 669 (9th Cir. 2015)). While punitive/exemplary damages may be available against defendants who are sued in their individual capacities, such damages are only

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

allowed in Section 1983 claims if "conduct is shown to be motivated by evil motives or intent or involves reckless or callous indifference to the federally protected rights of others." *Id*.  Similarly, punitive damages are only available against such defendants for state law claims if specific facts are pled showing they acted with "malice, oppression or fraud".  [Civil Code Section 3294]; See also <u>Smith v. Sup. Ct (Bucher)</u> (1992) 10 Cal. App 4th 1033, 1041-1042.).

As set forth more fully in the moving papers, plaintiffs have not plead sufficient facts to support a plausible claim for punitive damages against any of the individually named defendants.  The Complaint is bereft of any factual allegations showing that the conduct of any of these defendants was "motivated by evil motives or intent or involves reckless or callous indifference to the federally protected rights of others." Thus, the punitive damages claim should be dismissed as well.

## IV.     <u>CONCLUSION</u>

For the reasons set forth in the motion, and those above, Plaintiffs' Complaint and each of the causes of action alleged therein should be dismissed as against each one of the Defendants.

DATE:  November 24, 2021          **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**

By: _____
    John O. Pinkney, Esq.
    Brent S. Clemmer, Esq.
    Bruce T. Bauer, Esq.
    Attorneys for Defendants CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER and KELLY MCCARTHY

15

# PROOF OF SERVICE
## CCP §§ 1011, 1013, 1013a
### STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am employed in the County of Riverside, California, am over the age of 18 years and not a party to this lawsuit.  My business address is 1800 East Tahquitz Canyon Way, Palm Springs, California 92262.   On November 24, 2021, I served or caused to be served the foregoing documents described as **DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**On all interested parties in this action via electronic mail to their electronic service addresses as indicated below

EZEKWESILI ILOPTAIFE              *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

NNEKA ILOPUTAIFE                 *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

**(FEDERAL)** I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on November 24, 2021, at Palm Springs, California.


*Dianne Yeakle*
Dianne Yeakle

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262