EZEKWESILI ILOPUTAIFE
NNEKA ILOPUTAIFE
1421 FAIRCLIFF STREET
BEAUMONT, CA 92223
(951) 324-3634
ezetaife@outlook.com



PLAINTIFFS IN PRO PER

UNITED STATES DISTRICT COURT OF

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEKWESILI ILOPUTAIFE and NNEKA ILOPUTAIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BEAUMONT, a public entity; CHRISTINA TAYLOR; SCOTT R FAZEKAS & ASSOCIATES INC., a business entity under contract; SCOTT R FAZEKAS individually and DOES 1 through 20, inclusive,<br><br>Defendants | Case No.: EDCV 21-1452-JWH (AGR)<br>Honorable Magistrate Judge Alicia G Rosenberg Presiding Courtroom 550<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO [F.R.Civ.P. 12(b)(1); 12(b)(6); and Abstention.]<br><br>PLACE: Remotely |

Plaintiffs Ezekwesili Iloputaife ("Eze") and Nneka Iloputaife ("Nneka") respectfully oppose the Defendants' Motion to Dismiss the Plaintiffs complaint.

Defendants Motion to Dismiss ("MTD") is full of misrepresentations of First Amended Complaint ("FAC"). Such misrepresentations requires due diligence to figure out. Otherwise, Plaintiffs will be required to reiterate the entire FAC.

Plaintiffs seek proximate intervention of the judiciary, without which plaintiffs are bound to continue suffering irreparable harm and eventual loss of

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 1

their only home to injustice. Therefore, Plaintiffs seek equitable relief before this Honorable Court from an invalid Resolution No. 2021-42, and redress under 42 U.S.C. § 1983, in search for protection of their inalienable rights to safety of their lives and property as a matter of duty. Plaintiffs also seek justice as to the Defendants' reprehensible acts of retribution against the Plaintiffs after Plaintiffs accused Defendants of negligent approval of unsafe second story terrace for Plaintiffs' home.

MTD refers to a Petition for a Writ of Mandate that was later filed in State Court of which the State Court has denied the Writ and closed the case. Here, Plaintiffs seek relief from Resolution No. 2021-42 that was procured in violations of federal laws that are governed by Federal Rules of Civil Procedure ("FRCP") under FRCP Rule 60(b)

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court", Old Wayne Mut. L. Assoc. v. McDonough, 204 U. S. 8,27 S. Ct. 236 (1907). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const.

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 2

United States Code 42 U.S.C. § 1983 provides Plaintiffs the right to sue state government employees and others acting under color of state law for civil rights violations as a means to enforce civil rights that already exist.

This Court has jurisdiction because this action is brought pursuant to 42 U.S.C. §1983 and Fourteenth Amendments to the United States Constitution. Under 28 USC § 1367(a) the Court has supplemental jurisdiction over the state claims alleged in First Amended Complaint ("FAC").

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED**

**U.S. Const. amend. XIV**

**The Fourteenth Amendment states:**

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**U.S. Const. amend. XIV.**

The 14th amendment of the United States Constitution gives everyone a right to due process of law, which includes judgments that comply with the rules and case law. Most due process exceptions deal with the issue of notification. If, for example, someone gets a judgement against you in another state without your having been notified, you can attack the judgement for lack of due process of law.

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 3

In Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 a pro se litigant won his case in the Supreme Court who stated:

> A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J. concurring).

Plaintiffs have property rights to their home located at 1421 Faircliff Street Beaumont, CA 92223 and their duly obtained Building Permit No: BP2017-00691.

Plaintiffs' first claim for declaratory relief does not seek a review of a local agency's administrative decision. Rather, it is claim under FRCP Rule 60(b) for declaratory relief from illicit consequences of a void Resolution passed by officials of a local government administration in violation of Plaintiffs' Fourteenth Amendment rights while acting under color of law.

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that

the party is properly before the court". See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).

Plaintiffs have alleged violations of their civil rights which are guaranteed by the federal constitution, therefore Conspiracy Against Rights, are not barred against Collective Defendants by qualified immunity and absolute prosecutorial immunity. Deprivation of Rights Under Color of Law, are also not barred against the Individual Defendants by qualified immunity and absolute prosecutorial immunity.

"Simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims". *See Swierkiewicz, 534* U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n* v. *Towers Ltd. P'ship,* 563 F. Supp. 566,569 (D.D.C. 1983).

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(I).

