John O. Pinkney, Esq. SBN 162586
Brent S. Clemmer, Esq. SBN 179722
Charles L. Gallagher, Esq., SBN 167093
SLOVAK BARON EMPEY MURPHY & PINKNEY
LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107
Pinkney@sbemp.com/Clemmer@sbemp.com
Gallagher@sbemp.com

[Exempt from filing fees, Gov. Code §6103]

Attorneys for Defendants City of Beaumont, Christina
Taylor and Scott R. Fazekas

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EZEKWESILI ILOPUTAIFE and NNEKA ILOPUTAIFE,<br><br>                   Plaintiffs,<br><br>        v.<br><br>CITY OF BEAUMONT, a public entity; CHRISTINA TAYLOR; SCOTT R. FAZEKAS & ASSOCIATES INC., a business entity under contract; SCOTT R FAZEKAS individually and DOES 1 through 20, inclusive<br><br>                   Defendants. | Case No.  5:21-CV-01452-JWH-AGR<br><br>Honorable Magistrate Judge Alicia G Rosenberg Presiding Courtroom 550<br><br>**DEFENDANTS CITY OF BEAUMONT, CHRISTINA TAYLOR AND SCOTT R. FAZEKAS∞REPLY TO PLAINTIFFS∞ OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>DATE:     None<br>TIME:     10:00 a.m.<br>PLACE:    Remotely |

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................. 2

TABLE OF AUTHORITIES .............................................................. 4

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 7

I. INTRODUCTORY STATEMENT ...................................................... 7

II. LEGAL ARGUMENT – JURISDICTIONAL MATTERS ........................... 7

    A. The Court Lacks Jurisdiction. ................................................... 7

    B. Neither the Administrative Decision Nor the City Council Resolution Affirming Same
are Void. ................................................................................. 8

III. PLAINTIFFS' FEDERAL CLAIMS UNDER 42 U.S.C. SECTION 1983 FAIL TO
SHOW A DUE PROCESS VIOLATION. ................................................ 9

IV. THE FAC FAILS TO ALLEGE ANY PLAUSIBLE FEDERAL CLAIMS AGAINST
THE INDIVIDUAL DEFENDANTS ...................................................... 12

    A. Plaintiffs' Opposition Fails to Refute the Fact that Majority of Claims Against
Defendant Taylor Are Barred by Prosecutorial Immunity. .......................... 13

    B. Plaintiffs' Opposition Fails to Refute the Fact that the Individually Named Defendants
Have Qualified Immunity for the Alleged Due Process and/or Equal Protection Claims..... 14

    C. Plaintiffs' Equal Protection Claim Also Fails. .................................. 15

V. PLAINTIFFS' STATE LAW CLAIMS ALSO FAIL. ................................ 16

    A. Plaintiffs' Opposition Fails to Establish Compliance with the Claims Presentation
Requirement of the California Tort Claims Act. ..................................... 16

    B. Plaintiffs' Opposition Fails to Establish a Plausible Claim Under the California Unruh
Civil Rights Act. ....................................................................... 17

    C. Plaintiffs' Opposition Fails to Show that the State Law Claims Are Not Barred by
Governmental Immunities. ............................................................. 17

    D. Plaintiff's Opposition Fails to Establish a Plausible Claim for Breach of Duty,
Intentional Tort and Negligence. ...................................................... 18

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1

VI. CONCLUSION .................................................................................. 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)................................................................15

*Behrens v. Pelletier*
    516 U.S. 299 (1996)................................................................14

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)................................................................18

*Breneric Assoc. v. City of Del Mar*
    69 Cal.App.4th 166 (1998).........................................................9

*Brewster v. Unified School District*
    149 F3d 971 (9th Cir. 1998).......................................................14

*Butz v. Economu*
    438 U.S. 478 (1978)................................................................13

*Clement v. Gomez*
    298 F.3d 898 (9th Cir. 2002)......................................................14

*Daniels v. Williams*
    474 U.S. 327 (1986)................................................................12