The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 5

rests." *Swierkiewicz* v. *Sorema NA.,* 534 U.S. 506,512 (2002); *accord Atchison, Topeka & Santa Fe Ry.* v. *Buell,* 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint").

"Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests." *Epos Tech.,* 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic* v. *Twombly,* 550 U.S. 544, 555 (2007).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Plaintiffs have met that threshold to the best of their limited ability.

FAC alleges that this case arises out of Defendants' coverup of negligent approval of unsafe backyard terrace for Plaintiffs' home and infringement of Plaintiffs' right to duly obtained Building Permit No: BP2017-00691. The backyard terrace is part of Approved Building Plan to Defendants home.

Eze obtained Building Permit No: BP2017-00691 for home improvement and did all the work by himself. Eze complied with every Field Correction Notice issued at the construction site by city building inspectors.

Plaintiffs categorically dispute exceeding the scope of the building permit by alleging in FAC, ¶¶ 14-17, that Eze blame the city for negligence when he started to add protective cover over the patio. Michael Almandinger ("Mike A") stopped

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 6

the patio work and advised Eze to get variance or remove it before project completion; of which Eze complied by seeking Variance through Ms. Christina Taylor ("Ms. Taylor"). Ms. Taylor ignored Eze's request for variance.

Instead, Ms. Taylor sought retribution against Eze. She conspired with Scott Fazekas ("Scott") (FAC, ¶ 22) and repudiate already finished and approved Detail 29 construction and to void Eze's duly obtained Building Permit. Eze Immediately challenged that reprehensible and unreasonable action. Ms. Taylor ignored Eze's challenge and directed daily $1,000.00 unfounded building and zoning ordinance violation citations against Plaintiffs without due process of law. Ms. Taylor continued directing such unwarranted citations well after she acknowledged that "it was most appropriate to allow due process and decision without further issuing citations" (FAC, ¶¶ 39, 75-76)

FAC, ¶ 28, Plaintiffs alleges that "Eze was within right to seek variance for the unfinished patio cover and to remove it after variance was denied well before project completion as agreed without being penalized. Plaintiffs also allege in FAC, ¶¶ 35, 50, 76, that Eze complied with the Approved Plan.

Nowhere in FAC, did Plaintiffs claim right to exception to permit requirements as is among misleading inferences in Motion to Dismiss ("MTD"). Defendants misconstrues Plaintiffs incessant rightful demand to be heard on their request a variance.

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 7

Plaintiffs have right to request a variance and due process right to be heard without retribution while Defendants have discretionary right to grant or deny such request. Certainly not to ignore Plaintiffs' request and unjustly invalidate Plaintiffs duly obtained Permit as retribution for daring to call Defendants out for negligence and be asking for variance. (FAC, ¶ 68)

Fazekas & Associate ("F&A") is assumed among DOES 1 through 20 defendants in the original complaint pleading. F&A is joined after discovery of the true identity.

MTD, ¶ II deceptively misrepresents FAC allegations in a most contemptible way to mislead the Court.

To summarize First Amended Complaint:

Plancheck and building plan approvals requires due diligence by the City of Beaumont Building and Safety Department. Therefore, when Eze realized the unsafe condition of the approved terrace for his family home, Eze blames F&A and City Building and Safety Department officials for negligence in their careless approval of unsafe patio for Plaintiffs' home. (FAC, ¶ 14). Notwithstanding that Eze's neighbors have similar unapproved patio roofs that is being ignored by city officials, Eze complied with building inspector Mike A. to stop work on the roof over his own patio and seek variance from Ms. Taylor while work continued in other arears of his project (FAC, ¶¶ 14, 81).

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 8

In disregard to her due diligence requirement to public safety, Ms. Taylor denied Plaintiffs equal protection and due process right to be heard by ignoring Eze's request for a variance for over a year, until after Eze went through City Mayor to get her attention. Ms. Taylor reacted by invalidating Plaintiffs' duly acquired Building Permit a second time. Ms. Taylor further conspired with Scott Fazekas ("Scott") to repudiate already finished and approved 2nd story dormer of Plaintiffs' home that was built in accordance with approved plan.

With intent and without justification or excuse, Ms. Taylor maliciously falsified evidence she used to prosecute Plaintiffs. Ms. Taylor and her cohorts were acting under the color of law in violation of Plaintiffs' civil rights by depriving plaintiffs' property right to duly obtained Building Permit BP2017-00691 and depriving Plaintiffs a fair trial by prosecuting Plaintiffs with falsified evidence.