*Delia v. City of Rialto*
    621 F.3d 1069 (9th Cir. 2010) ....................................................14

*Dews v. Cty. of Kern*
    599 F. App'x 681 (9th Cir. 2015)..................................................15

*First Southern Baptist Church of Cathedral City, Inc. v. Cathedral City*
    No. CV 08-4280 ODW, 2008 WL 11410025 (C.D. Cal. Oct. 30 2008) ..................14

*Fry v. Melaragno*
    939 F.2d 832 (9th Cir. 1991)......................................................13

*Gardner v. Baltimore Mayor & City Council*
    969 F.2d 63 (4th Cir. 1992.).......................................................9

*Herrera v. City of Palm Dale*
    918 F.3d 1038 (9th Cir. 2019) .....................................................8

*Imbler v. Pachtman*
    424 U.S. 409 (1976)................................................................13

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

*Lozada v. City and County of San Francisco*
    145 Cal.App.4th 1139 (2006) ...................................................................16

*Middlesex Cty. Ethics Comm. v. Garden State Bar Assn.*
    457 U.S. 423 (1982).................................................................................8

*Monell v. Dept. of Social Services*
    436 U.S. 658 (1978).................................................................................15

*Pearson v. Callahan*
    555 U.S. 223 (2009).................................................................................14

*Portman v. City of Santa Clara*
    995 F.2d 898 (9th Cir. 1993) ....................................................................9

*Raiser v. City of Murrieta*
    No. EDCV 19-183-DSF (KK), 2021 WL 4202516 (C.D. Cal. June 7, 2021).......................17

*RRI Realty Corp., Inc. v. Village of Southhampton*
    870 F.2d 911 (1989) .........................................................................10, 13

*Shoemaker v. Myers*
    (1992) 2 Cal.App.4th 1407 ......................................................................16

*Sinaloa Lake Owners Assoc. v. City of Simi Valley*
    882 F.2d 1398 (9th Cir. 1989) ..................................................................11

*United States v. Berke*
    170 F.3d 882 (9th Cir. 1999) .....................................................................8

*United Student Aid Funds, Inc. v. Espinosa*
    559 U.S. 260 (2010)...............................................................................8, 9

*Williams v. Doe*
    343 F. App'x 196 (9th Cir. 2009) ...............................................................15

*Younger v. Harris*
    401 U.S. 37 (1971)...................................................................................8

**Statutes**

24 Cal. Code Regs., § [A]105.3.1 .........................................................................10

24 Cal. Code Regs., § [A]107.4 ...........................................................................10

42 U.S. Code § 1983 ...............................................................................9, 12, 13

Cal Civ. Code § 51...............................................................................................17

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cal. Civ. Code § 51(a) ........................................................................17

Cal. Civ. Proc. § 1094.5 .......................................................................7

Cal. Govt Code §§ 810 et seq. ..............................................................16

Cal. Govt Code § 818.4 ........................................................................17

Cal. Govt Code § 818.6 ........................................................................17

Cal. Govt Code § 820.2 ........................................................................17

Cal Govt Code § 820.4 .........................................................................17

Cal. Govt Code § 821.4 ........................................................................17

Cal. Govt Code § 821.6 ........................................................................17

**Other Authorities**

City Council Resolution No. 2021-42 .....................................................7

Fed. R. Civ. P. 60(b) ............................................................................7

Fed. R. Civ. P. 60(b)(4) .....................................................................8, 9

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

<div style="text-align:right; writing-mode:vertical">SLOVAK BARON EMPEY MURPHY & PINKNEY LLP<br>1800 E. Tahquitz Canyon Way<br>Palm Springs, CA 92262</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTORY STATEMENT.