FAC, ¶ 53 precisely specifies three significant misrepresentations of the PERMIT INSPECTION HISTORY REPORT (BP2017-00691) FOR CITY OF BEAUMONT that Ms. Taylor used in her prosecution of the Plaintiffs. *(1. Permit 'Expiration Date' of 02/11/2019; 2. the **08/15/2018** inspection schedule entry; 3. The 08/13/2018 "Roof Deck" inspection entry).* MTD subtly misrepresents these elements of the fabricated evidence.

This aforementioned is the elephant in the room that begs for explanation because it is so troubling. But for malice, it makes no sense that the City Staff

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 9

would go so far as to fabricate evidence to prove alleged building and zoning ordinance violations that ought to be easy to prove with photographs if ever such violations existed. MTD would rather have this Court believe that FAC did not specify what the false statements are, than explain the false statements.

Defendants' Motion to Dismiss First Amended Complaint deceptively summarized FAC, ¶¶ 16, 19, 24, 27 by implying that portions of the second-story dormer pop out was included in the discussion of unpermitted work while skipping paragraphs that exposes the deception. Such misrepresentation of facts must be seen as a deliberate attempt to mislead the court. FAC is clear that the second-story dormer pop out was never an issue before Scott's letter of September 10, 2019, and that the unfinished patio roof was the only issue at the construction site FAC, ¶¶ 23 - 27. And the unfinished patio roof was removed as was agreed with Building Inspector and as was later requested by Ms. Taylor after variance was eventually denied. (FAC, ¶ 35).

FAC, ¶ 27 clearly allege that Detail 29 is the Approved Plan for Plaintiffs' second story dormer pop-out construction. Mike A. never demanded a new plan for the second story dormer pop-out in his Correction Notice to Plaintiffs. He only requested that Eze provide and install framing hardware per plan.

FAC, ¶ 86 (a) "Plaintiffs contends that the SUBJECT PROPERTY building plan was approved and duly permitted after a meticulous professional plan check

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 10

by the CITY and the construction of the area in conflict was done according to and by the insistent directive and approval of CITY building inspectors which therefore makes the CITY liable for any consequential damages".

It is preposterous how MTD misrepresents FAC, ¶ 27 in context of the July 19th correction notice. That notice, "**Detail 29- provide hardware per plan – Partial inspection!**" Simply required Eze to provide and install framing hardware to complete Detail 29 inspection. FAC, ¶ 27 also specifies that "Detail 29 is the approved engineered plan for the second-story dormer pop-out". Eze completed the correction for Detail 29 as requested on July 19, 2018 correction notice. The corrected Detail 29 was later reinspected and approved by Mike A. and Mike B. on August 15, 2018.

FAC, ¶ 26 alleges that the final approval note down for Detail 29, "**Roof is installed**" on June 17, 2019 acknowledges Plaintiff's compliance with the Building Inspector's earlier directive of August 15, 2018: "*Roof deck OK on approved portion only!* **OK to load approved sections** *don't load patio roof! Provide approved plans for patio roof*". The August 15, 2018, approval note, and the previous July 19, 2018 notice specifies the same unfinished patio deck that was dismantled in compliance by Eze on March 2, 2021. (FAC, ¶ 35)

FAC, ¶ 58 alleges that Plaintiffs sent complaint claim letter to the City about the undue infliction of suffering upon the Plaintiffs on February 26, 2021. The

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 11

Defendants ignored Plaintiffs' letter. Finally, after Plaintiffs further escalated their complaint, Ms. Taylor orchestrated and executed a prosecutorial misconduct that produced the biased RESOLUTION No. 2021-42.

FAC alleges that RESOLUTION No. 2021-42 is void by falsifying witness appearance list and by condoning fraud and misrepresenting crucial facts in evidence on judgment roll (FAC, PRAYER FOR RELIEF 1.) "**A void judgment is one that is void on face of judgment roll**", Capital Federal Savings Bank v. Bewley, 795 P.2d 1051 (Okl. 1990). "**Void judgment, such as may be vacated at any time is one whose invalidity appears on face of judgment roll**", Graff v. Kelly, 814 P.2d 489 (Okl. 1991).