As to the vast majority of objections raised by Defendants in their Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), Plaintiffs' opposition does not even address, let alone refute, the arguments made or authorities cited by Defendants. Instead, Plaintiffs simply repeat, if in varied form, the allegations made in the FAC, and argue unpersuasively that the administrative decision of the City of Beaumont's Code Enforcement Department of May 25, 2021, and City Council Resolution No. 2021-42 ("Resolution") of August 3, 2021, affirming that decision, constitute a "void" judgment. For the many reasons stated below, they do not. The fact remains that the FAC, and each cause of action therein, fails to allege facts sufficient to state plausible claims for relief against the City or any one of the individually named Defendants.

Plaintiffs have now been afforded ample opportunity to state their claims but have failed to do so. Accordingly, the FAC should be dismissed with prejudice.

### II.   LEGAL ARGUMENT – JURISDICTIONAL MATTERS.

#### A.   The Court Lacks Jurisdiction.

In their moving papers, Defendants argue that the Court lacks jurisdiction over the FAC because the sole procedure for seeking judicial review of a local agency decision is a writ of administrative mandamus under California Code of Civil Procedure section 1094.5. Plaintiffs counter that they are not seeking review of the decision; instead, they are seeking relief from the City Council's Resolution under Federal Rule of Civil Procedure 60(b) as a "void judgment." (Opp., p. 2.) The contention is without merit.

First, Plaintiffs' prayer in their FAC asks the Court to "enjoin preliminarily and permanently, [enforcement of] the Resolution." Plaintiffs are therefore clearly seeking review of the Resolution. Plaintiffs further assert that the California Superior Court "has denied [their Writ Petition] and closed the case." This is not correct. Since the filing of this Motion to Dismiss the state court has denied Plaintiffs' writ petition.

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    However, the time for Plaintiffs' to appeal that decision has not expired. Moreover, the

2    City's cross-complaint to enforce the administrative decision remains at issue.[1]

3         The assertion that the state court action is "closed," appears to be Plaintiffs' sole

4    response to Defendants' argument that the Court should abstain from exercising

5    jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). This is not a persuasive or

6    substantive response. Abstention remains appropriate as the state court action is not yet

7    final (i.e., remains "ongoing"), implicates important state interests in enforcing its

8    building codes and nuisance laws, and has provided Plaintiffs every opportunity to

9    raise whatever constitutional challenges they desire. (See *Middlesex Cty. Ethics Comm.*

10   *v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982).)

11        *Younger* abstention remains appropriate because Plaintiffs' declaratory relief

12   cause of action may "result in precisely the same interference with and disruption of

13   state proceedings that the longstanding policy limiting injunctions was designed to

14   avoid." (*Herrera v. City of Palm Dale*, 918 F.3d 1038, 1048 (9th Cir. 2019).) The

15   Court should decline jurisdiction in deference to the state court proceeding.

16   **B.    Neither the Administrative Decision Nor the City Council Resolution**

17   **Affirming Same are Void.**

18        Plaintiffs argue repeatedly that the administrative decision and the City

19   Council's Resolution affirming same constitutes a "void judgment." The argument is

20   entirely without merit.

21        "On motion and just terms, the court may relieve a party … from a final

22   judgment, order, or proceeding for the following reasons: … (4) the judgment is void."

23   (F.R.Civ.P. 60(b)(4).) A final judgment is "void" for purposes of Rule 60(b)(4) "only

24   in the rare instance where [it] is premised on either a certain type of jurisdictional error

25   or on a violation of due process that deprives a party of notice or the opportunity to be

26   heard." (*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *United*

27   _____

28   [1] If and when the state court's order denying Plaintiffs' writ petition becomes final, it should then act
     as res judicata against any further claims by Plaintiffs arising from the administrative decision or the
     City Council's Resolution.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  *States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ["A final judgment is 'void' for
2  purposes of Rule 60(b)(4) only if the Court that considered it ... acted in a manner
3  inconsistent with due process of law"].) "A judgment is not void ... simply because it
4  is or may have been erroneous." (*Espinosa, supra*, 559 U.S. at p. 270.)