Opposition witness attested to the August 15, 2018, inspection activity, affirming evidence on Administrative Record under oath at the City Council Appeal Hearing. Notwithstanding the corroborated evidence of the August 15, 2018, inspection record, the City Council verdict "RESOLUTION No. 2021-42" still misrepresents on judgment roll that "*...... An inspection was scheduled for August 15, 2018, but was not conducted due to no one answering at the residence*". (FAC, ¶ 69)

Mike A. lied on witness stand by saying that "The last inspection I see is 8/15/2018". And the Beaumont City Council Panel asked leading questions of hostile witnesses and did not offer the plaintiffs lawful opportunity to cross

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 12

examine adverse witnesses (FAC, ¶¶ 70-71). Thereby, denying Plaintiffs due process rights to a fair trial.

Three most crucial opposition witness Scott; Mike B; and Kelly were never present at the trials. Thereby denied Eze and Nneka Iloputaife ("Nneka") due process rights of confronting their main accuser and the right to a fair hearing. Scott is the city contractor that did plancheck for the city and later conspired with Ms. Taylor to repudiate the finished Detail 29 construction 450 days after it was approved.

Prosecutorial misconduct and the misrepresentations of Scott's appearance as a witness in attendance on Judgment Roll is illegal and a violation of due process of law. Due process of law includes judgments that comply with the rules and case law as is protected under U.S. Const. amend. XIV.

Therefore, RESOLUTION No. 2021-42 whose invalidity appears on face of judgment roll cannot be enforced because "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere". Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878).

The law is well-settled that a void order or judgement is void even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348,41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 13

certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850).

It has also been held that" It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside. It may be impeached in any direct action or collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex. Civ. App., Texarkana, 1965, writ ref., n.r.e.).

FRCP Rule 60(b) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1) -(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

"A Party Affected by VOID Judicial Action Need Not APPEAL". State ex rel. Latty, 907 S.W.2d at 486. "It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights". Ex parte Spaulding, 687 S.W.2d at 745.

"This cannot be ignored; it is a recorded fact. Judgment is a void judgment if court that rendered judgment acted in a manner inconsistent with due process" Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 - Klugh v. U.S., 620 F. Supp. 892 (D.S.C. 1985).

"When appeal is taken from a void judgment, the appellate court must declare the judgment void, because the appellate court may not address the merits, it must set aside the trial court's judgment and dismiss the appeal. A void judgment may be attacked at any time by a person whose rights are affected". See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.-Tyler Aug. 30, 1999, no pet. h.).

"If an appeal is taken, however, the appellate court may declare void any orders the trial court signed after it lost plenary power over the case, because a void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment.

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 15

"A Void Judgement is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).

Because RESOLUTION No. 2021-42 is void, it may be attacked either by direct appeal or collateral attack. Ex parte Williams, No. 73,845 (Tex. Crim. App. 04/11/2001). "A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745. A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid.

## CONCLUSION.

For all the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss Plaintiffs' FAC be denied.

Dated this 23rd of February 2023.

_____
Ezekwesili Iloputaife,
in pro per and for Nneka Iloputaife

PLAINTIFFS' OPPOSITION TO DISMISS FAC - 16

# PROOF OF SERVICE
## [CCP§§ 1013(a)3]
## STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am a resident of, Riverside County, State of California. I am over the age of eighteen years, and not a party to the within action. My residence address is 1421 Faircliff Street, Beaumont, Ca 92223.

On February 23, 2023, I served or caused to be served the foregoing documents described as PLAINTIFFS' OPPOSITION TO DEFENDANTS' CITY OF BEAUMONT, CHRISTINA TAYLOR, SCOTT R. FAZEKAS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO [F.R.Civ.P. 12(b)(1); 12(b)(6); and Abstention.] on all interested parties in this action via electronic mail to their electronic service addresses as indicated below:

| | |
|---|---|
| John O. Pinkney, Esq. SBN 162586 | Email: Pinkney@sbemp.com |
| Brent S. Clemmer, Esq. SBN 179722 | Email: Clemmer@sbemp.com |
| Bruce T. Bauer, Esq., SBN 149781 | Email: Bauer@sbemp.com |

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107

Attorneys for Respondents CITY OF BEAUMONT, BEAUMONT CITY COUNCIL, CHRISTINA TAYLOR, SCOTT R. FAZEKAS, MICHAEL ALMANDINGER and KELLY MCCARTHY

I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on February 23, 2023, at Beaumont, California.

_____
Chijiokeh Iloputaife
702-408-7360