5  Here, Plaintiffs have not and cannot allege that they were not provided sufficient
6  notice of the administrative hearing or the appeal before the City Counsel. Nor can
7  Plaintiffs allege that they were denied basic due process in the form of an opportunity
8  to be heard or the opportunity to present any and all evidence they desired. They
9  simply disagree with the outcome of the hearings. Plaintiffs' disagreement with the
10 outcome of administrative decision and appeal before the City Council is no basis for
11 vacating the decision as void under Rule 60(b)(4).

12 III.  **PLAINTIFFS' FEDERAL CLAIMS UNDER 42 U.S.C. SECTION 1983**
13 **FAIL TO SHOW A DUE PROCESS VIOLATION.**

14 As Defendants previously noted, a Section 1983 claim based on the denial of
15 due process must establish three things: (1) a constitutionally protected property
16 interest; (2) the deprivation of that interest; and (3) without due process. (*Portman v.*
17 *City of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).) Thus, "absent a foundational
18 showing that the government's action deprived [plaintiffs] of a land use to which [they]
19 are entitled" a Section 1983 claim does not lie. (*Breneric Assoc. v. City of Del Mar*
20 (1998) 69 Cal.App.4th 166, 180.)

21 In their opposition, Plaintiffs fail to establish a protected property interest that
22 would support their claim. A property owner does not have a constitutionally protected
23 right to a discretionary permit or variance. (See e.g., *Gardner v. Baltimore Mayor &*
24 *City Council*, 969 F.2d 63, 68 (4th Cir. 1992.) Here, Plaintiffs concede that the terrace
25 roof was not included in the approved plans. (FAC, ¶¶ 14-15, 19-20.) Plaintiffs'
26 opposition also fails to refute the fact that supporting portions of the unapproved patio
27 terrace roof remain unremedied. And although Plaintiffs appear to argue that the front
28 second story dormer (Detail 29) was in the approved plans (it was not), that is not what

1    the City concluded. Indeed, Plaintiffs can only cite various statements, out of context,
2    which remain at best ambiguous and do not establish a constitutionally protected
3    property right in the second story dormer or any other construction as issue. (See e.g.,
4    FAC ¶ 27, giving notice to Plaintiffs that second story dormer did not conform to the
5    approved plans; FAC ¶ 26, inspector's note "Roof is installed" does not establish
6    dormer was approved.)

7          Plaintiffs also appear to argue that they were denied due process when
8    Defendant Taylor allegedly ignored their request for a variance. (Opp. p. 9.) This is not
9    a due process violation. Plaintiffs had no legal right or entitlement to a "variance" for a
10   roof cover or anything else outside the scope of their permit and without any plans or
11   structural calculations for same. To the contrary, the Building Code requires that
12   "[w]ork shall be installed in accordance with the approved construction documents,
13   and any changes made during construction that are not in compliance with the
14   approved construction documents shall be submitted for approval as an amended set of
15   construction documents." (See RJN. Exh. 3, Cal. Code of Regs., Title 24, section
16   [A]107.4.) As such, Plaintiff were not entitled to the variance. (See e.g., *RRI Realty*
17   *Corp., Inc. v. Village of Southhampton*, 870 F.2d 911, 915-920 (2nd Cir. 1989)
18   [governmental agency is vested with significant discretion to grant or deny permit
19   application; rejection of application, even if allegedly arbitrary and capricious, cannot
20   form basis for section 1983 claim because plaintiff had no constitutionally protected
21   property right to permit].)

22         In sum, Plaintiffs have not shown a protected property interest in receiving a
23   discretionary permit or variance for a terrace roof or enlarged front dormer that were
24   not in the approved plans. The City clearly had the discretion to deny Plaintiffs'
25   requests. (See RJN, Ex. 3, 24 Cal. Code Regs., § [A]105.3.1.) Consequently, Plaintiffs'
26   due process claim fails as a matter of law.

27         Even assuming, however, that a constitutionally protected property interest had
28   been established, which it has not, Plaintiffs' opposition still fails to show a denial of

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    due process. Due process requires only notice and an opportunity for a hearing prior to

2    deprivation of a significant property interest. (*Sinaloa Lake Owners Assoc. v. City of*

3    *Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989).) Plaintiffs' opposition fails utterly to

4    show how Plaintiffs were denied notice or a fair hearing. Plaintiffs contend that certain

5    "crucial witnesses" were absent from the hearing denying them the right to confront

6    them (Opp. p. 13) but fail to explain what evidence Plaintiffs would have elicited from

7    their testimony that would have resulted in a different outcome. Nor do Plaintiffs

8    explain how the alleged absence of these witnesses prevented them from introducing

9    the allegedly missing evidence themselves. Moreover, there is also no allegation, nor

10   could there be, that Plaintiffs objected at the time of the hearing to this circumstance.

11   As such, Plaintiffs have waived any objection to the absence of these witnesses.

12        Finally, Plaintiffs appear to argue they were denied due process as a result of

13   Defendants' fraud. Specifically, Plaintiffs allege that Defendant Taylor "maliciously

14   falsified evidence." (Opp. pp. 9, 12.) The alleged examples of fraud, even if true,

15   which they are not, do not evidence due process violations of any significance. Nor do

16   they do anything to undermine the ultimate findings of the administrative panel and

17   City Council. Plaintiffs cite three examples of alleged "misrepresentations" in the

18   Permit History Inspection Report (BP2017-00691): specifically, (1) permit expiration

19   date of 02/11/2019; (2) the 08/15/2018 inspection schedule entry; and (3) the

20   08/13/2018 "Roof Deck" inspection entry. (Opp. p. 9.)

21        As to whether Plaintiffs' permit had expired, Plaintiffs simply disagree with the

22   City that grounds existed for its expiration. The City contends that work on Plaintiffs'

23   property ceased for a certain number of months which caused the permit to

24   automatically expire. Plaintiffs disagree that work had not ceased for the statutory

25   period. This is not evidence of fraud or a due process violation; it is evidence of a

26   simple disagreement over what the evidence shows.

27        Plaintiffs also appear to contend that fraud is shown by an Inspection Report

28   entry indicating no one was at home for an inspection on August 13, 2018, which

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1    Plaintiffs contend is not true, and that the second-story front dormer was in fact

2    approved on August 15, 2018. (Opp. p.11; see Exhibit D to Plaintiffs' Initial

3    Complaint.) Neither entry shows a due process violation. In fact, the entry for August

4    15, 2018, shows an "incomplete" inspection and that "reinspection" would be

5    necessary. It does not indicate approval of the enlarged dormer. Also significant,

6    Plaintiffs fail to show how these alleged errors affected the outcome of the hearing in

7    any way; the "evidence" does not controvert the City's conclusion which was based on

8    substantial evidence that construction at Plaintiffs' Property was not carried out in

9    compliance with the approved plans, the building permit, the building code, and

10   therefore constituted a nuisance. The FAC fails to state a due process claim under

11   section 1983.

12   **IV.   THE FAC FAILS TO ALLEGE ANY PLAUSIBLE FEDERAL CLAIMS**

13         **AGAINST THE INDIVIDUAL DEFENDANTS.**

14   In their motion, Defendants argue that the FAC fails to allege a plausible

15   procedural due process or equal protection claim against any of the individual

16   defendants. Plaintiffs' Opposition does nothing to rebut that argument. Instead,

17   Plaintiffs essentially ignore the authorities cited by Defendants, including but not

18   limited to applicable immunities, and just restate their complaints against the

19   individuals.

20   For example, Plaintiffs complain that Fazekas & Associates and City Building

21   and Safety Department officials were negligent in approving their rear patio deck

22   which Plaintiffs claim was unsafe (due to nearby electrical wires). (Opp. p. 8.) But as

23   previously noted by Defendants, the mere lack of due care by a state official does not

24   "deprive" an individual of life, liberty or property under the Fourteenth Amendment.

25   (*Daniels v. Williams*, 474 U.S. 327, 330-33 (1986).) Plaintiffs have no response to this.

26   Plaintiffs also complain that Defendant Taylor ignored their request for a

27   variance, concealed evidence, and maliciously falsified evidence she used to prosecute

28   Plaintiffs. (Opp. p. 9; FAC ¶ 47.) The alleged misrepresentations are addressed above

1   and do not constitute actionable due process claims under Section 1983. Moreover,
2   Plaintiffs again fail to state specifically what was excluded, or explain why they could
3   not have, or were prevented from, presenting the (unidentified) evidence at the hearing
4   themselves. Finally, Plaintiffs fail to explain how any of these alleged acts likely
5   altered the outcome of the hearings. In short, Plaintiffs still offer nothing more than
6   mere "sweeping conclusions" lacking factual support. The allegations do not state
7   plausible due process or equal protection claims against any of the individually named
8   defendants.

9     A.    **Plaintiffs' Opposition Fails to Refute the Fact that Majority of Claims**
10        **Against Defendant Taylor Are Barred by Prosecutorial Immunity.**

11   Prosecution officials, including agency officials initiating administrative
12   proceedings against an individual, are normally entitled absolute immunity from a
13   Section 1983 lawsuit. (*Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Butz v.*
14   *Economu*, 438 U.S. 478, 515 (1978).)

15   Plaintiffs do not even attempt to dispute that the allegations against Defendant
16   Taylor relating to the administrative hearing, including allegedly arbitrary decisions
17   and the concealment and falsification of evidence, are barred by prosecutorial
18   immunity. They merely repeat the allegations. (See Opp. 9; FAC, ¶¶ 11, 43, 45, 47.)
19   Accordingly, for the reasons stated in Defendants' motion, the claims against Taylor
20   arising from the initiation and conduct of the administrative hearing and appeal are
21   barred by prosecutorial immunity. (See *Fry v. Melaragno*, 939 F.2d 832, 837-838 (9th
22   Cir. 1991).)

23   The only other arguably non-prosecution based claim against Defendant Taylor
24   is that she "ignored" Plaintiffs' request for a variance. However, as noted above, the
25   denial of a permit or variance cannot form the basis of a section 1983 claim. (*RRI*
26   *Realty Corp., Inc. v. Village of Southhampton, supra*, 870 F.2d at pp. 915-920
27   [rejection of permit application, even if allegedly arbitrary and capricious, cannot form

28

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  basis for section 1983 claim because plaintiff had no constitutionally protected
2  property right to permit].)

3  **B.    Plaintiffs' Opposition Fails to Refute the Fact that the Individually**
4  **Named Defendants Have Qualified Immunity for the Alleged Due**
5  **Process and/or Equal Protection Claims.**

6        As set forth in Defendants' motion, when performing discretionary functions,
7  government officials are entitled to qualified immunity, unless in taking the challenged
8  action, they violate "clearly established statutory or constitutional rights of which a
9  reasonable person would have known." (*Pearson v. Callahan*, 555 U.S. 223, 231
10  (2009).) "Unless the plaintiff's allegations state a claim of violation of clearly
11  established law, a defendant is entitled to dismissal before the commencement of
12  discovery." (*Behrens v. Pelletier*, 516 U.S. 299, 306 (1996).)

13        When considering a claim of qualified immunity, the court engages in a two-part
14  inquiry: whether the facts shown "make out a violation of a constitutional right" and
15  "whether the right at issue was 'clearly established' at the time of defendant's alleged
16  misconduct." (*Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010) quoting
17  *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009).) A negative answer to either ends
18  the analysis, with qualified immunity protecting the defendants from liability."
19  (*Clement v. Gomez*, (298 F.3d 898, 903 (9th Cir. 2002).)

20        Here, Plaintiffs fail to plausibly allege any constitutional violation by any the
21  individually named defendants, let alone one that was "clearly established" at the time
22  of the alleged misconduct. "Clearly established" means that a reasonable official would
23  understand his actions are violating rights. (*Brewster v. Unified School District,* 149
24  F3d 971, 977 (9th Cir. 1998).)  Neither the FAC, nor Plaintiffs' opposition, identifies
25  any "clearly established" law that prohibited any of the alleged conduct by the
26  Individually Named Defendants. (See e.g. *First Southern Baptist Church of Cathedral*
27  *City, Inc. v. Cathedral City*, No. CV 08-4280 ODW (PLAx), 2008 WL 11410025, at *6
28  (C.D. Cal. Oct. 30 2008) (finding code enforcement officials entitled to qualified

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1  immunity where "[t] record contains no evidence to suggest that a reasonable official
2  … would have believed that he or she was acting unlawfully when citing [p]laintiff for
3  the particular [c]ode violations at issue").  Accordingly, each is entitled to qualified
4  immunity against Plaintiffs' due process and equal protection claims.

5  **C.   Plaintiffs' Equal Protection Claim Also Fails.**

6  As set forth in Defendants' motion, the FAC fails to plausibly allege an equal
7  protection claim against any of the defendants, while Plaintiffs' Opposition essentially
8  ignores the issue. No facts are alleged or argued that would show that Plaintiffs were
9  discriminated against by being treated differently from other similarly situated persons
10  based on their race or other protected class or for an irrational reason.

11  The alleged statements at issue either do not evidence discrimination or were not
12  made by any of the individually named defendants, e.g., alleged reference to
13  "Nigerians" by non-party Kelly McCarthy (FAC, ¶ 33.) Neither the City nor the
14  individual defendants can be liable for an equal protection violation based on an
15  alleged statement made by someone else. (*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).)
16  Finally, because Plaintiffs have not and cannot allege that any of the alleged statements
17  were a product of official City policy or long-standing custom or practice by the City,
18  there is no liability for the City. (See *Monell v. Dept. of Social Services*, 436 U.S. 658
19  (1978).)

20  Further, Plaintiffs have not sufficiently alleged that their property is "similarly
21  situated" to their neighbors or that there was no rational basis for any alleged
22  difference in treatment. (See *Dews v. Cty. of Kern,* 599 F. App'x 681, 682 (9th Cir.
23  2015)(finding that district court properly dismissed plaintiff's equal protection claim
24  because he "failed to allege facts sufficient to show that he was intentionally treated
25  differently from other similarly situated individuals for an irrational reason"); *Williams*
26  *v. Doe,* 343 F. App'x 196, 197 (9th Cir. 2009)(finding district court properly dismissed
27  vague and conclusory section 1983 equal protection allegations for failure to state a
28  claim).

## V.   PLAINTIFFS' STATE LAW CLAIMS ALSO FAIL.

### A.   Plaintiffs' Opposition Fails to Establish Compliance with the Claims Presentation Requirement of the California Tort Claims Act.

Plaintiffs' third and fourth causes of action fail as a matter of law due to their failure to allege compliance with the California Tort Claims Act ("Act") (Gov. Code, § 810 et seq.). As noted in Defendants' motion, these causes of action are subject to the Act's claims presentation requirement. (See *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1152.)

Plaintiffs appear to argue that the FAC, at ¶ 58, alleges compliance with the Act by way of a letter dated February 26, 2021, in which they allegedly complain of the "infliction of suffering" by the City. This is not compliance with Act. The letter, neither attached to the FAC nor quoted in Defendants' Opposition, was sent well-before the administrative hearing of May 6, 2021, and the appeal before the City Council of August 3, 2021; the outcomes of which Plaintiffs complain.

Plaintiffs' February 26, 2021 letter cannot satisfy the claims presentation requirement as a matter of law. A claim must fairly describe what the public entity is alleged to have done. It need not conform to pleading standards, but the causes of action pleaded in any complaint subsequently filed must substantially correspond with the circumstances that the claim describes. (*Shoemaker v. Myers* (1992) 2 Cal.App.4th 1407, 1426.) In light of the date of Plaintiff's alleged "claim," the claim could not possibly describe what Defendants allegedly did wrong or correspond to the causes of action ultimately filed. Plaintiffs' claims arise almost exclusively from the alleged deprivations of due process occurring in the later administrative hearing and appeal before the City Council.

Plaintiffs' letter dated February 26, 2021, does not satisfy the claims presentation requirement of the Act. Accordingly, Plaintiffs' state law claims should be dismissed without leave to amend.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**B.**    **Plaintiffs' Opposition Fails to Establish a Plausible Claim Under the California Unruh Civil Rights Act.**

As noted in Defendants' motion, the Unruh Civil Rights Act prohibits a "business establishment" from discriminating against any person based on "their "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status." (Civ. Code § 51(a).) The Unruh Act does <u>not</u> apply to cities which were not functioning as a business establishment when the allegedly wrongful acts occurred. (See e.g. *Raiser v. City of Murrieta*, No. EDCV 19-183-DSF (KK), 2021 WL 4202516, at *8 (C.D. Cal. June 7, 2021).) Plaintiffs' Opposition does not attempt to show that the City was functioning as a business establishment when the allegedly wrongful acts took place. For this reason, and the other reasons stated in Defendants' motion, Plaintiffs' third cause of action under the Unruh Act fails and should be dismissed with prejudice.

**C.**    **Plaintiffs' Opposition Fails to Show that the State Law Claims Are Not Barred by Governmental Immunities.**

Plaintiffs' Opposition similarly makes no effort to show that their state law claims against the individual defendants are not also barred by immunities under Government Code §§ 818.6, 821.4 [immunity for failure to make an inspection or inadequate or negligent inspection]; §818.4 [immunity for the issuance, denial, suspension, or revocation of, a permit or license]; §820.2 [immunity for discretionary acts or omissions]; §820.4 [immunity for acts or omissions exercising due care]; or § 821.6 [instituting or prosecuting any administrative proceeding within the scope of his or her employment, even if he or she acts maliciously or without probable cause.] For the reasons previously stated, these immunities also bar Plaintiffs' state law claims.

///

///

///

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1    **D.      Plaintiff's Opposition Fails to Establish a Plausible Claim for Breach**
2              **of Duty, Intentional Tort and Negligence.**

3          In their opposition, Plaintiffs still fail to identify what intentional torts
4    Defendants allegedly committed, what legal duties were allegedly owed to them and
5    how these duties were breached by each individual defendant. Consequently, the fourth
6    cause of action still does not give Defendants fair notice of what the claim is and the
7    ground upon which it rests (see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)),
8    and should be dismissed accordingly.

9    **VI.   CONCLUSION.**

10         For all the foregoing reasons, and those stated in Defendants' motion,
11   Defendants respectfully request that the Court dismiss Plaintiffs' First Amended
12   Complaint, with prejudice.

13                              Respectfully submitted,

14

15   DATE: March 9, 2023     **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**

16

17                    By:    _Charles L. Gallagher_
18                           John O. Pinkney, Esq.
19                           Brent S. Clemmer, Esq.
20                           Charles L. Gallagher, Esq.
                             Attorneys for Defendants

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
CCP §§ 1011, 1013, 1013a
STATE OF CALIFORNIA COUNTY OF RIVERSIDE

I, the undersigned, am employed in the County of Riverside, California, am over the age of 18 years and not a party to this lawsuit.  My business address is 1800 East Tahquitz Canyon Way, Palm Springs, California 92262.  On March 9, 2023, I served or caused to be served the foregoing documents described as**: DEFENDANTS CITY OF BEAUMONT, CHRISTINA TAYLOR, AND SCOTT R. FAZEKAS, REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** on all interested parties in this action via electronic mail to their electronic service addresses as indicated below

EZEKWESILI ILOPTAIFE          *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

NNEKA ILOPUTAIFE          *Plaintiff in pro per*
1421 Faircliffs Street
Beaumont, CA 922233
(951) 324-3634
ezetaife@outlook.com

**(FEDERAL)** I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on March 9, 2023, at Palm Springs, California.

Kathleen Gorham

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262